**HIDEN, ROTT & OERTLE, LLP**
A Limited Liability Partnership
Including Professional Corporations
MICHAEL IAN ROTT, ESQ.   (C.S.B. 169468)
ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
2635 Camino del Rio South, Suite 306
San Diego, California 92108
Telephone: (619) 296-5884
Facsimile:   (619) 296-5171

*Attorneys for LILIA PERKINS, on behalf of herself and all others similarly situated.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILIA PERKINS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>PHILIPS ORAL HEALTHCARE, INC., a Washington Corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive.<br><br>      Defendants. | CASE NO.: **'12CV1414 H     BGS**<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR:<br><br>1. **Violation of Magnuson Moss Warranty Act – Express Warranty (15 U.S.C. §§ 2301, et seq.)**<br><br>2. **Violation of Magnuson Moss Warranty Act – Implied Warranty (15 U.S.C. §§ 2301, et seq.)**<br><br>3. **Breach of Express Warranty (Cal. Com. Code §2313)**<br><br>4. **Unlawful Business Practice in Violation of Bus. & Prof. Code §17200, et seq.**<br><br>5. **False and Misleading Advertising in Violation of Bus. & Prof. Code §17500, et seq.**<br><br>6. **Violation of the Consumer Legal Remedies Act (Civ. Code §1750 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1

2   Lilia Perkins ("Plaintiff"), brings this Class Action against Philips Oral Healthcare, Inc. and

3   Philips Electronics North America Corporation (collectively "Defendants"), on behalf of herself

4   and all others similarly situated (the "Class"), and alleges as follows based upon information and

5   belief and the investigation of her counsel:

6   **NATURE OF THE ACTION**

7   1.      This is a Class Action on behalf of individuals similarly situated within the State of

8   California, pursuant to the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301; Breach of

9   Express Warranty; California's Unfair Competition Law, Business and Professions Code § 17200,

10  et seq. ("UCL"); California's False Advertising Law, Business and Professions Code § 17500, et

11  seq. ("FAL"); and the Consumers Legal Remedies Act, Civil Code § 1750, et seq. ("CLRA")  as

12  more fully defined herein, who purchased Philips Sonicare Airfloss. A copy of the packaging and

13  labels for the product are attached hereto as Exhibit 1.

14  2.      In essence, Defendants have falsely advertised their product both on their packaging, on the

15  internet, on the website and in print and digital formats that their product is Floss and/or a

16  replacement for Floss.  This can be seen even in the name of the product, which is the Philips

17  Sonicare AirFloss ("AirFloss").  Defendants have gone out of their way to establish that their

18  product makes the process of flossing ones teeth "easier".  Plaintiff, and any reasonable consumer,

19  is lead to believe that they can simply buy this product and use it in lieu of traditional string or tape

20  Floss.

21  3.      However, AirFloss in not the same as traditional floss.  Notably, the AirFloss product

22  cannot remove plaque that is in between the teeth the same way that traditional floss can.  AirFloss

23  is simply an Oral Irrigator, which is known to be an adjunct to flossing.  The AirFloss is inferior

24  and will not remove plaque, and the film that collects on teeth that attracts bacteria, from between

25  the teeth the same way that traditional Floss can.

26  4.      In addition, Defendants did not do enough clinical testing to support their assertions that

27  their product is as effective as traditional string and tape Floss.  Traditional string and tape Floss is

28  approved by the American Dental Association to effectively remove plaque from between teeth.

2

AirFloss simply cannot accomplish this in the same way that traditional Floss can. This fact is contrary to representations made by Defendant.

## FACTUAL ALLEGATIONS

5.    Since at least 2011, Defendants have packaged, marketed, distributed and sold AirFloss as either being "Floss", a replacement for Floss to or better than Floss. In addition, Defendants have failed to warn consumers that their product does not replace flossing, which is a recognized requirement for proper oral hygiene. The following representations appear on the packaging of the product (Exhibit 1) as well as on the internet, including Defendants' website, and in print advertisements

> A.  "An Easier Way to Floss";
>
> B.  "It's probably the easiest way to floss in just 60 seconds";
>
> C.  "Airfloss takes the hassle out of flossing so you can get a deep clean every day"; and
>
> D.  "**Air**Floss" (Presented on the package in a way that Air is bolder than the Floss)

6.    The following representations were also made on the internet and in print media:

> A.  "Sonicare Airfloss Replaces Traditional Flossing With Micro Bursts of Water and Air"; (*See* Exhibit 2).
>
> B.  Sonicare AirFloss is designed to make flossing easier, maximize plaque removal..."
>
> C.  "With Sonicare Airfloss, interdental cleaning has just been reinvented";
>
> D.  "They're calling it a game changer that will benefit virtually all their patients";
>
> E.  "Sonicare AirFloss has been through meticulous clinical validation…".; and
>
> F.  "The reputation of the Sonicare brand is built on its research-based approach to dental and oral care and AirFloss underwent the same rigorous clinical validation as all Sonicare products".

7.    Contained within Airfloss' Clinical Booklet, titled, The Science Behind Airfloss, an introduction page regarding Philips Sonicare Airfloss by Dr. Joerg Strate, Vice President, Philips Oral Healthcare Clinical & Scientific Affairs, which states, "**Sonicare AirFloss replaces traditional flossing** with micro busts of water and air". http://www.philips.ch/consumerfiles/pageitems/master/categorypages/Airflosser2011/assets/downl

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

oads/11-9514_AirFloss_Clinical_Booklet_IDS.pdf  (Emphasis Added) (Accessed 5/29/12).  *See* Exhibit 2.

8.    Ironically, Paul Jessen, marketing manager for Sonicare Dental Professional issued a statement in an interview by DrBicuspid.com, "The Sonicare AirFloss is **not** designed to replace string floss".

http://www.drbicuspid.com/index.aspx?sec=sup&sub=hyg&pag=dis&ItemID=308744.  (Emphasis Added) (Accessed 6/7/12)

9.    Peer review journals have recognized that Floss is still the best solution and that there is no clear evidence that AirFloss compares to dental floss.  The Journal of Clinical Dentistry describes AirFloss as  "a hand-held rechargeable device that utilizes air under pressure to deliver micro droplets of water and air to the interdental area.  The small reservoir holds two teaspoons of water."  Consumers are instructed by Defendant to fill the reservoir to capacity with lukewarm water, followed by "…placing the guiding tip between the teeth from the facial aspect and activating the device by pushing the activation button at the interdental space."  Sharma, Naresh, "Comparison of Two Power Interdental Cleaning Devices on Plaque Removal", Journal of Clinical Dentistry, vol. 23, No. 1, 2012, page 18.  However, according to that same article, "Dental floss is the most recommended interdental cleaning device…".  *Id.* at 19.  In addition, "To date, there are no full studies published in peer-reviewed journals on the efficacy of the AF [AirFloss] in reducing clinical parameters or how it performs in comparison to dental floss".  *Id.* at 20.

10.    The AirFloss does not have the American Dental Association ("ADA") Seal of Acceptance.  Dentists and consumers have long recognized the ADA Seal of Acceptance as an important symbol of a dental product's safety and effectiveness.  For more than 125 years, the ADA has sought to promote safety and effectiveness of dental products.  The ADA Seal of Acceptance program began in 1930.  In 1984, President Ronald Reagan gave the Association a certificate of commendation for the outstanding self-regulatory efforts of its Seal program.    Americans recognize the ADA Seal of Acceptance as the gold standard when it comes to evaluating the safety and efficacy of dental products.  American Dental Association, ADA Seal of Acceptance Program & Products (2012), http://www.ada.org/sealprogramproducts.aspx (Accessed 5/29/12)

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

11.    According to the ADA website, "Not every product qualifies for the Seal." "There are certain requirements that must be met".  One requirement in particular requires a company "Conduct clinical trials as need in strict compliance with ADA guidelines and procedures". American   Dental   Association,   ADA   Seal:   Frequently   Asked   Questions   (2012), http://www.ada.org/adasealfaq.aspx#seal (Accessed 5/29/12).

12.    The ADA has defined what Floss is:

> Floss is usually made from nylon filaments or plastic monofilaments.  It may be treated with flavoring agents, such as mint, to make flossing more pleasant.  Floss removes food trapped between the teeth and removes the film of bacteria that forms there before it has a chance to harden into plaque.  Toothbrush bristles alone cannot clean effectively between these tight spaces.  American Dental Association, *Seal Product* Glossary, with a link at: http://www.ada.org/5666.aspx. (Accessed 6/7/12)

13.    The AirFloss is not Floss at all, but rather an **oral irrigator**, which is not a substitute for flossing.  According to the American Dental Association, as published in The Journal of the American Dental Association, JADA, Vol. 133, Page 1587, Nov. 2002, Oral Irrigators are defined as, "These devices direct a stream of water to remove particles of food from around and between the teeth.  They may be helpful to people with braces or fixed partial dentures.  They are useful for cleaning hard-to-reach areas and may help reduce gingivitis.  However, **using an oral irrigator is not     a     substitute     for     brushing     and     flossing.**" http://www.ada.org/sections/scienceAndResearch/pdfs/patient_20.pdf.            (Emphasis added)(Accessed 5/29/12)

14.    Alan Carr, D.M.D., who is a consultant in the Division of Prosthodontics and a professor of dentistry at the Mayo Clinic College of Medicine opines that: "Standard dental floss is generally considered the most effective tool for cleaning the tight spaces between the teeth.  You can also use dental floss to scrape up and down the sides of each tooth".  "A water pick (oral irrigator) is a device that aims a stream of water at your teeth.  A water pick can help remove food particles from your teeth and might help reduce bleeding and gum disease – but it isn't generally considered a substitute from brushing and flossing." http://www.mayoclinic.com/health/dental-floss/AN01782 (Accessed 5/29/12).

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

15.   In addition, according to Johns Hopkins Medicine, "**Oral irrigators are *not* considered a substitute for toothbrushing and flossing**.  These devices may be effective around orthodontic braces that retain food or in areas a toothbrush cannot reach.  However, they do not remove plaque that contains harmful bacteria", Johns Hopkins Medicine Health Library, "Oral Health – Flossing". http://www.hopkinsmedicine.org/healthlibrary/conditions/adult/oral_health/flossing_85,P00879/. (Emphasis added) (Accessed 5/29/12).

16.   Perhaps the most damaging evidence that the AirFloss is not Floss and that defendant failed to advise consumers that they should still use traditional floss, is an admission by Defendant on their own website.  On the Frequently Asked Questions portion of Defendants' website, The following Question appears: "Is Sonicare AirFloss designed to replace flossing".  Defendants' response is: "While **Sonicare Airfloss has not been designed to directly replace floss** in all aspects (eg. Removal of large debris from in-between teeth) it is an excellent alternative for daily interproximal                    cleaning."                    http://www.p4c.philips.com/cgi-bin/dcbint/cpindex.pl?ctn=HX8111%2F02&dct=FAQ&faqview=1&new_tmpl=1&refdisplay=E10_AF_HOW%20FUNCTION_002&refnr=0087070&scy=US&slg=AEN,    (Emphasis    Added) (Accessed 6/7/12).  *See* Exhibit 3.

17.   By claiming their product replaces traditional floss, Defendant cultivated a belief that their product was floss and/or as effective as floss in an effort to promote the sale of this product, even though there was no clinical data supporting their wide-spread marketing campaign that AirFloss was a replacement and not an adjunct to traditional dental floss.

## JURISDICTION AND VENUE

18.   This Court has subject matter jurisdiction for federal question pursuant to *28 U.S.C. § 1331*. This Court also has supplemental jurisdiction over Plaintiff's state statutory claims pursuant to *28 U.S.C. § 1367*.

19.   This Court has personal jurisdiction over Defendants because each is a corporation or individual with sufficient minimum contacts in California or otherwise intentionally avails itself of the laws of this State through its marketing and sales of products at issue in California as to render

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

the exercise of jurisdiction by this Court consistent with traditional notions of fair play and substantial justice.

20.     Venue is proper in this Court pursuant to *28 U.S.C. § 1391* because defendant has enough contacts with this district and a substantial portion of the events and conduct, giving rise to the violations complained of herein occurred in this District.

## THE PARTIES

21.     Plaintiff Lilia Perkins is, and at all material times was, a resident of San Diego County, California.  During the time period relative to this action Plaintiff purchased a Philips Sonicare AirFloss at Costco, for her personal use.  Plaintiff was the recipient of Phillips's claim that the product was "an easier way to floss" and that it "takes the hassle out of flossing" and other representations and reasonably believed Defendant's representations.  Plaintiff would not have purchased the AirFloss, but for Defendant's misleading statements about their product being "an easier way to floss" and that the product was a replacement for Floss.  Plaintiff paid for a product that flossed her teeth, but did not receive a product that was as effective as floss.  Instead, Plaintiff received a product that is an oral irrigator and not floss.

22.     In bringing this action, as to the individual and Class claims, Plaintiff either directly or indirectly relied upon, *inter alia*, the representations, advertising and other promotional materials which were prepared and approved by this Defendants and their agents and disseminated on the face of the packages and Defendant's documentation, and/or through local and national advertising media, including Defendants' Internet websites, containing the alleged misrepresentations and/or omissions.

23.     Defendant Philips Oral Healthcare, Inc. is a Washington corporation with its headquarters in Bothell, Washington. Philips Oral Healthcare, Inc. manufactures, markets, distributes and sells the Philips Sonicare AirFloss.  Defendant actively markets, distributes and sells the AirFloss in this District..

24.     Defendant Philips Electronics North America Corporation (PENAC) is a Delaware corporation that is licensed to do business in California and has its headquarters domiciled in

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

Massachusetts.  PENAC is the parent corporation of Philips Oral Healthcare, Inc. and at all times ratified conduct by and through its subsidiary.

25.      At all times mentioned in this complaint, each Defendant was the agent servant and/or employee of each and every co- defendants, and in doing the things mentioned herein, were acting within the scope and course of their agency, employment, and/or authority as such agents and employees with the consent of their co- defendants; further each Defendant was a managing agent of each and every other Defendant and ratified, confirmed and consented to each and every act alleged herein; further each and every co- defendant had advance knowledge of the action of each and every Defendant and failed to take action to prevent those acts.  The corporate Defendants, and each of them, are, and at all times mentioned herein were, the alter egos of each and every other Defendant.

26.      All Defendants are engaged in the same or similar business and have the same or similar corporate officers, members, and/or managers.

27.      The true names and capacities of the Defendants sued in this Complaint as Does 1-20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by this fictitious name.  The Defendants designated herein as Does are legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of the Court to amend this complaint to reflect the true names and capacities of the Defendants designated herein as Does 1-20 when such identities become known.

28.      At all relevant times, Defendants and Does 1-20, inclusive, have failed to and continue to fail to make the general public aware that their products is not floss and is not as effective as floss.

## CLASS ACTION ALLEGATIONS

29.      Plaintiff brings this action of behalf of herself and all others similarly situated within the State of California or all other states as the Court may deem appropriate.  The proposed Class is both ascertainable and shares a well-defined community of interest in the questions of law and fact as further detailed below.  Plaintiff seeks to represent a Class composed of and defined as follows: "All persons in California who purchased a Philips Sonicare Airfloss".  Plaintiff reserves the right

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

30.    Plaintiff brings this Class pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3).

31.    Excluded from the Class are judges to whom this action is assigned and any members of their immediate families.

32.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.  Numerosity**

33.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time and the facts on which to calculate that number are presently within the control of other entities.

34.    California Class members are readily ascertainable.  Upon information and belief, Plaintiff alleges Defendants would have adequate records to ascertain how many people in California have been affected by their label claims.  Another means available for identifying Class members would be based on a proposed Class announcement and initial discovery from Defendants.

**B.  Commonality**

35.    Common questions of law or fact, which will generate common answers, exist as to all members of the Class.  These questions predominate over the questions affecting only individual Class members.  These common legal or factual questions, include:

   A.  Whether Defendants labeled its product as "AirFloss";

   B.  Whether Defendants advertised their product as being "An Easier Way to Floss";

   C.  Whether Defendants admit that their product does not actually replace flossing;

   D.  Whether Defendants' labeling is and was likely to deceive Class members or the general public;

   E.  Whether Defendants' representations are unfair or unlawful; and

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

F.   The appropriate measure of damages, restitutionary disgorgement and/or restitution.

**C.  Typicality**

36.   The claims of the named plaintiff are typical of the claims of the Class.  The Class plaintiff has no interests adverse to the interests of the other members of the Class alleged herein. Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged above.  These facts are typical among the proposed Class.  Further, these facts are essential in proving the claims alleged in this complaint against Defendant.

**D.  Adequacy of Representation**

37.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  The Class Representative can adequately represent the Class because her claim is both typical of the Class, and the issues are based on facts that are common between the Class representative and the proposed Class.   Moreover, the representative has suffered all of the potential injuries and damages that might arise out of the conduct complained of herein.  As such, the representative can adequately represent the Class because she will bring all potential legal actions and remedies that would be available to individual members of the Class.  Plaintiff has retained attorneys that are competent and experienced in litigating large class actions to represent her interests and that of the Class.  Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this Class Action, and Plaintiff and counsel are aware of the fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

**E.  Superiority of Class Action**

38.   In addition to what has been mentioned above, a Class Action is a superior method for resolving the claims herein alleged.  The remedy to resolve the common Class issues regarding the AirFloss would be to refund money paid for the product.  Individually, this is not a significant amount, and would be likely limited to a small claims action by individual Plaintiffs.  Such actions are inconceivable, as the costs associated with proving a prima-facie case would likely exceed the obtainable recovery.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

CLASS ACTION COMPLAINT

39.    Important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of court and public resources.  However, treating the claims as a Class Action will result in a significant savings of these costs.  Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40.    Also, there is a substantial likelihood of inconsistent verdicts, which would frustrate the resolution of these legal issues for Defendants, forcing them to comply with inconsistent legal standards.  Moreover, there is no assurance individual claims will prevent the continued deceptive practices alleged herein.  This would frustrate the purpose of California consumer protection laws and health and safety regulations.  Considering the actual size of the Class, estimated to be in the tens of thousands, and the importance of the issues presented to the State of California (enforcing consumer protections and the health and safety of citizens within the state), a Class Action is the desired method for resolving this matter.  Moreover, with such common questions of fact, the Court is in a superior position to fashion a remedy that would uniformly apply to each, or nearly all, Class members.

41.    Finally, failure to certify a Class would literally make it impossible for a great many of the Class members to seek relief, as the costs of litigation would far exceed the remedy available.  For those who do seek judicial relief, there is a strong likelihood that separate courts would lead to inconsistent verdicts; working a substantial prejudice on Defendants, especially, as in this case, where equitable relief is being sought. As such, a Class Action presents fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

42.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a Class Action.

///

///

///

///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**
**Violation of the Magnuson Moss Warranty Act ("MMWA")**
*15 U.S.C. §§ 2301, et seq.*
**(Violation of Written Warranty Under Federal Law)**
**(Against all Defendants)**

43.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.  Plaintiff brings this cause of action on behalf of herself and the Class solely for breach of federal law.   This cause of action is not based on any violation of state law.

44.     The MMWA, 15 U.S.C. §§ 2301, *et seq.*, creates a private federal cause of action for breach of "written warranty" as defined by the Act. 15 U.S.C. § 2301(6) and § 2310(d)(1).

45.     The AirFloss is a "consumer products" as defined in 15 U.S.C. § 2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes.

46.     Plaintiff and members of the Class are "consumers" as defined in 15 U.S.C. § 2301(3), since they are buyers of the AirFloss product for purposes other than resale.

47.     Defendants are entities engaged in the business of making the AirFloss available, either directly or indirectly, to consumers such as Plaintiff and the Class. As such, Defendants are "suppliers" as defined in 15 U.S.C. § 2301(4).

48.     Through their labeling, Defendants gave and offered a written warranty to consumers relating to the nature and quality of the AirFloss. As a result, Defendants are "warrantors" within the meaning of 15 U.S.C. § 2301(5).

49.     Defendants provided a "written warranty" within the meaning of 15 U.S.C. § 2301(6) for the AirFloss product by identifying the product as: "AirFloss", and then prominently affirming and promising in writing on the labeling of the AirFloss product that the AirFloss is "An Easier Way to Floss"; "It's probably the easiest way to floss in just 60 seconds"; "Airfloss takes the hassle out of flossing so you can get a deep clean every day"; as described in this Complaint. These affirmations of fact regarding the nature and qualities of the product as "Floss" constituted, and were intended to convey to purchasers, a written promise that: the AirFloss was free of a particular type of defect (i.e., that it is not a replacement for flossing). As such, these written promises and affirmations

were part of the basis of Plaintiff's and the Class' bargains with Defendants in purchasing the AirFloss.

50.     Defendants breached the written warranty to Plaintiff and the Class by failing to provide and supply a product that was either Floss or its equivalent.  As indicated on Defendants' own website, the product cannot do the same things as Floss, like get large debris from between the teeth.  *See* Exhibit 3.  In addition the product cannot scrape plaque and bacteria growing film from between the teeth the same way as dental floss can.  Since the AirFloss did not have the requisite qualities and character promised by Defendants written warranty, the AirFloss is therefore not defect free, and did not comply with Defendants' obligations under the written warranty to supply a Floss product to Plaintiff and the Class.

51.     Defendants were provided notice and a reasonable opportunity to cure the defects in the AirFloss and remedy the harm to Plaintiff and the Class, but failed to do so.  *See* Exhibit 4.

52.     Plaintiff and members of the Class were injured by Defendants' failure to comply with their obligations under the written warranty, since Plaintiff and members of the Class paid for a product that did not have the promised qualities and nature, did not receive floss product that was promised to them and that they bargained for, paid a premium for when they could have instead purchased other less expensive alternative products, and lost the opportunity to purchase and use other products that would function as floss which was promised and warranted by Defendants but which the AirFlosss failed to provide or was incapable of providing.

53.     Plaintiff and the Class therefore for this claim seek and are entitled to recover "damages and other legal and equitable relief" and "costs and expenses (including attorneys' fees based upon actual time expended)" as provided in 15 U.S.C. § 2310(d).

## SECOND CAUSE OF ACTION
### Violation of the Magnuson Moss Warranty Act ("MMWA")
### *15 U.S.C. §§ 2301, et seq.*
### (Violation of Implied Warranty of Merchantability Under California Law)
### (Against all Defendants)

54.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.  Plaintiff brings this cause of action on behalf of herself and the Class. This cause of

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

13

action is brought in the alternative to the First and Third Causes of Action, in the event the Court finds that the statements alleged in the express warranty causes of action are not an express written warranty within the meaning of the MMWA. This claim is based on the MMWA and state law.

55.     The MMWA creates a federal cause of action for breach of an implied warranty of merchantability. 15 U.S.C. § 2310(d)(1). Unlike a "written warranty," the term "implied warranty" under the MMWA is defined by reference to state law. 15 U.S.C. § 2301(7) ("The term "implied warranty" means an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product.") Thus, the MMWA creates a federal cause of action for breach of an implied warranty of merchantability arising under state law.

56.     The elements of the breach of implied warranty of merchantability claim under California law are met.

57.     Defendants made promises and affirmations of fact on the labels of the AirFloss that the product was "Floss"

58.     As the manufacturers and distributors of the AirFloss, Defendants are merchants with respect to the AirFloss, and are, therefore, sellers of the AirFloss.

59.     Plaintiff and the Class purchased the AirFloss, and in the sale of the AirFloss from Defendants to Plaintiff and the Class there arose an implied warranty that the products were merchantable.

60.     In order to be merchantable, goods must conform to the promises or affirmations of fact made on the container or label.

61.     Defendants breached that implied warranty of merchantability to Plaintiff and the Class in that the labels of the AirFloss promised that these products were not only Floss, but also an "easier way to Floss" and that it "takes the hassle out of flossing".  But, contrary to that affirmation of fact, the AirFloss is not Floss and does not perform the same hygienic function as traditional dental floss.

62.     As a result of Defendants' conduct, Plaintiff did not receive merchantable goods as impliedly warranted by Defendants.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

14

63.     As a proximate result of Defendants' breach of the implied warranty, Plaintiff and the members of the Class incurred damages. Plaintiff and members of the Class were damaged as a result of Defendants' failure to comply with their obligations under the implied warranty, since Plaintiff and members of the Class paid for a product that did have the promised qualities and nature, did not receive the flossing product that they bargained for, paid a premium for the AirFloss when they could have instead purchased other less expensive alternative flossing devices.

64.     Additionally, the remaining requirements of the MMWA are met.

65.     The AirFloss is a "consumer products" as defined in 15 U.S.C. § 2301(1), as they constitute tangible personal property which is distributed in commerce and which is normally used for personal, family or household purposes.

66.     Plaintiff and the members of the Class are "consumers" as defined in 15 U.S.C. § 2301(3), since they are buyers of the AirFloss for purposes other than resale.

67.     Defendants are entities engaged in the business of making the AirFloss available, either directly or indirectly, to consumers such as Plaintiff and the Class. As such, Defendants are "suppliers" as defined in 15 U.S.C. § 2301(4).

68.     Defendants knew of, and caused, the AirFloss to state on the product labels that the AirFloss is a product that is synonymous with traditional floss. These statements created an implied warranty of merchantability under state law in connection with the sales of the AirFloss to Plaintiff and the Class. As such, Defendants were obligated under an implied warranty of merchantability, and, accordingly, Defendants are "warrantors" as that term is defined at 15 U.S.C. § 2301(5).

69.     Defendants were provided notice and a reasonable opportunity to cure the defects in the AirFloss and remedy the harm to Plaintiff and the Class, but failed to do so. *See* Exhibit 4.

70.     Plaintiff and the Class therefore seek and are entitled to recover "damages and other legal and equitable relief" and "costs and expenses (including attorneys' fees based upon actual time expended)" as provided in 15 U.S.C. § 2310(d) and as available under state law.

///

///

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

15

### THIRD CAUSE OF ACTION
### Breach of Express Warranty
### *Cal. Com. Code § 2313*
### (Against all Defendants)

71.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein. Plaintiff brings this cause of action on behalf of herself and the Class.  This claim is brought in the alternative to the First Cause of Action under state law.

72.     Defendants made express warranties to Plaintiff and members of the Class that the products they were purchasing was: 1) "An Easier Way to Floss"; 2) "It's probably the easiest way to floss in just 60 seconds"; 3) "Airfloss takes the hassle out of flossing so you can get a deep clean every day".

73.     These express warranties made to Plaintiff and Class appears on every package of the AirFloss products  and was also reinforced by appearing in numerous other forms of advertising commissioned by Defendants.  These promises regarding the nature of the products marketed by Defendants, specifically relate to the goods being purchased and became the basis of the bargain.

74.     Plaintiff and the Class purchased the AirFloss in the belief that they conformed to the express warranties that were made on the AirFloss' packaging.

75.     Defendants breached the express warranties made to Plaintiff and members of the Class by failing to supply goods that conformed to the warranties they made. As a result, Plaintiff and the members of the Class suffered injury and deserve to be compensated for the damages they suffered.

76.     Plaintiff and the members of the Class paid money for the AirFloss. However, Plaintiff and the members of the Class did not obtain the full value of the advertised products. If Plaintiff and other members of the Class had known of the true nature of the product, they would not have purchased the AirFloss product, and/or would not have been willing to pay the premium price associated with a product that flossed ones teeth more easily.  Accordingly, Plaintiff and members of the Class have suffered injury in fact and lost money or property as a result of Defendants' wrongful conduct.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

CLASS ACTION COMPLAINT

77.     Plaintiff and the Class are therefore entitled to recover damages, punitive damages, equitable relief such as restitution and disgorgement of profits, and declaratory and injunctive relief.

### FOURTH CAUSE OF ACTION
**Unlawful, unfair and Fraudulent Business Acts and Practices in
Violation of California's Unfair Competition Law
*Bus. & Prof. Code §17200*, et. seq.
(Against all Defendants)**

78.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

79.     Plaintiff asserts this cause of action on behalf of herself individually, and on behalf of the Class.

80.     Plaintiff is a person as defined by California's Unfair Competition Act.

81.     Defendants designed, marketed and/or sell, and continue to market and sell the AirFloss in California, including through the internet and through a distribution network that includes major retail outlets such as, Costco and Walmart.  Each of the defendants have purposefully availed themselves of the California market with respect to AirFloss by putting the AirFloss into the stream of national commerce.

82.     Plaintiff became aware of the AirFloss though defendants' label claims and promotional activities undertaken and directed to California consumers.  On the basis of these factors, plaintiff purchased the AirFloss for money at a San Diego Costco store.

83.     Defendants have engaged in "unlawful" conduct because their conduct violates the following strict-liability California statutes:

    A.  California Health and Safety Code Section 110390:  It is unlawful for any person to disseminate any false advertisement of any food, drug, device or cosmetic.   An advertisement is false if it is false or misleading in any particular.

    B.  California Health and Safety Code Section 110395:  "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food, drug, device, or cosmetic that is falsely advertised".

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

84.    The AirFloss' labels and advertisements are false and misleading in that their content claims of being a floss, are misstated or misleading because the product is an oral irrigator, not floss, and because the Mayo Clinic and the ADA all say that Oral Irrigators are not as effective as Floss. Defendants have affirmatively represented that their product is the same or better than floss on both their label and in the advertisements.  The following representations appear on the packaging (Exhibit 1) of the product as well as on the internet and in print advertisements

    A.  "An Easier Way to Floss";

    B.  "It's probably the easiest way to floss in just 60 seconds";

    C.  "Airfloss takes the hassle out of flossing so you can get a deep clean every day";

    D.  "**Air**Floss" (Presented on the package in a way that Air is bolder than the Floss)

85.    The following representations were also made on the internet and in print media:

    A.  "Sonicare Airfloss Replaces Traditional Flossing With Micro Bursts of Water and Air"; (Exhibit 2)

    B.  Sonicare AirFloss is designed to make flossing easier, maximize plaque removal..."

    C.  "With Sonicare Airfloss, interdental cleaning has just been reinvented";

    D.  "They're calling it a game changer that will benefit virtually all their patients"; and

    E.  "Sonicare AirFloss has been through meticulous clinical validation…".

    F.  "The reputation of the Sonicare brand is built on its research-based approach to dental and oral care and AirFloss underwent the same rigorous clinical validation as all Sonicare products"

86.    In addition, Defendants have failed to include a disclaimer that their product does not provide the same level of hygiene as flossing and have failed to advise consumers that they still need to floss their teeth.  The nature of their misrepresentation can be found on Defendants' own website where they admit that their product is **not a replacement for floss**.  *See* Exhibit 3.  Since, defendants have violated the above statutes, their conduct violates California's labeling laws and, hence the California's Unfair Competition Law.

87.    Defendant's conduct is further "unfair", "deceptive" and "untrue or misleading" because Defendant advertises their products as floss even though the product is not as shown through

18

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

definitions provided by the ADA, other clinical reports, and admissions by the Defendant on their website.

88.     Further, Defendant is able to command a higher price for their product as a result of their representation on their packaging and advertisements.  Defendant's conduct of advertising on their packaging on the internet, their website, and print media that their product is "Floss", that it "replaces traditional flossing" (Exhibit 2) and representing that it a quick and effective way to floss,  is an "unfair" business practice because the representations are demonstrably and admittedly (Exhibit 3) false.

89.     Defendant's conduct was <u>"fraudulent"</u> within the meaning of B&P 17200, since members of the public were likely to be deceived by the advertising.  Indeed plaintiff is a person likely to be deceived because she is not a dentist and has no special knowledge of dentistry.  Plaintiff was mislead by defendant's representations that the product was "floss", that it "replaces traditional floss" and the product proves an "easier way to floss" because the product was labeled and advertised as such.  Defendants knew that their representations were false when they put these misrepresentations on their packaging, on the internet and in print media, but did it any way.  Their knowledge of the falsity of their statements is evidenced in a buried section of their Frequently Asked Questions on their website.  *See* Exhibit.3.

90.     The acts, practices, and misrepresentations described above, and defendants' dissemination of deceptive and misleading advertising and marketing materials in connection therewith in California, constitute unlawful, unfair and fraudulent business acts and practices and untrue and misleading advertising within the meaning of *California Business & Professions Code § 17200, et. seq.*

91.     Under California Business & Professions Code Section 17203, Class plaintiff, on behalf of herself, the class of persons she represents, and the general public, seek an order of this Court permanently enjoining defendants from continuing to sell the bars without explicitly disclosing the true contents on the labels and otherwise complying with California's labeling laws.  On the same basis, Class plaintiff seeks restitution of any monies wrongfully acquired or retained by defendants and disgorgement of their ill-gotten gains obtained by means of their unfair practices.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**Unlawful, unfair and Fraudulent Business Acts and Practices in**
**Violation of California's Unfair Competition Law**
***Bus. & Prof. Code §17500*, et. seq.**
**(Against all Defendants)**

92.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

93.    Plaintiff asserts this cause of action on behalf of herself individually, and on behalf of the Class.

94.    *California Business & Professions Code* § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, customers to purchase products, including the product at issue.

95.    Defendants knew that their representations were false when they put these misrepresentations on the AirFloss packaging, on the internet, including defendants' website and in print media, but did it any way.  Their knowledge of the falsity of their statements is evidenced in a buried section of their Frequently Asked Questions on their website.  *See* Exhibit 3.  Further, Defendant failed to inform Plaintiff and the Class that their product was not a substitute for flossing.  Such a disclaimer was required to properly inform the consumers of the true efficacy of their product for proper oral hygiene.   However, including such a disclaimer would have undermined Defendants' AirFloss, which was intentionally marketed as a replacement for traditional dental floss.  In order to increase sales, defendants have fraudulently induced customers to by their product.

96.    The defendants' acts, practices, misrepresentations and omissions alleged herein were intended to, and did, induce the consuming public, including plaintiff, to purchase the products in California, and violated and continue to violate *Business & Professions Code* § 17500.

97.    As a result of the foregoing, plaintiff and the other members of the Class to which this cause of action applies and the general public are entitled to injunctive and equitable relief, restitution, and an order requiring disgorgement of defendants' ill-gotten gains, as described above.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

**SIXTH CAUSE OF ACTION**
**Violation Of The Consumers Legal Remedies Act**
*Cal. Civ. Code §§ 1750, et Seq.*
**(Against All Defendants)**

98.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

99.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendants' actions as set forth herein.  Specifically, Plaintiff purchased the AirFloss in reliance on Defendants' packaging and marketing claims with respect to character and quality of the AirFloss.  Plaintiff purchased the AirFloss in reliance on the preceding claims and representations regarding the Product but they were not of the quality and standard advertised by Defendants.  The AirFloss does not replace floss, is not floss and therefore, not "easier way to floss"

100.    Defendants have engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, et seq. (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the character and quality of the AirFloss as defined above.  These business practices are misleading and/or likely to mislead consumers and should be enjoined.

101.    Defendants have engaged in deceptive acts or practices intended to result in the sale of the AirFloss in violation of Civil Code § 1770.  Defendant knew and/or should have known that their representations of fact concerning the character and quality of the AirFloss were material and likely to mislead the public.  Defendant affirmatively misrepresented that the AirFloss were of a certain standard and quality with certain benefits which they did not have.

102.    Defendants' conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions:  (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As a direct and

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

21

proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

103. There is no other adequate remedy at law, and Plaintiff and Class members will suffer irreparable harm unless Defendant's conduct is enjoined.

104. Plaintiff mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a) on April 16, 2012. Then, on May 4, 2012 Plaintiff's counsel mailed a copy of the CLRA letter to the place of purchase in California, which was Costco. The letter was mailed with instructions for Costco to deliver the letter to Defendants. A copy of these letters is attached hereto as Exhibit 4. The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit 5.

105. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Consumer Legal Remedies Act since Defendants are still representing that their AirFloss Products have characteristics, uses, benefits, and qualities which are false and misleading, and have injured Plaintiff and the Class.

106. Plaintiff and the Class seek:

    A. an order of this court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint, pursuant to California Civil Code Section 1780(a)(2);

    B. actual damages pursuant to Civil Code Section 1780(a)(1);

    C. punitive damages pursuant to California Civil Code Section 1780(a)(4) due to the fraudulent, malicious, and willful nature of Defendant's conduct;

    D. statutory damages of no less than $1,000 per Class member pursuant to California Civil Code Section 1780(a)(1);

    E. restitution pursuant to Civil Code Section 1780(a)(3); and

    F. any other equitable or legal relief that the Court deems proper pursuant to California Civil Code Section 1780(a)(5).

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884 FAX (619) 296-5171

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RELIEF REQUESTED**

WHEREFORE, Class Plaintiff, respectfully requests that this Court enter judgment as follows:

1.     An order certifying this case as a Class Action and appointing Plaintiff and her counsel to represent the Class;

2.     An award of damages and punitive damages to plaintiff and the other Class members;

3.     Statutory Damages of no less than $1,000 per Class member;

4.     An award of restitution for all money paid by Class members as a result of defendants' unfair business practices and untrue and misleading advertising;

5.     An order enjoining defendants from continuing to market the bars in California;

6.     Awarding pre- and post-judgment interest;

7.     Awarding reasonable attorney fees, expenses, and costs; and,

8.     Providing such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff and the Class demand a trial by jury.

Dated: June 11, 2012                    **HIDEN, ROTT & OERTLE, LLP**

By:     S/MICHAEL IAN ROTT
        Michael Ian Rott, Esq.
        Eric M. Overholt, Esq.
        *Attorneys for Plaintiff, on behalf of herself*
        *and all others similarly situated.*

23