# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PERKINS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIPS ORAL HEALTH CARE, INC., a Washington corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 12-CV-1414 H (BGS)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO DISMISS BREACH OF WARRANTY CLAIMS WITHOUT PREJUDICE**<br><br>**2) DENYING MOTION TO DISMISS UCL CLAIMS**<br><br>**3) DENYING MOTION TO DISMISS FAL CLAIMS**<br><br>**4) GRANTING IN PART/DENYING IN PART MOTION TO DISMISS CLRA CLAIMS** |

On October 31, 2012, Defendants Philips Oral Health Care, Inc. and Philips Electronics North America Corporation ("Philips") filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) On November 19, 2012, Plaintiff filed her opposition. (Doc. No. 9.) On November 26, 2012, Philips filed its reply. (Doc. No. 10.) Pursuant to Civil Local Rule 7.1(d)(1), the Court vacated the hearing previously scheduled for December 3, 2012 and submitted the motion. (Doc. No. 11.)

**Background**

Plaintiff, on behalf of herself and a purported class of California consumers, alleges that Philips made false and misleading representations in the marketing of its Sonicare AirFloss ("AirFloss") product. (Doc. No. 4, "First Amended Compl.," ¶1.) In her first amended complaint, Plaintiff asserts causes of action for breach of express warranty (Cal. Comm. Code § 2313), violations of California's unfair competition law (UCL) (Bus. & Prof. Code § 17200), violations of California's false advertising law (FAL) (Bus. & Prof. Code § 17500), and violations of the Consumer Legal Remedies Act (CLRA) (Cal. Civ. Code § 1750). Id.

**Discussion**

**I.    Motion to Dismiss Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  If a complaint fails to state a claim, the court should grant leave to amend unless it appears beyond a doubt the plaintiff would not be entitled to relief under any set of facts proved. Halet v. Wend Inv. Co., 672 F.2d 1305, 1309 (9th Cir. 1982).

**II.    Analysis**

**A.    Rule 9(b)**

Plaintiff alleges that Defendants violated the UCL, FAL, and the CLRA by falsely advertising the AirFloss as an adequate substitute for traditional string floss. (See generally First Amended Compl.) Because those allegations sound in fraud, Plaintiff must satisfy the heightened pleading requirements of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule (9) to false advertising claims brought under the UCL and CLRA); Elias v. Hewlett-Packard Co., No. 12-0421, 2012 U.S. Dist. LEXIS 146811, at *22-23 (N.D. Cal. Oct. 11, 2012) (applying Rule 9(b) to false advertising claims brought under UCL, FAL, and CLRA).

Rule 9(b) requires a plaintiff "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened pleading requirement is designed "to give defendants notice of the particular misconduct which is alleged to constitute fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In addition, a plaintiff must allege why she believes the fraudulent statements to be false. Id.

Reviewing the complaint in its entirety, the Court concludes that Plaintiff has pleaded her fraud-based claims with sufficient particularity to withstand a motion to dismiss. In her complaint, Plaintiff identifies specific representations that appear on the AirFloss packaging, on the internet, and in print media. (First Amended Compl. ¶¶57-58.) Plaintiff alleges that these representations are false and misleading because they "cultivated a belief that [the AirFloss] was floss and/or as effective as floss in an effort to promote the sale of th[e] product." (Id. ¶17.) Plaintiff alleges that she purchased the AirFloss at a Costco store in San Diego after becoming aware of these representations. (Id. ¶55.) Additionally, Plaintiff alleges that Defendants knew their representations were false because Defendants acknowledged on their website that the AirFloss was not designed to directly replace floss. (Id. ¶16.) Further, Plaintiff alleges that the AirFloss is an oral irrigator; and Plaintiff points to opinions of the ADA, the Mayo Clinic of Dentistry, and Johns Hopkins Medicine, that oral irrigators are not a substitute for brushing and flossing. (Id. ¶¶12-15.) These allegations are sufficiently particularized to put Defendants on notice of the conduct alleged to constitute fraud. Vess, 317 F.3d at 1106. As such, the Court concludes that Plaintiff has pleaded her fraud-based claims in accordance with Rule 9(b).

**B.     Breach of Express Warranty**

Under California law, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Cal. Comm. Code § 2313(1)(a).

1 Additionally, "[a]ny description of the goods which is made part of the basis of the bargain creates
2 an express warranty that the goods shall conform to the description." Id. § 2313(1)(b). Thus, to
3 prevail on a breach of express warranty claim, the plaintiff must establish the following elements: (1)
4 an affirmation of fact or promise or a description of the goods; (2) that were part of the basis of the
5 bargain; and (3) breach of the warranty. Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227
6 (2010) (internal quotations and citations omitted). An express warranty can exist even if the seller
7 does not "use formal words such as 'warrant' or 'guarantee' or . . . have a specific intention to make
8 a warranty." Cal. Comm. Code § 2313(2). However, a plaintiff must allege the exact terms of the
9 warranty. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986).

10 Plaintiff alleges that Defendants created express warranties through the following statements
11 on the AirFloss packaging: (1) "an easier way to floss"; (2) "It's probably the easiest way to floss in
12 just 60 seconds"; and (3) "AirFloss takes the hassle out of flossing so you can get a deep clean every
13 day." (First Amended Compl. ¶44.) Plaintiff alleges that, by referring several times to "floss" on the
14 package, Defendants warranted that the AirFloss "is synonymous with traditional floss." (First
15 Amended Compl. ¶47.)

16 After reviewing Plaintiff's breach of express warranty allegations, the Court concludes that
17 Plaintiff fails to allege the exact terms of the warranty that Defendants breached. Williams, 185 Cal.
18 App. 3d at 142. Based on Plaintiff's allegations, Defendants did not affirmatively represent that the
19 AirFloss is "synonymous with traditional floss." See Lam v. Gen. Mills, Inc., 859 F. Supp. 2d 1097,
20 1106 (N.D. Cal. 2012) (dismissing a breach of express warranty claim because Plaintiff failed to show
21 affirmative statements by the seller containing the language of the alleged warranty). Additionally,
22 Plaintiff fails to plead factual content beyond a conclusory allegation that Defendants breached their
23 express warranties by failing to supply conforming goods. (First Amended Compl. ¶47.) As such,
24 Plaintiff has not sufficiently alleged a breach of express warranty claim. Although Plaintiff has
25 already filed an amended complaint, this is Defendants' first motion to dismiss. Thus, the Court can
26 not say that Plaintiff is unable to cure the deficiencies in her complaint. Accordingly, the Court grants
27
28

Defendants' motion to dismiss Plaintiff's breach of express warranty claim without prejudice.[1]

**C. UCL**

The UCL prohibits unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code § 17200. Each of the three "prongs" of the UCL provides a "separate and distinct theory of liability" and an independent basis for relief. Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (internal quotations and citations omitted). The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002). "Its coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (internal quotations omitted).

Plaintiff asserts UCL claims under all three prongs. Defendants argue that all of Plaintiff's UCL claims must be dismissed because the alleged misrepresentations identified by Plaintiff constitute non-actionable puffery. (MTD at p. 12.) In support, Defendants submit complete photos of the entire AirFloss package.[2] (Doc. No. 6-3 ("AirFloss Package").) Defendants argue that no reasonable consumer would think that the AirFloss is a substitute for traditional floss, either from reading the statements in isolation or in the context of the entire package. Defendants also argue that all of Plaintiff's UCL claims fail because she has not sufficiently alleged reliance. (MTD at p. 14.) Finally, Defendants argue that Plaintiff fails to plead a UCL claim under the unfair prong because she has not identified an established public policy that Defendants violated . (Id. at p. 18.) For the reasons set forth below, the Court rejects all of Defendants arguments.

---

[1] Plaintiff also alleges that statements on the packaging created an implied warranty of merchantability (IWM). (First Amended Compl. ¶47.) However, Plaintiff does not separately enumerate or otherwise plead a cause of action for IWM. Moreover, Plaintiff does not oppose Defendants' motion to dismiss her IWM claim. (See generally Doc. No. 9.) Therefore, the Court dismisses Plaintiff's IWM claim.

[2] Although the general rule is that a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion, there is an exception for material "which is properly submitted as part of the complaint." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (1989). Plaintiff attached photos of the AirFloss package to its initial complaint. (Doc. No. 1.) As such, the Court can properly consider Defendants' exhibit showing clearer photos of the same AirFloss package in ruling on Defendants' motion to dismiss.

**1.     Puffery**

To state a claim that a defendant's advertising violates the UCL, a plaintiff must allege factual content showing that a defendant's representations are likely to deceive a reasonable consumer. Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003). "Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." Annunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (citing Glen Holly Entertainment, Inc. v. Tektronix Inc., 343 F.3d 1000, 1015 (9th Cir. 2003)). However, because California courts "have recognized that whether a business practice is deceptive will usually be a question of fact," it is a "rare situation in which granting a motion to dismiss is appropriate." Williams v. Gerber Prods. Co., 552 F.3d 934, 938-39 (9th Cir. 2008) (citing Linear Technology Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134-35 (2007)).

In support of her UCL claims, Plaintiff points to the name of the product, AirFloss, and the following representations on the package: 1) "an easier way to floss"; (2) "It's probably the easiest way to floss in just 60 seconds"; and (3) "AirFloss takes the hassle out of flossing so you can get a deep clean every day." (First Amended Compl. ¶57.) Plaintiff also identifies representations that appeared online and in print media including: "Sonicare Airfloss replaces traditional flossing with micro bursts of water and air" and "Sonicare AirFloss is designed to make flossing easier, maximize plaque removal . . . ." Plaintiff alleges that Defendants did not design the AirFloss to replace floss, but, through these representations, nonetheless "cultivated a belief that [it] was floss and/or as effective as floss." (Id. ¶¶16-17.)

After due consideration of Defendants' arguments, the Court concludes that Plaintiff has sufficiently shown, at this stage, that a reasonable consumer could conclude that the AirFloss was a replacement for traditional string floss and that such a conclusion would be erroneous. The Ninth Circuit has held that similar allegations were sufficient to state a UCL claim. Williams, 552 F.3d at 939. In Williams, the plaintiff class alleged that the defendant falsely advertised its Fruit Juice Snacks as healthy snacks for their children. 552 F.3d at 936. Plaintiffs pointed to the product's name, the images of fruits on the packaging, and statements on the package, such as the snacks were made with "fruit juice and other all natural ingredients." Id. The Ninth Circuit concluded that plaintiff had stated

1  a UCL claim because the representations identified by plaintiff, taken together, "could easily be
2  interpreted by consumers as a claim that all the ingredients in the product were natural." Williams,
3  552 F.3d at 939.  Like Williams, Defendants market the AirFloss by drawing comparisons to
4  something that it is arguably not. (First Amended Compl. ¶¶57-58.)  Given the similarities between
5  this case and Williams, the Court is unpersuaded that this case is one of the rare situations in which
6  dismissal is appropriate.  Williams, 552 F.3d at 939.

7        The Court reaches the same conclusion even viewing the statements in the context of the entire
8  AirFloss package.  The allegedly misleading statements all appear on the back of the package.
9  (AirFloss Package at p. 2.)  The phrase "An easier way to floss" appears in the upper left-hand corner
10 above the phrase  "Gently and effectively improves oral health."  (Id.)  The other two phrases appear
11 in a paragraph that begins with "[i]f flossing isn't a regular part of your oral care routine, you're not
12 reaching the bacteria that can build up between teeth, causing plaque, bad breath and infection." Id.
13 Thus, the allegedly misleading statements appear in context with other statements comparing the
14 AirFloss to floss and identifying particular oral health problems that can occur without flossing.
15 Moreover, these statements strongly suggest that consumers should floss more often; and a reasonable
16 consumer could believe that they can remedy that problem by purchasing the AirFloss.  It is true that
17 Defendants directly compare the plaque removal qualities of the AirFloss to a manual toothbrush
18 alone, not traditional floss, on the same side of the package.  Id.  ("removes up to 99% more plaque
19 than a manual toothbrush alone").  However, a reasonable consumer could believe, given the claims
20 on the rest of the package, that traditional string floss is also capable of removing similar amounts of
21 plaque. Defendants' arguments would carry more weight if the package disclaimed that the AirFloss
22 is not as effective at removing plaque as traditional floss, or that it is not designed to replace
23 traditional string floss.  Accordingly, the Court concludes that Plaintiff has shown, at this stage, that
24 reasonable consumers could be misled by Defendants' marketing, either by viewing the alleged
25 statements in isolation or in context of the entire package.  As such, Defendants' statements are not
26 puffery and are sufficient to support a cause of action under the UCL.
27 ///
28 ///

- 7 -

**2. Reliance**

"[A] plaintiff 'proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.'" Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326-27 (2011) (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 306 (2009)).[3] "Reliance is proved by showing that the defendant's misrepresentation or nondisclosure was an immediate cause of plaintiff's injury-producing conduct." In re Tobacco II Cases, 46 Cal. 4th at 326 (internal quotation marks omitted). A plaintiff must show that without defendant's misrepresentations he "in all reasonable probability would not have engaged in the injury producing conduct." Id. (internal quotation marks omitted).

The Court concludes that Plaintiff has sufficiently pleaded reliance. Plaintiff specifically identifies Defendants' misrepresentations that appeared on the package, on the internet, and in print media. (First Amended Compl. ¶57.) Plaintiff alleges that she purchased the AirFloss after becoming "aware of the AirFloss though [sic] defendants' label claims and promotional activities." (Id. ¶55.) Plaintiff also alleges that had she "known of the true nature of the product, [she] would not have purchased the AirFloss product, and/or would not have been willing to pay the premium price associated with a product that flossed ones teeth more easily." (Id. ¶48.) These allegations are sufficient to plead reliance under the Kwikset and In re Tobacco II Cases decisions. See Delacruz v. Cytosport, Inc., No. 11-3532, 2012 U.S. Dist. LEXIS 51094, *22 (N.D. Cal. Apr. 11, 2012) (concluding that even vague allegations of reliance were sufficient because Plaintiff alleged specific claims on the package that were misleading and "had to have had the labels in hand to consume the products"). Accordingly, Plaintiff's allegations are sufficient to maintain her UCL claims under the unlawful and fraudulent prongs.

///

///

---

[3] Plaintiff argues that an allegation of actual reliance is not required to maintain a UCL action. (Doc. No. 9 at p. 11.) However, Plaintiff cites to five California decisions are no longer good law on the actual reliance issue for the reasons stated by the California Supreme Court in In re Tobacco and Kwikset.

**3.     Unfair Prong**

In <u>Mckell v. Washington Mutual, Inc.</u>, 142 Cal. App. 4th 1457, 1473 (2006), the California Court of Appeal held that a "business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits." <u>Id.</u> at 257 (internal quotations omitted). To make that determination, a court is to weigh the business practice's impact on the consumer balanced against the reasons, justifications, and motives of the seller. <u>Id.</u> In <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, the California Supreme Court rejected that balancing test in suits between competitors, but the court specifically stated that its holding did not apply to consumer actions. 20 Cal. 4th 163, 187 n.12 (1999). It is still unsettled among California courts whether this balancing test should be applied in the consumer context after <u>Cel-Tech</u>. <u>Davis v. HSBC Bank</u>, 691 F.3d 1152, 1170 (9th Cir. 2012) (noting that the proper definition of "unfair" in consumer actions "is currently in flux" among California courts). Given the uncertainty, the Ninth Circuit has held that the balancing test remains applicable in consumer actions. See <u>Lozano v. AT&T Wireless Services, Inc.</u>, 504 F.3d 718, 737 (9th Cir. 2007).

The Court concludes that Plaintiff's allegations, coupled with the factual content alleged in the first amended complaint, are sufficient to maintain a cause of action under the unfair prong. Plaintiff alleges that Defendants' marketing is unethical, "offends public policy in regards to advertising practices and relevant laws," and "causes substantial injury to consumers because consumers are paying in excess of $100 for a product" that is misrepresented as a product as effective as traditional floss sold for less than $5. (First Amended Compl. ¶63.) Plaintiff alleges that Defendants' conduct is unethical because "they are advertising that their product has a certain trait when it does not." <u>Id.</u> These allegations are supported by enough factual content to state a claim under the balancing test stated in <u>McKell</u>. Accordingly, the Court concludes that Plaintiff has sufficiently alleged a UCL claim under the unfair prong.

For the foregoing reasons, the Court denies Defendants' motion to dismiss Plaintiffs' UCL claims.

///

**D.     FAL Claim**

Under the FAL, it is unlawful for anyone to make false or misleading representations in advertising products. Cal. Bus. & Prof. Code § 17500. Defendants do not contest Plaintiff's FAL claim apart from their puffery and reliance arguments that the Court rejected in its analysis of Plaintiff's UCL claims. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's FAL claim.

**E.     CLRA Claim**

"The CLRA prohibits the use of unfair methods of competition and unfair or deceptive acts or practices in sale or lease transactions." Paduano v. American Honda Motor Co., Inc., 169 Cal. App. 4th 1453, 1468 (2009) (internal quotations omitted). Generally, a plaintiff must satisfy the same reasonable consumer test as required for a UCL claim, Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App. 4th 1351, 1360 (2003, and a plaintiff must plead actual reliance. Tucker v. Pacific Bell Mobile Services, 208 Cal. App. 4th 201, 221 (2012). Defendants do not contest Plaintiff's CLRA claims under subsections (5) and (9) beyond their general puffery and reliance arguments that the Court rejected in its analysis of Plaintiff's UCL claims. (MTD at pp. 21-22.) Accordingly, the Court denies Defendants' motion to dismiss those claims.

Defendants argue, and Plaintiff concedes, that Plaintiff has not alleged a CLRA claim under subsection (4). As such, the Court dismisses Plaintiff's claim under subsection (4).

Plaintiff contends that she intended to plead a claim under subsection (1) instead of her subsection (4) claim. (Doc. No. 9 at 12.) Thus, she seeks leave to amend her claim. "However, a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile." Mirmehdi v. United States, 689 F.3d 975, 985 (2012). Subsection (1) prohibits "[p]assing off goods or services as those of another." Cal. Civ. Code. § 1770(a)(1). "Passing off" one's goods as those of another refers to "the wrongful exploitation of trade names and common law trademarks," or the sale of "confusingly similar products, by which a person exploits a competitor's reputation in the market." Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1263 (1992). Nowhere in her original complaint, first amended complaint, or opposition brief does Plaintiff provide any allegations or evidence to suggest that she could amend her first amended complaint to allege a plausible passing

off claim under subsection (1). Plaintiff states in her opposition that the "gravamen of [her] complaint is that Philips has marketed this product as a replacement for floss when it is not." (Doc. No. 9 at p. 12.) However, Plaintiff is mistaken that such conduct can constitute "passing off" under the CLRA. Bank of the West v. Superior Court, 2 Cal. 4th at 1263. Accordingly, the Court denies Plaintiff leave to amend her CLRA claim.

## **Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiff's breach of express warranty claim without prejudice. The Court denies Defendants' motion to dismiss Plaintiff's claims under the UCL and FAL. The Court denies Defendants' motion to dismiss Plaintiff's CLRA claims under Cal. Civ. Code § 1770(a)(5), (9). The Court grants Defendants' motion to dismiss Plaintiff's CLRA claim under Cal. Civ. Code. § 1770(a)(4) with prejudice. The Court grants Plaintiff thirty days leave to amend her breach of express warranty claim, if she can do so.

**IT IS SO ORDERED.**

DATED: December 7, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT