**HIDEN, ROTT & OERTLE, LLP**
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL IAN ROTT, ESQ.   (C.S.B. 169468)
ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
2635 Camino del Rio South, Suite 306
San Diego, California 92108
Telephone: (619) 296-5884
Facsimile:  (619) 296-5171

*Attorneys for LILIA PERKINS.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PERKINS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILIPS ORAL HEALTHCARE, INC., a Washington Corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive.<br><br>    Defendants. | CASE NO.: 12-cv-1414H BGS<br><br>Judge:  Hon. Marilyn L. Huff<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; AND PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:    15A |

///
///
///
///
///
///
///
///

1

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION    12-CV-1414H BGS

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

# TABLE OF CONTENTS

**NOTICE OF MOTION**……………………………………………  1

**MEMORANDUM**…………………………………………………..  2

I.     **INTRODUCTION**………………………………………………  2

II.    **SUMMARY OF THE LITIGATION AND SETTLEMENT**…………..  3

    A.  Plaintiff's Complaint……………………………………………  3

    B.  Investigation, Litigation ad Settlement Negotiations……………  4

        1.  Plaintiff's Pre-suit Investigation & Pre-suit Demand Letters……………………………………………………..  4

        2.  Phillips' Motion to Dismiss…………………………………  5

        3.  Settlement Negotiations……………………………………  5

    C.  Summary of the Settlement Agreement …………………………  5

        1.  Terms of the Settlement Agreement…………………………  5

        2.  Costs of Notice and Administration, Class Representative Enhancement and Attorney Fees………………………………  7

        3.  Method of Notice……………………………………………  8

III.   **ARGUMENT**……………………………………………………  9

    A.  Overview of the Class Action Settlement Process………………  9

    B.  The Settlement Should be Preliminarily Approved………………  12

        1.  The Role of Preliminary Approval………………………..…  12

        2.  The Proposed Settlement Merits Approval……………………  13

    C.  The Proposed Settlement Class Should be Certified for Settlement Purposes and Plaintiff's Counsel Appointed As Class Counsel……….  15

        1.  The Proposed Settlement Class Meets the Requirements of Rule 23(a)……………………………………………………  15

        2.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)…………………………………………………..  16

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION   12-CV-1414H BGS

3.  Plaintiff's Counsel Meet the Requirements of Rule 23(g)…..  17

D.  The Court Should Preliminarily Approve the Proposed Settlement…..  17

E.  The Court Should Order Dissemination of the Proposed Class Notice…  19
    1.  The Settlement Agreement Provides for the Best Method of Notice Practicable Under the Circumstances……………..  19

    2.  The Proposed Form of Notice Adequately Informs Class Members of the Litigation and Their Rights in Connection with the Settlement…………………………………………..  20

    3.  Notice of the Settlement will be Provided to Appropriate Federal and State Officials…………………………………  20

F.  The Court Should Set a Schedule for Final Approval………………….  21

IV.  CONCLUSION……………………………………………………………  21

V.  DECLARATION OF MICHAEL IAN ROTT IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT……………………………………………………………

EXHIBIT 1 – SETTLEMENT AGREEMENT

A.  Proposed Order Approving Preliminary Approval of Class Action Settlement…………………………………………………………  Ex. 1

B.  Proposed Order Approving Final Approval of Class Action Settlement  Ex. 2

C.  Claim Form…………………………………………………………  Ex. 3

D.  Long Form Notice……………………………………………………  Ex. 4

E.  Short Form Notice……………………………………………………  Ex. 5

F.  Postcard Notice………………………………………………………  Ex. 6

G.  Email Notice…………………………………………………………  Ex. 7

H.  Press Release…………………………………………………………  Ex. 8

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

# TABLE OF AUTHORITIES

## CASE LAW

*Acosta v. Trans Union, LLC*
243 F.R.D. 377 ......... 18

*Amchem Prods. Inc. v. Windsor*
521 U.S. 591 ......... 9, 15, 16

*Gautreaux v. Pierce*
690 F.2d 616, 621, n.3 (7th Cir. 1982) ......... 13

*Hanlon* v. Chrysler Corp.
150 F.3d 1011 ......... 15, 16, 17, 18

*Harris v. Vector Marketing Corp.,*
No. C-08-5198, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011 ......... 12, 13, 14

*In re Inter-Op Hip Prosthesis Liab. Litig.*
204 F.R.D. 359 ......... 18

*In re Syncor ERISA Litig.,*
516 F.3d 1095 ......... 17, 18

*In re Tableware Antitrust Litig.*
484 F. Supp. 2d 1078 ......... 18

*Malta v. Federal Home Loan Mortg. Corp.,*
No. 10-CV-1290 BEN (NLS), 2013 WL 444619, at *5 (S.D. Cal. Feb. 5, 2013) ......... 13

*Orvis v. Spokane County*
281 F.R.D. 469 (E.D. Wash. 2012) ......... 10

*Pierce v. County of Orange,* 526 F.3d 1190 ......... 16

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 ......... 15

*Wiener v. Dannon Co., Inc.*
255 F.R.D. 658 ......... 17

## OTHER SOURCES

Alba Conte & Herbert B. Newberg, 4 Newberg on Class Actions ß 11.25 (4th ed. 2002) ......... 12, 13, 17, 18, 20

Manual for Complex Litigation § 21.632 (4th ed. 2004) ......... 3, 9, 13, 15, 17, 18

## FEDERAL STATUTES

28 U.S.C. § 1715(b) ......... 20

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

iii

Fed. R. Civ. P. 23(a)                                          16, 18

Fed. R. Civ. P. 23(e)                                          17, 18

Fed. R. Civ. P. 23(c)                                          19, 20

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION    12-CV-1414H BGS

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on _____, at _____ a.m. before the Honorable Marilyn L. Huff in Courtroom 15A, 15th Floor of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Plaintiff Lilia Perkins will and hereby does move for an order (i) granting preliminary approval of the parties' proposed class settlement, (ii) conditionally certifying a settlement class, (iii) appointing Plaintiff as class representative and her attorneys as class counsel, (iv) directing dissemination of the proposed class notice, (v) barring new lawsuits through the time of the final order on confirmation, and (vi) setting the date and time of a fairness hearing to determine whether the settlement should be granted final approval and whether and to what extend fees should be awarded to class counsel and whether an "incentive" award should be provided to the Plaintiff.

Plaintiff's motion is based on this notice; the accompanying Memorandum of Points and Authorities, Declaration of Michael I. Rott and all attachments thereto (including the Settlement Agreement), and Proposed Order Granting Preliminary Approval of Class Settlement, Proposed Long Form Notice to the Settlement Class; and all other papers filed and proceedings had in this action.

Dated: May 28, 2013                    **HIDEN, ROTT & OERTLE, LLP**


                                       By:     s/ERIC M. OVERHOLT_____
                                               Michael Ian Rott, Esq.
                                               Eric M. Overholt, Esq.
                                               *Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Lilia Perkins filed this class action to address the marketing of the Philips Sonicare AirFloss as a replacement for traditional floss. Plaintiff was concerned that other people in

2

California were misled about the efficacy of the AirFloss and the way that Philips advertised the product.

Plaintiff's counsel and Philips Oral Healthcare, Inc., and Philips Electronics North America Corporation ("Philips") have negotiated a settlement that addresses the primary concerns identified by Plaintiff, as well as additional issues identified since the filing of the case. If approved by the Court, the settlement will provide AirFloss owners in California with (1) notice of the marketing and efficacy issues and (2) a voucher for certain California residents who purchased an AirFloss in California between January 1, 2011 and June 24, 2013. Plaintiff and her counsel believe the settlement provides favorable relief to Class Members in a timely manner and therefore seek to begin the settlement approval process outlined in the Manual for Complex Litigation (Fourth) §§ 21.632-35 and applicable law. They respectfully request that the Court review the parties' Stipulated Class Settlement ("Settlement Agreement"), (Rott Decl., Exh. 1), and enter an order:

1. Granting preliminary approval of the settlement;

2. Certifying provisionally the proposed class for settlement purposes;

3. Appointing Plaintiff Lilia Perkins as class representative and her counsel, Michael I. Rott and Eric M. Overholt at Hiden, Rott & Oertle, LLP, as class counsel;

4. Directing that notice be disseminated to the class as proposed;

5. Enjoining any Settlement Class Members from instituting any new litigation against Philips or any of its affiliates related to the AirFloss and/or its marketing or sales until the court may rule on the Settlement at or after the Final Approval Hearing; and

6. Setting a hearing date and briefing schedule for final approval of the settlement and consideration of Plaintiff's fee application.

## II. SUMMARY OF THE LITIGATION AND SETTLEMENT

### A. Plaintiff's Complaint

Plaintiff filed her initial complaint in June of 2011. *See* Dkt #1 (Compl.); Dkt #5 (FAC). Plaintiff alleged that the Sonicare AirFloss was advertised as a replacement for traditional floss, when it is not a proper replacement for traditional floss. Plaintiff alleged that the advertisement

3

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1   as a replacement for floss induced her and members of the class to purchase the Sonicare

2   AirFloss.

3       On behalf of herself and the class of individuals in California who purchased a Sonicare

4   AirFloss, Plaintiff claimed that Philips violated California consumer protection laws by

5   representing that the AirFloss was a replacement for traditional floss when in reality it is an

6   adjunct to traditional flossing and brushing.  Plaintiff requested damages, restitution, penalties,

7   disclosure about the true efficacy of the product and an injunction to prohibit Philips from

8   continuing to sell the product as a replacement for floss.  Following preliminary discussions

9   between the parties, Plaintiff filed her First Amended Complaint on June 11, 2012, which

10  dismissed her claim under the Magnuson Moss Warranty Act, but otherwise asserted substantially

11  the same claims as the original complaint.

    **B. Investigation, Litigation and Settlement Negotiations**

       **1. Plaintiff's Pre-suit Investigation & Pre-suit Demand Letters**

14      In the course of investigating the claims against Philips, Plaintiff's counsel reviewed

15  numerous complaints on the internet about the efficacy of the product.  (Rott Decl. par. 2).

16  Plaintiff's counsel also interviewed other consumers who had used the product and were

17  dissatisfied with the results.  (*Id.*)  The complaints on the internet and complaints of other

18  individuals mirrored Plaintiff's complaints and frustrations.

19      To determine if the AirFloss really did not function as a replacement to floss, Plaintiff's

20  counsel conducted their own research into the American Dental Association standards for floss.

21  To better substantiate their own research regarding whether an oral irrigator is the same as

22  traditional floss and to begin the long process of preparing a case, Plaintiff's counsel enlisted the

23  help dentists who answered our questions and provided guidance. (*Id at par. 3.*)

24      Plaintiff sent, with the assistance of counsel, a pre-lawsuit letter pursuant to the California

25  Consumer Legal Remedies Act outlining all of the complaints that she had regarding the AirFloss

26  and the way that it was advertised on the packaging and on the Philips website.  In response to

27  that letter, Philips hired counsel and denied Plaintiff's allegations.

28  ///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

4

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

### 2. Phillips' Motion to Dismiss

On October 31, 2012, Philips filed a Motion to Dismiss the FAC.  *See* Dkt. 6.  Philips argued that the Court should dismiss Plaintiff's First Amended Complaint in its entirety.  After the issues were fully briefed, the Court issued an Order granting in part and denying in part Philips' Motion.  The Court dismissed the express warranty claim and one of the three CLRA claims, but allowed the fraud-based claims, UCL claims, the express warranty claims and the remaining CLRA claims to go forward.  The Court denied Philips' motion to dismiss any of the other claims.

### 3. Settlement Negotiations

Plaintiff and her counsel appeared at an Early Neutral Evaluation ("ENE") conference with the Honorable Judge Bernard G. Skomal on April 10, 2013.  Prior to the ENE conference, Plaintiff's counsel and counsel for Philips had some initial discussions about Plaintiff's claims and the possibility of settlement.  At the ENE, Judge Skomal assisted the parties in communicating the perceived strengths and weaknesses with the parties' respective positions.  By the end of the ENE, the parties had a preliminary agreement on the amount of and conditions for the vouchers for the Class Members.  Over the course of the next month Plaintiff's counsel and Philips' counsel engaged in continued negotiations about notice procedures and, ultimately, Plaintiff's attorneys' fees and costs.

Based on these negotiations and our firm's own investigation, the settlement is in the best interests of the putative class members.  Plaintiff's counsel specifically balanced the terms of the proposed settlement, including both the settlement amount and the benefits conferred to class members against the probability of liability, the risk of non- certification, the risks and expense of trial as well as concerns about the likelihood of numerous appellate issues.  Counsel also considered the timing of recovery, delays in receipt of funds due to trial and potential appeal and similar issues. (Id., par 9)

### C. Summary of the Settlement Agreement

#### 1. Terms of the Settlement Agreement

Settlement Class Members who timely file a valid claim by an approved claims deadline

and provide all required proof of purchase, such as a receipt or other documentation to substantiate their AirFloss purchase, or return the product to Philips, as approved and validated by the Claims Administrator, shall have the right to obtain relief, as detailed below:

**TIER 1 — CATEGORY A:**  Any Settlement Class Member who:

  (a)  submits a timely, valid and written Claim; *and*

  (b)  provides proof that they purchased a new <u>two-pack</u> AirFloss; *and*

  (c)  provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $33.00.

**TIER 1 — CATEGORY B:**  Any Settlement Class Member who:

  (a)  submits a timely, valid and written Claim; *and*

  (b)  provides proof that they purchased a new <u>single-pack</u> AirFloss; *and*

  (c)  provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $23.00.

**TIER 2:**  Any Settlement Class Member who:

  (a)  submits a timely, valid and written Claim; *and*

  (b)  provides an attestation that they purchased a new AirFloss; *and*

  (c)  provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $7.00.

There shall be no limit on the number of vouchers to be distributed in the aggregate to the Settlement Class Members.  There shall be no limit on the value of the voucher payments under the Settlement Agreement.  Settlement Class Members may submit, subject to proof, one Claim Form and are limited to two vouchers per household for Tier 1 Settlement Class Members and

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION    12-CV-1414H BGS

one voucher per household for Tier 2 Settlement Class Members pursuant to the Settlement Agreement.

The terms of the Vouchers provided to Class Members is as follows:

A.      Vouchers shall be fully transferable; and

B.      Vouchers must be used within twelve months after issuance and after that date shall become valueless; and

C.      Vouchers may be used for the purchase of any new (i) Philips audio or video products (excluding televisions), (ii) Philips Norelco shaving and grooming products, (iii) Philips Sonicare oral care products, (iii) Philips accessories, and (iv) Avent-branded products (collectively the "Eligible Products").

The settlement vouchers provide substantial and meaningful benefits to the class members. *First*, the settlement vouchers can be used at many of the nation's largest retailers and are not limited to purchases made directly from Philips. *Second*, the amounts of the vouchers, particularly for Tier 1 Settlement Class Members, are sufficient to purchase a significant number of Philips products without requiring the Settlement Class Member to spend additional cash, *Third*, the vouchers are freely transferable. Taken together, these features enhance the value of the Settlement for the Settlement Class Members and support a finding that the Settlement should be preliminarily approved.

**2.    Costs of Notice and Administration, Class Representative Enhancement and Attorney Fees**

Philips shall be responsible to pay all Claims Administrator Expenses and all Notice Expenses, including the CAFA notice.

Class Counsel agrees to make, and Philips agrees not to oppose, an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $114,500.00. If and when ordered, such fees and expenses will be paid by Philips within ten business days of the Effective Date, as defined in the Stipulation of Class Action Settlement. Philips will not be liable for any attorneys' fees or costs to any party that exceeds this all-in number of $114,500.

Philips agrees to pay the Class Representative the amount of such Incentive Award, if any,

7

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

1    as may be approved by the Court, up to $750.00.  Philips agrees that it will not object to, or

2    otherwise challenge, the Class Representative's applications for an Incentive Award, so long as

3    the Class Representative does not seek an award in excess of $750.00.  If awarded by the Court,

4    the Incentive Award will be paid to Class Counsel for the benefit of the Class Representative

5    within ten business days of the Effective Date, as defined in the Stipulation of Class Action

6    Settlement.  Any Incentive Award approved by the Court shall be paid by Philips in addition to

7    the Settlement benefits to Settlement Class Members and the Attorneys' Fees and Expenses

8    otherwise provided for in this Agreement.  The Class Representative shall also be entitled to

9    submit a Claim Form and participate in the Settlement as a Settlement Class Member.

10       **3. Method of Notice**

11       Subject to Court approval, notice shall be accomplished by the following:

12       a.    mailing a postcard containing information related to the settlement and an

13   URL for a specially-created website dedicated to the settlement (the "Settlement Website") to all

14   purchasers of an AirFloss for whom Philips has a mailing address in its customer database (a

15   copy of that post card can be found at Exhibit 6);

16       b.    sending an email message containing information related to the settlement

17   and a link to the Settlement Website to all purchases of an AirFloss for whom Philips has an

18   email address in its customer database (note that for those customers for whom Philips has both

19   an email and mailing address, only the email address will be used) (a copy of that email can be

20   found at Exhibit 7);

21       c.    a one-time publication of a 1/8 page advertisement in the Los Angeles

22   Times and a one-time publication of a 1/8 page advertisement in the San Francisco Chronicle;

23       d.    for the month following the publication, internet advertising targeting

24   potential Class Members through keyword services provided by Google and Yahoo and other

25   advertising on various social networking websites, including Facebook (which will include a

26   posting of a link to the settlement Website on the AirFloss Facebook page);

27       e.    the issuance of an agreed-upon press release with a link to the Settlement

28   Website through the PR Newswire service, which will distribute the press release to

8

1    approximately 5,815 newspapers, television stations, radio stations and magazines as well as

2    approximately 5,400 websites and online databases, including all major search engines (a copy of

3    the press release can be found at Exhibit 8);

4          f.      posting notice on the Philips website related to Sonicare and AirFloss

5    products together with a link to the Settlement Website;

6          g.      a toll-free telephone support system will be established that will provide

7    Class Members with (1) general information about the settlement; (2) frequently asked questions;

8    and (3) the ability to request a Notice and Claim Form;

9          h.      Class Counsel shall provide a direct link to the Settlement Website from

10    their firm's website;

11    Upon Preliminary Approval of the Settlement, as the Court may direct, the Claims

12    Administrator shall cause the Class Notice to be disseminated to potential Settlement Class

13    Members as provided herein. Notice shall be disseminated pursuant to the Notice Program on or

14    before the Notice Date. Copies of the proposed forms of Class Notice are attached as Exhibits 4

15    and 5 to the Settlement Agreement.

16    **III. ARGUMENT**

17       **A. Overview of the Class Action Settlement Process**

18    Prior to granting preliminary approval of a settlement, the Court should determine that the

19    proposed settlement class is a proper class for settlement purposes. Manual for Complex

20    Litigation § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). A

21    class action settlement like the one proposed here must be approved by the Court to be effective.

22    See Fed. R. Civ. P. 23(e). The process for court approval is comprised of three principle steps:

23    1. A preliminary approval hearing, at which the court considers whether the proposed

24    settlement is within the range of reasonableness possibly meriting final approval;

25    2. Dissemination of notice of the proposed settlement to Class Members for comment; and

26    3. A formal "fairness hearing," or final approval hearing, at which the Court decides

27    whether the proposed settlement should be approved as fair, adequate, and reasonable to

28    the class.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

*See* Manual for Complex Litigation (Fourth) ßß 21.632-34 (2004); *see also Orvis v. Spokane County*, 281 F.R.D. 469, 476 (E.D. Wash. 2012) ("The Proposed Settlement Agreement . . . appears to be within the range of reasonableness and accordingly shall be submitted to the class members for their consideration and for a hearing under Fed. R. Civ. P. 23(e).").

By this Motion, Plaintiff asks the Court to take the first step in the settlement approval process and grant preliminary approval of the settlement. Pursuant to the terms of the Settlement Agreement, Plaintiff requests that the Court:

      a.    Determine, preliminarily, that this Settlement Stipulation and the Settlement set forth herein fall within the range of reasonableness and merits possible final approval and dissemination of Notice to the Settlement Class;

      b.    Determine, preliminarily, that the Class Representative is a member of the Settlement Class and that, for purposes of the Settlement, she satisfies the requirements of typicality, and that she adequately represents the interests of the Settlement Class Members, and appoint her as the representative of the Settlement Class;

      c.    Determine, preliminarily, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23 ("Rule 23"), and conditionally certify the Settlement Class for purposes of the Agreement under Rule 23 for settlement purposes only;

      d.    Appoint Plaintiff's Counsel as Class Counsel pursuant to Rule 23(g);

      e.    Schedule the Final Approval Hearing to: (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Agreement; (iii) consider further the fairness, reasonableness and adequacy of the Settlement; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of Requests for Exclusion and exclude from the Settlement Class those Persons who validly and timely Opt-Out; (vi) consider Class Counsel's application for payment of an Incentive Award to the named Plaintiff; and (vii) consider whether the Court shall issue the Final Judgment and Order Approving Settlement approving the Settlement and dismissing the Action and all Constituent Actions with prejudice;

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

10

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

f.      Set a briefing schedule for the Final Approval Hearing and Class Counsel's request for attorneys' fees and expenses, and the Incentive Award for the Class Representative;

g.      Consider and determine that the Class Notice and the Notice Program:  (i) meets the requirements of Rule 23(c)(3) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed Settlement or Opt-Out of the Settlement Class; and (iv) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice;

h.      Consider and approve the proposed Class Notice, Claim Form, and Notice Program;

i.      Direct Philips or its designee(s) to cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date;

j.      Consider and approve the designation of Dahl, Inc. as the Claims Administrator;

k.      Require each Settlement Class Member who wishes to Opt Out of the Settlement Class to submit a timely written Request for Exclusion, on or before the Opt-Out and Objection Date, to the Claims Administrator, to Class Counsel, and to Philips' Counsel;

l.      Rule that any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in the Action;

m.      Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Agreement or to the award of attorneys' fees, costs and expenses and/or the Incentive Awards to submit to the Claims Administrator and deliver to Class Counsel and Philips' Counsel, postmarked on or before the Opt-Out and Objection Date, a statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to

11

1   make an appearance at the Final Approval Hearing, or be forever barred from separately

2   objecting;

3                 n.      Enter an order enjoining any new litigation related the subject matter of

4   this action for the AirFloss by any Settlement Class Member;

5                 o.      Enter an order continuing all applicable pre-trial deadlines in the Action so

6   that Philips and Plaintiff shall in no way be prejudiced by their efforts to resolve the claims

7   resolved through this Agreement; and

8                 p.      Establish:

9                       (i)      the date and time of the Final Approval Hearing.

10                       (ii)     the Notice Date: The Parties propose that the Notice Date be eighty

11                 days before the Final Approval Hearing.

12                      (iii)    the Opt-Out and Objection Date:  The Parties propose that the Opt-

13                 Out and Objection Date be twenty one days before the Final

14                 Approval Hearing.

15                     (iv)    the Claims Deadline:  The Parties propose that the Claims Deadline

16                 be seventy-five days after the Final Approval Hearing.

17   **B. The Settlement Should be Preliminarily Approved**

18       **1. The Role of Preliminary Approval**

19       At the final approval stage, after the Class Members have been notified of the proposed

20   settlement and had an opportunity to comment, the Court will be called upon to appraise whether

21   the parties have negotiated a settlement that is fair, reasonable, and adequate to the class. At this

22   preliminary approval stage, however, the Court determines only whether the proposed settlement

23   "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious

24   deficiencies; (3) does not improperly grant preferential treatment to class representatives or

25   segments of the class; and (4) falls within the range of possible approval," such that it is

26   worthwhile to give the class notice of the settlement and proceed to a formal fairness hearing.

27   *Harris v. Vector Marketing Corp.*, No. C-08-5198, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29,

28   2011); *see also* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions ß 11.25 (4th ed.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

12

2002)

In other words, at the preliminary approval stage, the Court makes only a preliminary determination of the settlement's fairness, reasonableness, and adequacy, pointing out any settlement terms that are so unacceptable at the outset that a formal fairness hearing would be a waste of time. *See* Manual for Complex Litigation (Fourth) §§ 21.632 (2004); Conte & Newberg, Newberg on Class Actions § 11.25. The primary question for the Court at the preliminary-approval stage is whether the proposed Settlement falls within the range of possible approval, such that the class should be notified and a formal fairness hearing scheduled. *See Gautreaux v. Pierce,* 690 F.2d 616, 621, n.3 (7th Cir. 1982) (the purpose of preliminary approval "is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing"); *see also Malta v. Federal Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN (NLS), 2013 WL 444619, at *5 (S.D. Cal. Feb. 5, 2013) ("At the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible approval' and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate.") (citing *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008)).

## 2. The Proposed Settlement Merits Preliminary Approval

The proposed settlement here is the product of arm's length negotiations by Plaintiff's counsel well versed in deceptive business practice class actions and thus entitled to an initial presumption of fairness. *See Harris*, 2011 WL 1627973, at *8. The negotiations were aided by preliminary investigations, and interviews with others who have used the product. (Rott Decl. at par. 2.) In addition, Plaintiff's counsel consulted several dental professionals. (*Id.*, par 3.) Philips naturally disputed the strength of Plaintiff's case, and the settlement reflects the parties' compromise of their assessments of the worst-case and best-case scenarios, weighing the likelihood of various potential outcomes.

In Plaintiff's counsel's view, the settlement contains no obvious deficiencies: it provides class relief to address all of the products addressed in Plaintiff's complaint and does not provide for attorneys' fees at the expense of the class. Nor does the settlement grant preferential treatment

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

13

to the class representatives or any segment of the class, except to the extent that a proof of purchase is required to obtain higher relief amounts, which is a reasonable condition for higher benefits.  But even Class Members who cannot prove that they purchased the product are entitled to some relief under the terms of the class settlement.  Each Class Member is entitled to the same notice and disclosure, the same type of voucher and for the same amount, depending on the product purchased.  Vouchers are fully transferable, valid for twelve months after issuance, may be used at certain well-known Philips retailers and may be used to purchase Philips audio, video, shaving, oral care, and accessory products, as well as Avent-branded products.

Further analysis confirms that the settlement falls within the range of possible approval as it accomplishes now—without the risk or prejudicial delay associated with further litigation, a trial, or appeals—much of what Plaintiff sought in the lawsuit. *See Harris*, 2011 WL 1627973, at *8 (to evaluate the range of possible approval, courts primarily consider the value provided by the settlement against the claims' expected recovery if tried).

Plaintiff believes that the strongest claims were based on Philips' alleged failure to disclose that its product is not a replacement for floss.  By settling now, Class Members who are unaware that the AirFloss does not replace traditional floss, as alleged by Plaintiff, will be alerted sooner rather than later.  The remedy provided by the settlement is, in this sense, more valuable than could be obtained through a trial, even without discounting for the possibility that Philips could demonstrate that their statements were mere puffery and that their product is as good as traditional floss.  Under this settlement, rather than risk no recovery or a delayed recovery by going to trial, Class Members who purchased the $119.99 AirFloss will receive a $33.00 voucher, which represents 27% of the full value of the product.

Given the favorable terms of the settlement and the manner in which they were negotiated, the proposed settlement should be viewed, at least preliminarily, as a fair, reasonable, and adequate compromise of issues in dispute and within the range of reasonableness meriting preliminary approval.

///

///

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION    12-CV-1414H BGS

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

**C. The Proposed Settlement Class Should be Certified for Settlement Purposes and Plaintiff's Counsel Appointed As Class Counsel**

**1. The Proposed Settlement Class Meets the Requirements of Rule 23(a)**

Before granting preliminary approval of the settlement, the Court should determine that the proposed settlement class provisionally meets the requirements of Rule 23. *See Amchem Prods.*, 521 U.S. at 619-20; Manual for Complex Litigation §§ 21.632. The prerequisites for certifying a class are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, each of which is satisfied here. *See* Fed. R. Civ. P. 23(a).

Numerosity: The parties' proposed settlement class, set forth above in section II.C.1, encompasses owners of approximately 6,000 currently registered Sonicare AirFloss products in California plus an estimated 50,000 other consumers in California, (Rott Decl. par. 5-6), and so readily satisfies the numerosity requirement. *See Hanlon* v. Chrysler Corp. 150 F.3d 1011, 1019 (1998) ("The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'").

Typicality & Commonality: Plaintiff and each member of the settlement class purchased an AirFloss that Plaintiff has alleged was marketed as a replacement for traditional floss.

Plaintiff thus satisfies the typicality requirement for purposes of this settlement, as her consumer protection claims arise from the same alleged marketing to members of the class. *See Hanlon*, 150 F.3d at 1020 (typicality satisfied where plaintiffs' claims are "reasonably coextensive with those of class members"). For similar reasons, Plaintiff's claims also meet the commonality requirement for purposes of settlement in that they raise "questions of law or fact common to the class," including whether Philips marketed the AirFloss as the same as or a replacement for dental floss. *See* Fed. R. Civ. P. 23(a)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (explaining that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of class wide resolution.").

Adequacy of Representation: The final requirement of Rule 23(a), adequacy of representation, is also satisfied. Plaintiff and her counsel have shown, through their prosecution of

15

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 · FAX (619) 296-5171

1  this action and negotiation of this proposed settlement, that they "will fairly and adequately

2  protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Amchem Prods.*, 521 U.S. at

3  619-20 (the existence of a proposed settlement is relevant to class certification, including whether

4  absent class members' interests are being adequately represented).

5      **2.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

6      "In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class

7  certification must also show that the action is maintainable under Fed. R. Civ. P. 3(b)(1), (2), or

8  (3)." *Hanlon*, 150 F.3d at 1022. Here, the proposed class is maintainable under Rule 23(b)(3) as

9  common questions predominate over any questions affecting only individual members and class

10 resolution is superior to other available methods for a fair resolution of the controversy. *See id.* at

11 1022-23 (citing Fed. R. Civ. P. 23(b)(3)); *Pierce v. County of Orange*, 526 F.3d 1190, 1198 (9th

12 Cir. 2008).  When assessing predominance and superiority, the court may consider that the class

13 will be certified for settlement purposes only, and that a showing of manageability at trial is not

14 required. *See Amchem Prods.*, 521 U.S. at 618.

15     "The requirement of Rule 23(b)(3) that common questions predominate over individual

16 questions 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by

17 representation.'" *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005) (quoting *Amchem*

18 *Prods.*, 521 U.S. at 623).   Class Members' consumer protection claims here involve

19 predominantly common legal and factual issues that can be fairly resolved for all through a class-

20 wide settlement. As Plaintiff has contended throughout the litigation, the validity of these claims

21 depends primarily on (i) whether the AirFloss is in fact a replacement for traditional floss, and (ii)

22 whether a "reasonable consumer" would believe that the AirFloss is a replacement for traditional

23 floss based on the packaging and advertisements. Each of these issues can be addressed (in this

24 case through settlement) for all Class Members at once, justifying certification of these claims for

25 settlement purposes.

26     At root, these claims depend on a legal analysis and interpretation of Philip's advertising,

27 which is a common issue across the class and which is particularly well suited to class wide

28 resolution. With all Class Members' claims hinging on common questions of advertising practices

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

16

1   it is both fair and logical to resolve those questions through a class-wide settlement. *See Wiener*

2   *v. Dannon Co., Inc.*, 255 F.R.D. 658, 664-65 (C.D. Cal. 2009) ("The proposed class members

3   clearly share common legal issues regarding [Defendant's] alleged deception and

4   misrepresentations in its advertising and promotion of the Products.").

5         Turning lastly to Rule 23(b)(3)'s superiority requirement, there is little doubt that

6   resolving all Class Members' claims jointly—particularly through a class-wide settlement

7   negotiated on their behalf by counsel well-versed in consumer protection litigation—is superior to

8   a series of individual lawsuits. As the Ninth Circuit has stated: "From either a judicial or litigant

9   viewpoint, there is no advantage in individual members controlling the prosecution of separate

10  actions. There would be less litigation or settlement leverage, significantly reduced resources and

11  no greater prospect for recovery." *Hanlon*, 150 F.3d at 1023. Indeed, the terms of the settlement

12  negotiated on behalf of the class, which provide relief for consumers who do not think that the

13  product was marketed correctly, demonstrate the advantages of a collective bargaining and

14  resolution process.

15      **3. Plaintiff's Counsel Meet the Requirements of Rule 23(g).**

16        In connection with any order certifying a class, Rule 23(g) requires that the Court formally

17  appoint class counsel. Plaintiff's counsel has a great depth of experience in consumer class action

18  litigation (Rott Decl. par. 10) and will zealously prosecute, as they have before, the claims of the

19  Class Members. Plaintiff's counsel requests they be appointed to represent the certified settlement

20  class.

21      **D. The Court Should Preliminarily Approve the Proposed Settlement**

22        After certifying the settlement class, the Court should preliminarily approve the

23  settlement. The procedure for review of a proposed class action settlement is a well-established

24  two-step process. Fed. R. Civ. P. 23(e); *see also* Alba & Conte, 4 Newberg on Class Actions,

25  §11.25, at 38-39 (4th Ed. 2002). The first step is a preliminary, pre-notification hearing to

26  determine whether the proposed settlement is "within the range of possible approval." Newberg,

27  §11.25, at 38-39 (quoting Manual for Complex Litigation §30.41 (3rd ed. 1995)); *In re Syncor*

28  *ERISA Litig.*, 516 F.3d 1095, 1110 (9th Cir. 2008). This hearing is not a fairness hearing; its

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *In re Syncor ERISA Litig.*, 516 F.3d at 1110. Notice of a settlement should be sent where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Manual for Complex Litigation characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. Manual for Complex Litigation § 21.632 (4th ed. 2004). If the court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process—the final approval hearing. Newberg, §11.25, at 38-39. "To determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (*citing Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir.1980), *overruled on other grounds, Felzen v. Andreas*, 134 F.3d 873 (7th Cir.1998)).

A strong judicial policy exists that favors the voluntary conciliation and settlement of complex class action litigation. *In re Syncor*, 516 F.3d at 1101 (*citing Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982). While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. In fact, when a settlement is negotiated at arms' length by experienced counsel, there is a presumption that it is fair and reasonable. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001). Ultimately, the Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *In re Syncor*, 516 F.3d at 1100.

///

18

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

**E.  The Court Should Order Dissemination of the Proposed Class Notice**

**1.  The Settlement Agreement Provides for the Best Method of Notice Practicable Under the Circumstances**

The Federal Rules require that before finally approving a class settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Where the settlement class is certified pursuant to Rule 23(b)(3), the notice must be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The parties have agreed on a notice plan that would provide Class Members with individual notice by a postcard or an email for all owners of an AirFloss who have registered with Philips. (*See* Rott Decl. Exhbit 1, Settlement Agreement F(a) and (b).)

In addition, Notice will be provided to unknown consumers by the following methods:

    a.  a one-time publication of a 1/8 page advertisement in the Los Angeles Times and a one-time publication of a 1/8 page advertisement in the San Francisco Chronicle

    b.  for the month following the publication, internet advertising targeting potential Class Members through keyword services provided by Google and Yahoo and other advertising on various social networking websites, including Facebook (which will include a posting of a link to the settlement Website on the AirFloss Facebook page);

    c.  the issuance of an agreed-upon press release with a link to the Settlement Website through the PR Newswire service, which will distribute the press release to approximately 5,815 newspapers, television stations, radio stations and magazines as well as approximately 5,400 websites and online databases, including all major search engines;

    d.  posting notice on the Philips website related to Sonicare and AirFloss products together with a link to the Settlement Website;

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

   e.   a toll-free telephone support system will be established that will provide Class Members with (1) general information about the settlement; (2) frequently asked questions; and (3) the ability to request a Notice and Claim Form;

   f.   Class Counsel will provide a direct link to the Settlement Website from their firm's website.

"The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1). Notice is "adequate if it may be understood by the average class member." *Newberg on Class Actions,* §11.53, at 167 (4th Ed. 2002). Because the proposed settlement provides for a notice campaign designed to reach virtually all members of the proposed class, Plaintiff requests that the Court approve the method of notice.

**2.   The Proposed Form of Notice Adequately Informs Class Members of the Litigation and Their Rights in Connection with the Settlement**

The notice provided to Class Members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the Class Member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on Class Members. Fed. R. Civ. P. 23(c)(2)(B). The form of notice proposed by the parties complies with those requirements. (*See* Ex. 1 - 4 attached to Declaration of MIR.) It clearly and accurately informs Class Members of the material terms of the settlement and their rights pertaining to it, including the right to opt out from or object to the settlement. Plaintiff thus requests that the Court approve the form of notice as well.

**3.   Notice of the Settlement will be Provided to Appropriate Federal and State Officials**

Notice of the proposed settlement will also be provided to the Attorneys General of the United States and the State of California, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). (See Rott Decl, Exhibit 1, Settlement Agreement C(3)) Philips will provide these government officials with copies of all required materials—including the Settlement Agreement,

20

1   Class Notice, and the amended complaint—so that the state and federal government may make an

2   independent evaluation of the settlement and bring any concerns to the Court's attention prior to

3   final approval.

4   **F.  The Court Should Set a Schedule for Final Approval**

5         The next steps in the settlement approval process are to notify the class of the proposed

6   settlement, allow Class Members an opportunity to file any objections or opt-outs, and hold a

7   final approval hearing. Toward those ends, the parties propose the following schedule:

8         a.   The Notice Date: The Parties propose that the Notice Date be eighty days before the

9              Final Approval Hearing.

10        b.   The Opt-Out and Objection Date:  The Parties propose that the Opt-Out and Objection

11             Date be twenty one days before the Final Approval Hearing.

12        c.   The Claims Deadline:  The Parties propose that the Claims Deadline be seventy-five

13             days after the Final Approval Hearing.

14  **IV. CONCLUSION**

15        For the foregoing reasons, Plaintiff's counsel respectfully requests that the Court enter the

16  accompanying Proposed Order granting preliminary approval of the proposed settlement,

17  conditionally certifying the settlement class, appointing Plaintiff as Class Representative and her

18  attorneys as Class Counsel, directing dissemination of the class notice, and setting a hearing for

19  the purpose of deciding whether to grant final approval of the settlement.

20

21  Dated: May 28, 2013                          **HIDEN, ROTT & OERTLE, LLP**

22

23                                     By:    s/ERIC M. OVERHOLT_____
                                              Michael Ian Rott, Esq.
24                                            Eric M. Overholt, Esq.
                                              *Attorneys for Plaintiff, on behalf of herself*
25                                            *and all others similarly situated*

26

27

28

*Left margin:* HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION   12-CV-1414H BGS