UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**LILIA PERKINS v. PHILIPS ORAL HEALTHCARE, INC., et al.**

Case No. 12-CV-1414H BGS

Class Action

## STIPULATION OF CLASS ACTION SETTLEMENT

Michael H. Steinberg (CSB No. 134179)
Brian R. England (CSB No. 211335)
Antonia Stamenova-Dancheva
(CSB No. 268292)
Fanxi Wang (CSB No. 287584)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
steinbergm@sullcrom.com
englandb@sullcrom.com

*Counsel for Defendants Philips Oral
Healthcare, Inc. and Philips Electronics
North America Corporation*

Michael Ian Rott (CSB No. 169468)
Eric M. Overholt (CSB No. 248762)
HIDEN, ROTT & OERTLE, LLP
2635 Camino del Rio South, Suite 306
San Diego, California 92108
Telephone: (619) 296-5884
Facsimile: (619) 296-5171

*Counsel for Plaintiff Lilia Perkins and Counsel
for the Class*

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement, including its attached Exhibits (collectively, the "Settlement Stipulation" or "Agreement"), is entered into this 20th day of May 2013 by and among Plaintiff, on behalf of herself and on behalf of each of the Settlement Class Members, and Philips Oral Healthcare, Inc. and Philips Electronics North America Corporation (together "Philips"). Capitalized terms used herein are defined in Section A below or indicated in parentheses elsewhere in the Settlement Stipulation.

Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby stipulate and agree that, in consideration of the

promises and covenants set forth in the Settlement Stipulation and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, the claims of the Settlement Class pursued in the Action shall be dismissed with prejudice, settled and compromised upon the terms and conditions contained herein.

WHEREAS, on June 11, 2012, a putative class actions was filed in the Southern District of California arising out of the marketing and sale of AirFloss, seeking damages and equitable relief under the federal Magnuson Moss Warranty Act and California state law;

WHEREAS, on September 20, 2012, Plaintiff filed a First Amended Class Action Complaint (the "Amended Complaint") seeking damages and equitable relief under California state law;

WHEREAS, on October 31, 2012 Philips filed a motion to dismiss the Amended Complaint and, on December 7, 2012, following briefing, the Court ruled on the motion, granting and denying it in part;

WHEREAS, Philips has denied and continues to deny Plaintiff's allegations and claims in the Amended Complaint, including those related to whether class treatment is appropriate, and has denied any wrongdoing or liability to Plaintiff;

WHEREAS, in reaching the Agreement, the Parties have engaged in arm's-length negotiations, including their participation in an Early Neutral Evaluation Conference with the Honorable Bernard G. Skomal on April 10, 2013;

WHEREAS, Plaintiff believes that the claims asserted in the Action have substantial merit; however, taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff's Counsel

have concluded that the Settlement Stipulation provides substantial benefits to the Settlement

Class, and is fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement

Class;

WHEREAS, although Philips denies wrongdoing of any kind and Plaintiff's allegations

in the Amended Complaint, and believes that the Action is without merit, Philips also has taken

into account the uncertainty, risk, delay and costs inherent in litigation and agreed to enter into

the Agreement to avoid any further litigation expenses and inconvenience, and to remove the

distraction of burdensome and protracted litigation;

WHEREAS, it is the intention and desire of the Plaintiff and Philips to compromise,

resolve, dismiss and release all allegations and claims for damages or equitable relief relating to

the marketing, design and sale of AirFloss as set forth in the Amended Complaint and that have

been or could have been brought by the Settlement Class Members against Philips in the Action;

WHEREAS, the Parties have agreed that an appropriate resolution of this controversy is

accomplished through the benefits, releases and orders set forth in or attached to the Settlement

Stipulation, and intend that the Settlement resolves all claims and disputes arising out of, or

relating to, the marketing, design and sale of AirFloss on the terms set forth in the Settlement

Stipulation; and

NOW, THEREFORE, the Settlement Stipulation is entered into by and among the

Parties, by and through their respective counsel and representatives, and the Parties agree that:

(a) upon approval of the Court after the hearing(s) provided for in the Settlement Stipulation, the

claims of the Settlement Class in the Action shall be settled and compromised as between

Plaintiff and the Settlement Class, and Philips; and (b) upon Court approval of the Agreement,

the [Proposed] Final Judgment and [Proposed] Order Approving Settlement, substantially in the

form attached as Exhibits 1 and 2 hereto, shall be entered dismissing the claims of the Settlement Class in the Action with prejudice and releasing all Released Claims, as defined herein, against Defendant and all Released Parties, all on the following terms and conditions:

A.    **DEFINITIONS**

As used in the Settlement Stipulation and the Exhibits hereto, in addition to any definitions elsewhere in parentheses in the Settlement Stipulation, the following terms shall have the meanings set forth herein:

1.    "Action" or "AirFloss Litigation" means *Lilia Perkins* v. *Philips Oral Healthcare, Inc., et al.*, No. 12-CV-1414H BGS (S.D. Cal.).

2.    "AirFloss" means Philips Sonicare AirFloss.

3.    "Amended Complaint" means the First Amended Class Action Complaint filed in the Action on September 20, 2012.

4.    "Award" means the monetary relief obtained by Settlement Class Members pursuant to Section D.1. of this Agreement, as may be applicable to such person.

5.    "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Plaintiff's Counsel to compensate them for their fees and expenses in connection therewith, as described more particularly in Section I of this Settlement Stipulation.

6.    "CAFA Notice" means the notice required under 28 U.S.C. § 1715(b).

7.    "Claim" means a request for relief pursuant to Section E of this Agreement submitted by a Settlement Class Member on a Claim Form filed with the Claims Administrator in accordance with the terms of the Settlement Stipulation.

8.      "Claim Form" means the form or forms to be used by Settlement Class Members for filing Claims with the Claims Administrator.  The proposed Claim Form are subject to Court approval and attached hereto as Exhibit 3.

9.      "Claims Administration Expenses" means the expenses incurred by the Claims Administrator in administering the Notice Program and processing all Claims by Settlement Class Members.

10.      "Claims Administrator" means Dahl, Inc., which, subject to Court approval, is the Person identified by Philips to administer the Notice Program, to respond to inquiries from Settlement Class Members, and to oversee the timely processing and payment of Claims as set forth in the Settlement Stipulation.

11.      "Claims Deadline" means the court-approved date by which all Claim Forms must be postmarked or received by the Claims Administrator to be considered timely.  The Claims Deadline shall be set forth in the Court Orders granting preliminary and final approval of the Settlement, the Notices, and on the Settlement Website.

12.      "Class Counsel" or "Plaintiff's Counsel" means the law firm of Hiden, Rott & Oertle, LLP.

13.      "Class Notice" or "Notice" means the forms of notice to be disseminated to Settlement Class Members with regard to the Settlement.  The proposed long-form and short-form notices are attached respectively hereto at Exhibits 4 and 5.

14.      "Class Representative" or "Plaintiff" means Lilia Perkins.

15.      "Covered Product" means a Philips Sonicare AirFloss.

16.      "Court" means the United States District Court for the Sothern District of California, the Honorable Marilyn L. Huff presiding.

17.     "Defendants" means Philips Oral Healthcare, Inc. and Philips Electronics North America Corporation.

18.     "Effective Date" means either: (a) the date thirty-five days after the entry of the Final Judgment and Order Approving Settlement, if no motions for reconsideration and/or no appeals or other efforts to obtain review have been filed; or (b) in the event that an appeal or other effort to obtain review has been initiated, the date thirty-five days after such appeal or other review has been finally concluded and is no longer subject to any further review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.  However, in the event of an appeal or other effort to obtain review, the Parties may jointly agree in writing to deem the Effective Date to have occurred in accordance with Section A.19 in the absence of a court order to the contrary; however, there is no obligation to agree to advance the Effective Date.

19.     "Final Approval Hearing" means the hearing to be conducted by the Court in connection with its determination of the fairness, adequacy and reasonableness of the Settlement in accordance with applicable jurisprudence, and which shall occur no earlier than the 91st day after the last CAFA Notice is provided hereunder by Philips.

20.     "Final Judgment and Order Approving Settlement" means the Final Judgment and Order Approving Settlement to be entered by the Court, substantially in the form of Exhibit 2 and conforming to Section J herein, approving the Settlement without material alteration, as fair, adequate and reasonable, confirming the certification of the Settlement Class for purposes of the Settlement only, dismissing the Action with prejudice, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement.

21.     "Incentive Award" means the payment approved by the Court and made by Philips to compensate Plaintiff for efforts undertaken by her on behalf of the Settlement Class Members.

22.     "Notice Date" means the date upon which the Class Notice is first disseminated to the Settlement Class.

23.     "Notice Expenses" means the reasonable costs and expenses incurred in connection with preparing, printing, disseminating, posting, emailing, internet hosting and publishing the Class Notice, and all other aspects of administering the Notice Program.

24.     "Notice Program" means the plan as set forth in Section F herein and approved by the Court for disseminating the Class Notice.

25.     "Opt-Out and Objection Date" means the date, to be set by the Court, by which a Request For Exclusion must be filed with the Claims Administrator in order for a Settlement Class Member to be excluded from the Settlement Class, and the date by which Settlement Class Members must submit objections to the Claims Administrator and the parties, if any, to the Settlement in accordance with Section F herein.

26.     "Party" or "Parties" means the parties to this Agreement, *i.e.*, the Class Representative and/or Philips.

27.     "Person(s)" means any adult individual and any minor child of whom such adult individual is the parent or guardian, any corporation, trust, partnership, limited liability company or other legal entity, and their respective successors or assigns.

28.     "Philips" means Philips Oral Healthcare, Inc. and Philips Electronics North America Corporation, and all of their current or former United States and foreign subsidiaries, predecessors, successors, parents, affiliates and assigns.

29.     "Philips' Counsel" means the law firm of Sullivan & Cromwell LLP.

30.     "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit 1 and conforming to Section C.1. herein, conditionally certifying the Settlement Classes, preliminarily approving the Settlement, setting the date of the Final Approval Hearing, appointing Plaintiff's Counsel as Counsel for the Settlement Class, approving the Notice Program, Class Notice, and Claim Form, barring the commencement of further litigation by Settlement Class Members relating to a Released Claim and setting dates for the Claims Deadline, Opt-Out and Objection Date, and Notice Date.

31.     "Proof of Purchase" means documentation from a third-party commercial source reasonably establishing the fact of purchase of and payment for AirFloss or the returned AirFloss product for which the Settlement Class Member submits a Claim, as determined by the Claims Administrator.

32.     "Released Claim" is defined in Paragraph H.1. herein.

33.     "Released Party" is defined in Paragraph H.1. herein.

34.     "Releasing Party" is defined in Paragraph H.1. herein.

35.     "Releases" means the releases contemplated in accordance with Sections G and H herein.

36.     "Request For Exclusion" means the written communication that must be filed with the Claims Administrator and postmarked on or before the Opt-Out and Objection Date by a Settlement Class Member who wishes to be excluded from the Settlement Class.

37.     "Settlement" and "Settlement Stipulation" means the terms and conditions of this Stipulation of Class Action Settlement.

38.     "Settlement Class" and "Settlement Class Member(s)" means all California residents who purchased a new AirFloss in California between January 1, 2011 and June 24, 2013.  Excluded from the Settlement Class are: (1) any Person that has already obtained any refund from Philips or any retailer in connection with the AirFloss for which the Class Members seek relief in this case, (2) any Person who files a valid, timely Request for Exclusion; (3) any Person who purchased an AirFloss, but gave it away as a gift; and (4) any Judges to whom this Action is assigned and any member of their immediate families.

39.     "Settlement Consideration" means the consideration exchanged by and between Philips and the Settlement Class, as set forth in this Settlement Stipulation.

40.     "Settlement Website" means an Internet website hosted by the Claims Administrator containing relevant details of the Settlement, as further provided in Section E.6.

41.     "Voucher" means the document that Settlement Class Members will receive under Section D.1 herein and that will entitle the Person presenting such Voucher to a participating retailer to purchase products manufactured by or for Philips as specified in Section D.3.

**B.     FOR SETTLEMENT PURPOSES ONLY**

1.     This Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Agreement or its Exhibits, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as an admission of: (a) the validity of any claim or allegation by Plaintiff or of any defense asserted by Philips in the Action or any other action or proceeding; (b) the appropriateness of the Settlement Class as a class for purposes of further litigation and trial; (c) any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, Defendant, Released Party, Settlement Class Member or their respective

counsel; or (d) the merits or lack thereof of the claims or defenses of the Excluded Plaintiffs against Philips.

2.      The Settlement Stipulation is without prejudice to the rights of each Releasing Party and each Released Party to seek or oppose class certification in the Action for purposes of further litigation and trial should the Settlement Stipulation not be finally approved or implemented for any reason.

**C.      PRELIMINARY APPROVAL; CAFA NOTICE; COOPERATION THROUGH FINAL APPROVAL**

**1.      <u>Preliminary Approval</u>**

On or before May 27, 2013, the Parties shall file the Settlement Stipulation with the Court for its Preliminary Approval and shall jointly move the Court for entry of an order, substantially in the form of Exhibit 1 hereto, which by its terms shall:

a.      Determine, preliminarily, that this Settlement Stipulation and the Settlement set forth herein fall within the range of reasonableness and merits possible final approval and dissemination of Notice to the Settlement Class;

b.      Determine, preliminarily, that the Class Representative is a member of the Settlement Class and that, for purposes of the Settlement, she satisfies the requirements of typicality, and that she adequately represents the interests of the Settlement Class Members, and appoint her as the representative of the Settlement Class;

c.      Determine, preliminarily, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23 ("Rule 23"), and conditionally certify the Settlement Class for purposes of the Agreement under Rule 23 for settlement purposes only;

d.      Appoint Plaintiff's Counsel as Class Counsel pursuant to Rule 23(g);

e.      Schedule the Final Approval Hearing to: (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Agreement; (iii) consider further the fairness, reasonableness and adequacy of the Settlement; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of Requests for Exclusion and exclude from the Settlement Class those Persons who validly and timely Opt-Out; (vi) consider Class Counsel's application for payment of an Incentive Award to the named Plaintiff; and (vii) consider whether the Court shall issue the Final Judgment and Order Approving Settlement approving the Settlement and dismissing the Action and all Constituent Actions with prejudice pursuant to Rule 54(b);

f.      Set a briefing schedule for the Final Approval Hearing and Class Counsel's request for attorneys' fees and expenses, and the Incentive Award for the Class Representative;

g.      Consider and determine that the Class Notice and the Notice Program:  (i) meets the requirements of Rule 23(c)(3) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed Settlement or Opt-Out of the Settlement Class; and (iv) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice;

h.      Consider and approve the proposed Class Notice, Claim Form, and Notice Program;

i.      Direct Philips or its designee(s) to cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date;

j.      Consider and approve the designation of Dahl, Inc. as the Claims Administrator;

k.      Require each Settlement Class Member who wishes to Opt-Out of the Settlement Class to submit a timely written Request for Exclusion, on or before the Opt-Out and Objection Date, to the Claims Administrator, to Class Counsel, and to Philips' Counsel, as specified in Section F herein;

l.      Rule that any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in the Action;

m.      Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Agreement or to the award of attorneys' fees, costs and expenses and/or the Incentive Awards to submit to the Claims Administrator and deliver to Class Counsel and Philips' Counsel, postmarked on or before the Opt-Out and Objection Date, a statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to make an appearance at the Final Approval Hearing, or be forever barred from separately objecting;

n.      Enter an order enjoining any new litigation related to AirFloss by any Settlement Class Member;

o.      Enter an order continuing all applicable pre-trial deadlines in the Action so that Philips and Plaintiff shall in no way be prejudiced by their efforts to resolve the claims resolved through this Agreement; and

p.      Establish:

(i)      the date and time of the Final Approval Hearing.

(ii)     the Notice Date: The Parties propose that the Notice Date be eighty days before the Final Approval Hearing.

(iii)    the Opt-Out and Objection Date:  The Parties propose that the Opt-Out and Objection Date be twenty one days before the Final Approval Hearing.

(iv)     the Claims Deadline:  The Parties propose that the Claims Deadline be seventy-five days after the Final Approval Hearing.

## 2.      **Cooperation**

The Parties acknowledge that each intends to implement the Settlement.  The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Stipulation.  Nothing in this provision, however, requires either Party to waive its rights hereunder, or to change the consideration provided hereunder.

## 3.      **CAFA Compliance**

Philips shall provide the CAFA Notice, as required by 28 U.S.C. § 1715(b), on the Attorneys General of the United States and the State of California to ensure that the Releases provided herein are fully enforceable in accordance with their terms.  The Parties shall cooperate to provide the CAFA Notice as soon as possible after the filing of this Settlement Stipulation, but in no event no later than ten days after the filing of this Settlement Stipulation with the Court. As set forth below, Philips shall bear the costs associated with providing this CAFA Notice.

-13-

4.      **Certification of Settlement Class**

As part of this Settlement Stipulation, the Parties stipulate to certification of the

Settlement Class for settlement purposes only pursuant to Fed. R. Civ. P. 23.

D.      **SETTLEMENT CONSIDERATION**

1.      **Monetary Relief for Settlement Class Members**

In addition to all other Settlement Consideration set forth in the Agreement, Settlement

Class Members who timely file Claims by the Claims Deadline and provide all required Proof of

Purchase or documentation and comply with all other conditions and requirements specified

herein, all as approved and validated by the Claims Administrator, shall have the right to obtain

relief, as detailed herein.

TIER 1 — CATEGORY A:  Any Settlement Class Member who:

(a)      submits a timely, valid and written Claim; ***and***

(b)      provides Proof or Purchase of a new <u>two-pack</u> AirFloss; ***and***

(c)      provides an attestation that they never previously obtained any refund or

other compensation from Philips or a retailer in connection with the

AirFloss purchase for which they seek relief here,

shall receive a voucher for $33.00.[3]

TIER 1 — CATEGORY B:  Any Settlement Class Member who:

(a)      submits a timely, valid and written Claim; ***and***

(b)      provides Proof of Purchase of a new <u>single-pack</u> AirFloss; ***and***

---

[3]      As described below, each Settlement Class Member is limited to one voucher.

(c)      provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $23.00.

**TIER 2:**  Any Settlement Class Member who:

(a)      submits a timely, valid and written Claim; ***and***

(b)      provides an attestation that they purchased a new AirFloss; ***and***

(c)      provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $7.00.

**2.      <u>Limits on Class Member Relief and Reallocations</u>**

There shall be no limit on the number of vouchers to be distributed in the aggregate to the Settlement Class Members.  There shall be no limit on the value of the voucher payments under the Settlement Agreement.  Settlement Class Members may submit, subject to proof, one Claim Form and are limited to two vouchers per household for Tier 1 Settlement Class Members and one voucher per household for Tier 2 Settlement Class Members pursuant to the Settlement Agreement.

**3.      <u>Voucher Terms</u>**

A.      Vouchers shall be fully transferable; and

B.      Vouchers must be used within twelve months after issuance and after that date shall become valueless; and

-15-

C.      Vouchers may be used for the purchase of any new (i) Philips audio or video products (excluding televisions), (ii) Philips Norelco shaving and grooming products, (iii) Philips Sonicare oral care products, (iii) Philips accessories, and (iv) Avent-branded products (collectively the "Eligible Products").

**4.**      <u>Costs of Notice, Administration, and Other Costs and Expenses</u>

Philips shall be responsible to pay all Claims Administration Expenses and all Notice Expenses, including the CAFA Notice.

**E.**      **CLAIMS DEADLINES, CLAIM FORMS, AND ADMINISTRATION**

1.      All Claims must be submitted with a Claim Form postmarked by the Claims Deadline.  The Claims Deadline shall be clearly set forth in the Settlement Class Notice, the websites of the Claims Administrator and of Class Counsel, and the Claim Form.  Settlement Class Members who do not timely submit a completed Claim Form shall not be eligible for an Award, and waive any rights to such an Award.  The Claims shall permit a Settlement Class Member who makes a timely Claim an opportunity to remedy deficiencies in such Settlement Class Member's Claim Form or related documentation.

2.      Those Settlement Class Members submitting Claims under any of the categories detailed above must submit to the Claims Administrator a timely Claim Form.  Claim Forms must be signed by the Settlement Class Member by hand under penalty of perjury (but need not be notarized).  Claim Forms will be made available by mail and for downloading from the Settlement Website maintained by the Claims Administrator and on the websites of Class Counsel.  Class Members may submit completed and signed Claim Forms to the Claims Administrator by mail, private courier, or facsimile.  Philips agrees that information provided by Settlement Class Members on Claim Forms shall be kept confidential, shall be used only for

-16-

purposes of administering the Settlement, and shall not be used for marketing or any other commercial purposes.

3.      Philips appoints, and the Class Representative and Class Counsel accept, Dahl, Inc. to serve as the Claims Administrator.  The Claims Administrator will be approved by the Court and will be subject to the Court's supervision and direction as circumstances may require. The Claims Administrator will administer the Notice Program and Claims process, and oversee the distribution of Awards to Settlement Class Members in accordance with the terms of the Settlement and orders of the Court.  The Claims Administrator shall determine if a Settlement Class Member is making a claim on a Covered Product.  The Claims Administrator shall also maintain the Settlement Website to which Settlement Class Members shall be directed for further information regarding the Settlement and other information as set forth in Section E.6.  In its discretion after the Claims Deadline has passed, the Claims Administrator may determine to take down the Settlement Website, or portions of it.

4.      The Claims Administrator shall administer the relief for Settlement Class Members provided by the Agreement by resolving Claims in a cost effective and timely manner, taking into account all of the circumstances presented to the Claims Administrator.  Nothing in this Stipulation shall require the Claims Administrator to provide Awards before the Effective Date or process claims before the Effective Date.  The Claims Administrator may utilize the resources of Philips to identify Class Members; to facilitate providing notice; to assist with establishing the Settlement Website; and to accomplish such other purposes as may be approved by Philips and Class Counsel; provided, however, that the determination of the validity of Claims shall be made by the Claims Administrator.  The Claims Administrator shall maintain records of all Claims submitted.  The Claims Administrator shall maintain all such records until the later of

ninety days after either the Effective Date or all Claims have been finally resolved, and such records will be made available at any time to Class Counsel or Philips' Counsel upon request by Class Counsel and Philips' Counsel.  Claim Forms and supporting documentation will be kept confidential by the Claims Administrator and will be provided only to the Court upon request and to Class Counsel and Philips' Counsel to monitor the progress of the payment of the Awards, to monitor the filing of claims, and to the extent necessary to resolve issues pursuant to Section E.5.  The Claims Administrator also shall provide such reports and such other information to the Court as it may require.

5.      The Claims Administrator will review and validate all Claims submitted by Settlement Class Members.  The Claims Administrator shall have the discretion to review Claims with the objectives of efficiency and effecting substantial justice to the Parties and the Settlement Class Members.  The Claims Administrator shall have the right to contact Settlement Class Members to validate Claims.  The validity of a Claim will be assessed based on the totality of the Claim.  Issues regarding the validity of Claims that cannot be resolved by the Claims Administrator shall be submitted to Counsel for Philips and Class Counsel for resolution and, if no resolution is reached, to the Court.

6.      The Claims Administrator shall cause a website to be created containing Claims information and relevant documents, including but not limited to, all applicable deadlines; the long-form Class Notice; downloadable Claim Forms; FAQs and answers; orders of the Court pertaining to the Settlement; this Stipulation; a toll-free telephone number and addresses to contact the Claims Administrator by e-mail and mail.  Philips shall pay the cost of creating and maintaining the Settlement Website and the Settlement Website may be rendered inactive at Philips' sole discretion after the Claims Deadline.

**F.    NOTICE TO THE SETTLEMENT CLASS, OBJECTION, AND OPT-OUT RIGHTS**

1.    Subject to Court approval, notice shall be accomplished by the following:

a.    mailing a postcard containing information related to the settlement and an URL for a specially-created website dedicated to the settlement (the "Settlement Website") to all purchasers of an AirFloss for whom Philips has a mailing address in its customer database (a copy of that post card can be found at Exhibit 6);

b.    sending an email message containing information related to the settlement and a link to the Settlement Website to all purchases of an AirFloss for whom Philips has an email address in its customer database (note that for those customers for whom Philips has both an email and mailing address, only the email address will be used)(a copy of that email can be found at Exhibit 7);

c.    a one-time publication of a 1/8th page advertisement in the Los Angeles Times and a one-time publication of a 1/8th page advertisement in the San Francisco Chronicle;

d.    for the month following the publication, internet advertising targeting potential class members through keyword services provided by Google and Yahoo and other advertising on various social networking websites, including Facebook (which will include a posting of a link to the Settlement Website on the AirFloss Facebook page);

e.    the issuance of an agreed-upon press release with a link to the Settlement Website through the PR Newswire service, which will distribute the press release to approximately **5,815** newspapers, television stations, radio stations and magazines as well as approximately **5,400** websites and online databases, including all major search engines;

f.    posting notice on the Philips website related to Sonicare and AirFloss products together with a link to the Settlement Website;

g.      a toll-free telephone support system will be established that will provide Class Members with (1) general information about the settlement; (2) frequently asked questions; and (3) the ability to request a Notice and Claim Form;

h.      Class Counsel shall provide a direct link to the Settlement Website from their firm's website;

2.      Upon Preliminary Approval of the Settlement, as the Court may direct, the Claims Administrator shall cause the Class Notice to be disseminated to potential Settlement Class Members as provided herein.  Notice shall be disseminated pursuant to the Notice Program on or before the Notice Date.  Copies of the proposed forms of Class Notice are attached as Exhibits 4 and 5.

3.      The Class Notice shall:

a.      contain a short, plain statement of the background of the Action and the proposed Settlement;

b.      describe the proposed Settlement relief as set forth in this Agreement;

c.      inform Settlement Class Members that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive relief;

d.      describe the procedures for participating in the Settlement and advise Settlement Class Members of their rights, including their right to file a Claim to receive an Award under the Settlement, to Opt-Out of same, or object thereto;

e.      explain the scope of the Release and Covenant Not To Sue, and the impact of the proposed Settlement on any existing litigation, arbitration or other proceeding;

f.      state that any Award to Settlement Class Members under the Settlement is contingent on the Court's final approval of the proposed Settlement;

g.      explain that neither Class Counsel, nor Philips' Counsel, nor the Claims Administrator may advise on the tax consequences of participating or not participating in the Settlement;

h.      explain the procedures for opting out of the Settlement and specifying that so-called "mass" or "class" Opt-Outs shall not be allowed;

i.      provide that any objection to the Settlement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection has submitted timely notice of his or her intention to do so, with the grounds for the objection, and has submitted copies of such papers he or she proposes to submit at the Final Approval Hearing to the Claims Administrator and served copies of such papers on Class Counsel and Philips' Counsel on or before the Opt-Out and Objection Date, as approved by the Court and specified in the Class Notice; and

j.      identify the existence of an injunction, barring new suits by Class Members relating to the Released Claims, until consideration of the Settlement Stipulation is concluded by the Court.

4.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Claims Administrator and served on Class Counsel and Philips' Counsel: (a) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; and (b) Proof of Purchase of an AirFloss or a full attestation regarding whether the Person purchased an AirFloss, including an attestation regarding why such purported Settlement Class Member does not have Proof of Purchase; and (c) a list of all cases in which the objector has filed an objection related to any class action settlement within the past

three years.  An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for the objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.  Any Settlement Class Member who fails to submit and serve timely a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Section F.3., as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.  The Claims Administrator shall provide copies of all objections to Philips' Counsel and Class Counsel, who shall file them with the Court.  An objecting Settlement Class Member may only object on his or her own individual behalf; so-called "mass" or "class" objections shall not be permitted.

5.      Prior to the Final Approval Hearing, the Claims Administrator shall provide to the Court documentation that Notice was provided in accordance with the Notice Program.

6.      A Settlement Class Member who wishes to Opt-Out of the Settlement Class must do so on or before the Opt-Out and Objection Date.  In order to Opt-Out, a Settlement Class Member must complete and send to the Claims Administrator a Request For Exclusion that is post marked no later than the Opt-Out and Objection Date.  The Request for Exclusion must be personally signed by hand by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class.  So-called "mass" or "class" opt-outs shall not be allowed.

7.      Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Settlement Stipulation, and upon the Effective Date,

will be bound by its terms, regardless of whether they file a Claim or receive any monetary relief.

8.     Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

9.     The Claims Administrator shall provide Class Counsel and Philips' Counsel with a list of all timely Requests For Exclusion within five (5) business days after the Opt-Out and Objection Date.

## G.     EXCLUSIVE REMEDY; RELEASES; JURISDICTION OF COURT

The Settlement Stipulation shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.  The Releases are entirely independent from the dismissals with prejudice contained in, and made a part of, this Settlement Stipulation.  No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.  Upon entry of the Final Judgment and Order Approving Settlement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

## H.     RELEASES AND COVENANT NOT TO SUE

1.     The following terms have the meanings set forth herein:

a.     "Released Claim" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description that a Releasing Party has or may have, including assigned

claims, whether known or unknown, asserted or unasserted, latent or patent, suspected or unsuspected, concealed or hidden, that is, has been, could have been or in the future might reasonably be asserted under any body of law by the Releasing Party either in the Court or any other court or forum, regardless of legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to, the design, sale, marketing or advertising of an AirFloss.  Nothing in these Releases shall be deemed a release of a claim for personal injuries arising out of the use of an AirFloss.

        b.      "Released Party" means Philips, and any retail seller and/or distributor of AirFloss, including all of their current and former predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, customers, subrogees and assigns.

        c.      "Releasing Party" means each Settlement Class Member (including the Class Representative) and any Person claiming by or through him/her/it as his/her/its spouse, child, ward, next friend, heir, devisee, legatee, invitee, employee, customer, associate, co-owner, attorney, agent, administrator, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, or affiliate.

        d.      "Covenant Not To Sue" means the agreement that, upon entry of the Final Judgment and Order Approving Settlement, each Releasing Party covenants that he or she will not initiate, maintain, or prosecute any legal action, in any forum, against any Released Party that is related in any way to any Released Claim.

2.      Upon entry of the Final Judgment and Order Approving Settlement, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from liability for any and all Released Claims.

3.      To ensure that these Releases are enforced fully and in accordance with their terms, with respect to any and all Released Claims, and upon entry of the Final Judgment and Order Approving Settlement without further action, for good and valuable consideration, Plaintiff, on behalf of herself and the Settlement Class and as the representative of the Settlement Class, shall expressly, and Releasing Parties shall be deemed to have, and by operation of the Final Judgment and Order Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever expressly waived and relinquished with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

4.      **<u>Additional Mutual Releases</u>**

a.      On and after the Effective Date, each of the Released Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged the Class Representative and each and all of Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts,

-25-

consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of the Action or the Released Claims.

b.   On and after the Effective Date, each of the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged Philips and any retail seller and/or distributor of AirFloss, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each of them, from all claims of every nature and description, known and unknown, relating to the defense, settlement and/or resolution of the Action or the Released Claims.

5.   The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties, Settlement Class Members, Class Counsel and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under the Settlement Stipulation.

## I.   COUNSEL FEES AND COSTS

1.   Class Counsel agrees to make, and Philips agrees not to oppose, an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $114,500.00. If and when ordered, such fees and expenses will be paid by Philips within ten business days after the Effective Date.  Philips will not be liable for any attorneys' fees or costs for any party that exceed this all-in number of $114,500.00.

2.       Philips agrees to pay the Class Representative the amount of such Incentive Award, if any, as may be approved by the Court, up to $750.00.  Philips agrees that it will not object to, or otherwise challenge, the Class Representative's applications for an Incentive Award, so long as the Class Representative does not seek an award in excess of $750.00  If awarded by the Court, the Incentive Award will be paid to Class Counsel for the benefit of the Class Representative within ten business days after the Effective Date.  Any Incentive Award approved by the Court shall be paid by Philips in addition to the Settlement benefits to Settlement Class Members and the Attorneys' Fees and Expenses otherwise provided for in this Agreement.  The Class Representative shall also be entitled to submit a Claim Form and participate in the Settlement as a Settlement Class Member.

**J.       THE FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT**

1.       This Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Settlement Class for the purposes of settlement only, and grants final approval of the Settlement pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.  Such Final Judgment and Order Approving Settlement shall:

a.       Confirm the final certification, for settlement purposes only, of the Settlement Class;

b.       Confirm the compliance of the Settlement Class with all requirements of Rule 23, including confirmation of the adequacy of the representation of Plaintiff as a Class Representative of the Settlement Class;

    c.  Confirm that the Notice Program complied in all respects with the requirements of due process and Rule 23 by providing due, adequate, and sufficient notice to the Settlement Class;

    d.  Determine that the Agreement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class;

    e.  Make all appropriate and necessary findings of fact required to enter a final judgment pursuant to Rule 54(b);

    f.  Dismiss the Complaint with prejudice as to the Released Parties;

    g.  Release each Released Party from the Released Claims that any Releasing Party has, had, or may have in the future, against each Released Party and provide that the Covenant Not To Sue has been given by each Settlement Class Member in favor of each Released Party and that all Settlement Class Members are bound thereby;

    h.  Bar and enjoin all Releasing Parties from asserting against any Released Party any Released Claim;

    i.  Release each Releasing Party and Settlement Class Member, and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants and insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each of them, from all claims of every nature and description, known and unknown, that any Released Party has had, or may in the future have relating to the initiation, assertion, prosecution, non-prosecution, settlement and/or resolution of the Action or the Released Claims, and bar and enjoin all Released Parties from asserting the same;

j.       Release Philips and any retail seller and/or distributor of AirFloss, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each of them of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of them, from all claims of every nature and description, known and unknown, that any Releasing Party has, had or may in the future have relating to the defense, settlement and/or resolution of the Action or the Released Claims, and bar and enjoin all Releasing Parties from asserting the same; and

k.       Retain the Court's continuing and exclusive jurisdiction over the Parties to the Agreement, including all Settlement Class Members, to construe and enforce the Agreement in accordance with its terms for the mutual benefit of the Parties.

## K.       REPRESENTATIONS AND WARRANTIES

1.       Philips represents and warrants:  (a) that it has the requisite corporate power and authority to execute, deliver and perform the Settlement Stipulation and to consummate the transactions contemplated hereby; (b) that the execution, delivery and performance of the Settlement Stipulation and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Philips; and (c) that the Settlement Stipulation has been duly and validly executed and delivered by Philips and constitutes its legal, valid and binding obligation.  Philips' Counsel represents and warrants that they are fully authorized to execute this Settlement Stipulation on behalf of Philips and thereby to bind Philips.

2.      Plaintiff represents and warrants that she is entering into the Settlement Stipulation on behalf of herself, individually and as a representative of the Settlement Class Members and the Releasing Parties, of her own free will and without the receipt of any consideration other than what is provided in the Settlement Stipulation or disclosed to, and authorized by, the Court.  Plaintiff represents and warrants that she has reviewed the terms of the Settlement, believes it to be fair and reasonable, and covenants that she will not file a Request for Exclusion from the Settlement Class or object to the Settlement.  Class Counsel represents and warrants that they are fully authorized to execute the Settlement Stipulation on behalf of Plaintiff, individually and as a representative of the Settlement Class Members and Releasing Parties.

3.      The Parties warrant and represent that no promise, inducement or consideration for the Settlement has been made, except those set forth herein.  No consideration, amount or sum paid, accredited, offered or expended by Philips in its performance of this Settlement Stipulation and the Settlement constitutes a fine, penalty, punitive damages or other form of assessment for any claim against it.

**L.      NO ADMISSIONS; NO USE**

1.      The Settlement Stipulation shall in no event be construed or deemed to be evidence or an admission or a concession on the part of Plaintiff, Philips, any Releasing Party, or any Released Party with respect to any issue in the case, including any claim of any fault or liability, any defense, or any claim of injury or damages.

2.      The Settlement Stipulation, whether or not consummated, and any proceedings taken pursuant to it, are not and shall not in any event be:

a.       Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiff, Philips, any Settlement Class Member, or any Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or

b.       Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiff, Philips, any Releasing Party or any Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

**M.       MISCELLANEOUS PROVISIONS**

**1.       <u>Entire Agreement</u>**

The Settlement Stipulation, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Settlement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of the Settlement, with the exception of the limit for Opt-Outs.  The Settlement Stipulation may not be changed, modified, or amended except in a writing signed by all Parties and, if required, approved by the Court.  The Parties contemplate that certain of the Exhibits to the Agreement relating to Class Notice may be modified by subsequent agreement of Philips and Class Counsel prior to dissemination to the Settlement Class.

2.      **Governing Law**

The Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

3.      **Execution by Counterparts**

The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent by e-mail shall be treated as original signatures and shall be binding.

4.      **Notices**

Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement and the Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Philips to the attention of Philips' Counsel, and if to Settlement Class Members, to the attention of Class Counsel on their behalf.

All notices to the Parties or counsel required by the Agreement shall be made in writing and communicated by fax and mail to the following addresses:

      a.      If to Plaintiff or Class Counsel:

> Michael Ian Rott
> Eric M. Overholt
> HIDEN, ROTT & OERTLE, LLP
> 2635 Camino del Rio South, Suite 306
> San Diego, California 92108
> Telephone: (619) 296-5884
> Facsimile:  (619) 296-5171
> mrott@hrollp.com
> eoverholt@hrollp.com

      b.      If to Philips or Philips' Counsel:

> Michael H. Steinberg
> Brian R. England
> SULLIVAN & CROMWELL LLP
> 1888 Century Park East, Suite 2100
> Los Angeles, California 90067
> Telephone:  (310) 712-6600
> steinbergm@sullcrom.com
> englandb@sullcrom.com

**5.**      **Miscellaneous Provisions**

a.      The Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, assigns, executors and legal representatives of the Parties to the Agreement and Defendant and Released Parties.

b.      Time is of the essence.

c.      Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.  Nothing in this Settlement Stipulation, or any other understanding, shall require such agreement.

d.      The determination of the terms of, and the drafting of, the Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel.

e.      The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

f.      In the event of any variance between the terms of this Settlement Stipulation and any of the Exhibits hereto, the terms of this Settlement Stipulation shall control and supersede the Exhibit(s), except if such Exhibit shall become an entered order, in which case the Parties shall petition the Court for an amendment of such entered order to ensure that the terms of this Settlement Stipulation shall control.

g.      All Exhibits to this Settlement Stipulation are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

h.      No opinion concerning the tax consequences of the Settlement to any Settlement Class Member is given or will be given by Philips, Philips' Counsel, or Class Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Settlement as to any Settlement Class Member.  The Class Notice will direct Settlement Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and any tax reporting obligations with respect thereto.  Each Settlement Class Member is responsible for his/her tax reporting and other obligations respecting the Settlement, if any.

i.      It is expressly understood that, to the extent a Released Party is not a Party to the Settlement Stipulation, all such Released Parties are intended third party beneficiaries of the Settlement Stipulation.

### N.      TERMINATION OF THIS AGREEMENT

1.      In the event that:

a.      By October 30, 2013, the Court does not enter an order granting Preliminary Approval Order conforming in all material respects to Section C.1 herein and Exhibit 1 hereof;

b.      The Court does not conditionally and finally certify the Settlement Class as defined herein or the Court's order certifying the Settlement Class is reversed, vacated, or modified in any respect by another court;

c.      The Court does not enter a Final Judgment and Order Approving Settlement conforming in all material respects to Section J herein and Exhibit 2, or if entered,

such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court; then either of the Parties may terminate this Agreement within ten (10) business days of the event giving rise to the right to terminate by serving written notice upon the other Party and Court.

2.      In the event of a termination under Sections N.1.b. or N.1.c. herein, Philips shall cause the Claims Administrator to post information regarding the termination on the Settlement Website established for the Settlement and to e-mail such information to those Settlement Class Members who provided an e-mail address to the Claims Administrator.  It is expressly agreed that neither the failure of the Court to award Attorneys' Fees and Expenses to Class Counsel or Incentive Award to Plaintiff, nor the amount of such Attorney's Fees and Expenses or Incentive Awards that may be finally determined and awarded, shall provide a basis for termination of this Agreement.

3.      In the event that more than a certain confidential number of Settlement Class Members as specified in that separate and confidential side-letter dated May 20, 2013, shall file valid Opt-Outs, then Philips, in its discretion, shall have the ability to terminate this Settlement Stipulation.

4.      In the event of the termination of this Settlement Stipulation, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Settlement Stipulation.  Upon termination, Sections B and L herein shall survive and be binding on the Parties, but this Settlement Stipulation shall otherwise be null and void.

5.      In the event that the Court approves the terms of the Settlement but does not approve (or reserves judgment on) the request for Attorneys' fees, expenses and/or incentive

awards, the Settlement and Settlement Consideration may nonetheless be distributed to Class Members without delay.

IN WITNESS WHEREOF, each of the Parties hereto has caused the Settlement Stipulation to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

AGREED:

Dated: _May 18_, 2013                    SULLIVAN & CROMWELL LLP

By: _____

*Counsel for Defendants Philips Oral Healthcare, Inc. and Philips Electronics North America Corporation*

Dated: _May 20_, 2013                    HIDEN, ROTT & OERTLE, LLP

By: _____

*Counsel for Plaintiff Lilia Perkins and Class Counsel*

-36-