UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PERKINS v. PHILIPS ORAL HEALTHCARE, INC., et al. | Case No. 12-CV-1414H BGS<br>**Class Action** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING DISTRIBUTION OF CLASS NOTICE, APPOINTING PLAINTIFF'S COUNSEL AS COUNSEL TO THE SETTLEMENT CLASS, AND SETTING HEARING FOR DETERMINATION OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS**, the Plaintiff and Defendants have entered into a Stipulation of Class Action Settlement (the "Settlement Agreement") intended to fully resolve the litigation pending in this Court;

**WHEREAS**, the Court finds that it has jurisdiction over this Action;

**WHEREAS**, the Settlement Agreement, together with the supporting materials, sets forth all of the terms and conditions for a proposed Settlement and dismissal with prejudice of the above-captioned action against Philips Oral Healthcare, Inc. and Philips Electronics North America Corporation (together "Philips" or "Defendants");

**WHEREAS**, the Court has before it Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, Memorandum of Law in Support of the Motion for Preliminary Approval of Settlement, together with the Settlement Agreement, dated May 20, 2013, and exhibits thereto; and

**WHEREAS**, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement

negotiations between competent and experienced counsel for both Plaintiff and Defendants, including through an Early Neutral Evaluation ("ENE") conference before the Honorable Bernard G. Skomal, and that the requirements for granting preliminary approval to the settlement are otherwise satisfied.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.     PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

1.     The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  Unless otherwise provided here, capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement.  The Court finds that said Settlement Agreement is sufficiently within the range of reasonableness and merits possible final approval, and that notice to Class Members of the proposed Settlement should be given as provided in this Order pursuant to the Notice Plan set forth in the Settlement Agreement.

**II.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL**

2.     For purposes of settlement only, the Court conditionally:

(a)     finds that Plaintiff Lilia Perkins (the "Class Representative") is a member of the Settlement Class, the Class Representative can fairly and adequately represent the interests of absent Class Members, and the Class Representative's claims are typical of the claims of the Settlement Class, and the Court conditionally appoints her as Class Representative for the Settlement Class.

(b)     determines that the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), and pursuant to Rule 23, the Court conditionally certifies, for purposes of settlement only, the following Settlement Class: all California residents who purchased a new AirFloss in California between January 1, 2011 and June 24, 2013.

(c)     appoints the following as Class Counsel for the Settlement Class:

> Michael Ian Rott
> Eric M. Overholt
> HIDEN, ROTT & OERTLE, LLP
> 2635 Camino del Rio South, Suite 306
> San Diego, California 92108.

3.     In appointing Class Counsel for the Settlement Class, and for purposes of settlement only, the Court has considered the work that they have done in investigating and pursuing potential claims in the action, finds that they have experience in handling complex litigation and the types of claims asserted in the action, concludes they have demonstrated their knowledge of the applicable law and that they have committed and will continue to commit resources to representing the Settlement Class. *See generally* Fed. R. Civ. P. 23(g)(1).

## III.   FINAL APPROVAL HEARING

4.     The Court hereby sets a Final Approval Hearing to (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Settlement Stipulation; (iii) consider the fairness, reasonableness and adequacy of the Settlement; (iv) consider counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) consider the request by the Class Representative for an Incentive Award for consideration ($750) independent of and in addition to the consideration otherwise paid to a Settlement Class Member; (vi) determine the validity of Requests for Exclusion and exclude from the Settlement Class those persons who validly and timely opt out; and (vii) consider whether the Court shall issue a final judgment and order approving the Settlement and dismissing this Action and all Constituent Actions against Philips with prejudice.

5.     The hearing will take place on September 9, 2013 at ___ a.m.

6. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Class Counsel shall advise members of the Settlement Class of any scheduling updates by way of notice appearing on the Settlement Website.

## IV. BRIEFING SCHEDULE AND OTHER DEADLINES

7. In addition to the foregoing, the Court sets the following deadlines for the Final Approval Hearing and Class Counsel's request for attorneys' fees and expenses, and incentive award for the Class Representative:

| | |
|---|---|
| **70 days before Final Approval Hearing** | **Last day to complete class notice (the "Notice Date").** |
| **60 days before Final Approval Hearing** | **Last day to file papers in support of final approval of the Settlement and any application for attorneys' fees and expenses, and incentive awards for the Class Representative.** |
| **21 days before Final Approval Hearing** | **Last day to file comments in support of or in objection to the Settlement, the fee application and the Incentive Award and the last day for Class Members to request exclusion from the Settlement Class (the "Opt-Out and Objection Date").** |
| **11 days before Final Approval Hearing** | **Last day for responses to any objections to the Settlement and/or fee application** |
| **September 9, 2013 at ____ a.m.** | **Final Approval Hearing** |
| **75 days after Final Approval Hearing** | **Date by which all claims must be received by Claims Administrator (the "Claims Deadline").** |

## V. NOTICE TO SETTLEMENT CLASS

8. The Court finds that the Notice Program (i) meets the requirements of Rule 23(c)(3) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice.

9. Additionally, the proposed Class Notice adequately informs Class Members of their rights in the Action. The Class Notice clearly and concisely states the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. *See* Fed. R. Civ. P. 23(c)(2).

10. The Court hereby approves the Notice Program and Class Notice as set forth in Section F of the Settlement Agreement and the Claim Form attached as an exhibit thereto. Philips or its designee(s) shall cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date. Prior to the Final Approval Hearing, Philips and/or the Claims Administrator shall file with the Court a sworn statement attesting to compliance with meeting of the Notice Plan deadlines, and serve such statement upon Class Counsel.

11. Upon consideration of the resume of Dahl, Inc. (Exhibit B to the Memo. of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement Agreement and Provisional Class Certification), the Parties' Counsel are authorized to retain Dahl, Inc. as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

## VI. OPT-OUT PROVISION

12.  Settlement Class Members are permitted to opt out of this Settlement through an opt-out procedure. Any member of the Settlement Class that wishes to be excluded ("Opt Out") from the Settlement Class must send a written Request for Exclusion to the Claims Administrator, to Co-Lead Counsel and to Philips' Counsel, postmarked on or before the Opt-Out and Objection Deadline as specified in Section F of the Settlement Agreement. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion.

13.  Any Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be bound by all proceedings, orders and judgments in the Action, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Exchange Program pursuant to the Settlement Agreement.

14.  All members of the Settlement Class who do not personally and timely request to be excluded from the Settlement Class are enjoined from proceeding against Defendants for the claims released in the Settlement Agreement.

15.  Any person that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

## VII. OBJECTION TO SETTLEMENT

16.  Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Settlement Class Member may object to the fairness,

-5-

reasonableness or adequacy of the proposed Settlement, entry of Final Order and Judgment approving the Settlement, and Class Counsel's application for attorneys' fees, costs and expenses, and/or the Plaintiff's Incentive Award request by submitting a written statement of his or her objection ("Objection") to the Claims Administrator, Co-Lead Counsel, and to Philips' Counsel postmarked on or before the Opt-Out and Objection Date as specific in Section F of the Settlement Agreement. The Claims Administrator will then cause all received objections to be filed with the Court.

17. Any Class Member making an Objection (an "Objector") must sign the Objection personally. An Objection must also include the following information: (a) the Objector's name, address, telephone number and, if represented by counsel, information for his or her counsel; and (b) the Objector's proof of purchase of an AirFloss (or a full attestation regarding whether he or she purchased an AirFloss, including an attestation regarding why he or she does not have any such Proof of Purchase); and (c) a list of all cases in which the Objector has filed an objection related to any actual or proposed class action settlement within the past three years. In addition, Objectors are required to submit the specific reason, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to make an appearance at the Final Approval Hearing, or be forever barred from separately objecting.

18. Any Class Member who objects to the Settlement may, but need not, appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to present any evidence or argument that may be proper or relevant. Objections, along with any notices of intent to appear, must be postmarked on or before the Opt-Out and Objection Deadline. If counsel is

appearing on behalf of more than one Class Member, counsel must identify each such Settlement Class Member and each Settlement Class Member must have complied with the requirements of this Order.

19. Objections, along with any notices of intent to appear, must also be mailed to the following Class Counsel and counsel for Defendants at the addresses listed below:

**COUNSEL FOR PLAINTIFF**

Michael Ian Rott
Eric M. Overholt
HIDEN, ROTT & OERTLE, LLP
2635 Camino del Rio South, Suite 306
San Diego, California 92108

**COUNSEL FOR PHILIPS**

Michael H. Steinberg
Brian R. England
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California  90067

20. Only Class Members who have served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing.  Any Class Member who does not timely serve an objection in writing to the Settlement, the entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses, and/or the Incentive Award request for the named Plaintiff, in accordance with the procedure set forth in the Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

21. Persons wishing to be heard at the hearing are required to serve written comments or objections and indicate in their written comments or

objections their intention to appear at the hearing. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

## VIII. FURTHER ORDERS

22.     From the date of this Order forward, the Court hereby enjoins, without requirement of a bond, any Settlement Class Members from instituting any new litigation against Philips or any of its affiliates related to the AirFloss and/or its marketing or sales until the Court may rule on the Settlement at or after the Final Approval Hearing.

23.     All applicable pre-trial deadlines in the Action shall be continued indefinitely, so that Philips and Plaintiff shall in no way be prejudiced by their efforts to resolve the claims resolved through this Agreement.

24.     If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void, the Defendants shall have reserved all of their rights to oppose any and all class certification motions, to contest the adequacy of Plaintiff as a typical or adequate representatives of any putative class, to contest the merits of Plaintiff's claims, and to contest the adequacy of Plaintiff's Counsel as Class Counsel. Similarly, Plaintiff reserves all of her rights, including the right to continue with the litigation, pending at the time of the Settlement should the Settlement Agreement not be consummated and/or receive final approval from this Court.

**IT IS SO ORDERED**.

Dated: _____

_____
HON. MARILYN HUFF
UNITED STATES DISTRICT JUDGE