# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LILIA PERKINS v. PHILIPS ORAL HEALTHCARE, INC., et al.** | Case No. 12-CV-1414H BGS <br> <u>Class Action</u> |

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFYING SETTLEMENT CLASS**

**WHEREAS**, this matter has come before the Court pursuant to the Motion for Order Granting Final Approval of Class Action Settlement and Certifying Settlement Class (the "Motion");

**WHEREAS**, the Court finds that it has jurisdiction over this Action;[1]

**WHEREAS**, on [September __], 2013, this Court granted Plaintiff's Unopposed Motion for Preliminarily Approval of the Settlement Agreement and Provisional Class Certification (the "Preliminary Approval Order");

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court has held a hearing on _____ to consider the fairness, reasonableness and adequacy of the Settlement Stipulation, has been advised of all objections to the Settlement and has given fair consideration to such objections;

**WHEREAS**, the Court has considered the Motion, the Stipulation of Class Action Settlement, dated May 20, 2013, and the exhibits thereto (the "Settlement Stipulation" or the "Settlement"), and objections to the proposed Settlement; and

---

[1] Capitalized terms herein have the meaning as specified in the Settlement Stipulation, dated May 20, 2013.

**WHEREAS**, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendation of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

**I.     FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

1. The terms of the Settlement Stipulation are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that Plaintiff would prevail at trial; the range of possible recovery available to Plaintiff; the consideration provided to Settlement Class Members pursuant to the Settlement Stipulation as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of proceedings at which the Settlement was reached.

2. The proposed Settlement was entered into by experienced counsel and only after extensive arms-length negotiations, including through an Early Neutral Evaluation conference before the Honorable Bernard G. Skomal. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Stipulation.

**II.    CLASS CERTIFICATION**

    **A.     CERTIFICATION OF SETTLEMENT CLASS**

3. Preliminary approval was granted with respect to the proposed Settlement Class on _____, 2013:

1  All California residents who purchased a new AirFloss in California
2  between January 1, 2011 and June 24, 2013.

3  **B.  Rule 23(a)**

4  4.  With respect to the proposed Settlement Class as set forth in the Settlement Stipulation, this Court has determined that, for purposes of a settlement of the Action only, Plaintiff has satisfied each of the Rule 23(a) Prerequisites:

(a)  The Class Members are so numerous that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1).

(b)  There are questions of law or fact common to the Settlement Class.  Fed. R. Civ. P. 23(a)(2).  Common questions of law or fact include: (1) whether the Philips advertised AirFloss as "An Easier Way to Floss"; (2) whether Philips represented that AirFloss replaces flossing; (3) whether Philips' conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

(c)  The claims of the Class Representative are typical of the claims of the Settlement Class.  Fed. R. Civ. P. 23(a)(3).  Here, Plaintiff has alleged that Philips marketed AirFloss as a replacement for flossing and failed to disclose or adequately disclose material facts to members of the Settlement Class.  Plaintiff asserts that there was sufficient uniform treatment by Philips so that the Class Representative and each Settlement Class Member (i) presents the same claim concerning (ii) the same conduct and (iii) seeks the same relief from Philips.  The ability of the parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

(d)  The Class Representative will fairly and adequately protect the interests of the Settlement Class.  Fed. R. Civ. P. 23(a)(4).  The Class Representative does not have interests that are antagonistic to the Class and her interests are fully aligned with the interests of other Class Members.  Accordingly,

the Court finds that the Class Representative has satisfied Rule 23(a) for purposes of evaluating this Settlement.

### C.   Rule 23(b)(3)

5.   With respect to the Settlement as contained in the Settlement Stipulation, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

6.   Here, Settlement Class Members share a common legal grievance arising from Philips' alleged marketing of AirFloss as a replacement for flossing and Philips' failure to disclose or adequately disclose material facts related to AirFloss to any of the purchasers of AirFloss. Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement. In concluding that Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes only, the Court further finds that a class action is superior for purposes of resolving these claims because individual Class Members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation far outpaces the individual recovery available to any Plaintiff. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

7.   The Court finds that the Class Representative is an adequate representative to maintain her consumer fraud claims on behalf of the Settlement Class Members. The Court hereby certifies, for settlement purposes only, the following Settlement Class:

>All California residents who purchased a new AirFloss in California between January 1, 2011 and June 24, 2013.

### III. NOTICE

8. The Court finds that the Notice Program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

### IV. COUNSEL FEES AND COSTS

9. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees and expenses in the amount of $_____ to be paid by Philips, and an Incentive Award for the Class Representative in the amount of $\_\_\_ to be paid by Philips.

### V. RELEASES AND FURTHER RELIEF

10. As the terms are defined in the Settlement Stipulation, each Released Party is released from the Released Claims that any Releasing Party has, had, or may have in the future, against each Released Party. The Releases are independent of the dismissals with prejudice provided herein. The Covenant Not To Sue has been given by each Settlement Class Member in favor of each Released Party, by which all Settlement Class Members are bound. Settlement Class Members are barred and enjoined from asserting against any Released Party any Released Claim.

11. Further, each Releasing Party and Settlement Class Member, and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the

present and former attorneys, accountants, experts, consultants and insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each of them, are released from all claims of every nature and description, known and unknown, that any Released Party has had, or may in the future have relating to the initiation, assertion, prosecution, non-prosecution, settlement and/or resolution of the Action or the Released Claims, and all Released Parties are barred and enjoined from asserting the same.

12. Further, Philips and any retail seller and/or distributor of AirFloss, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers, and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of them, and the predecessors, successors, heirs and assigns of each of them are released from all claims of every nature and description, known and unknown, that any Releasing Party has, had or may in the future have relating to the defense, settlement and/or resolution of the Action or the Released Claims, and all Releasing Parties are barred and enjoined from asserting the same.

## VI. OPT-OUTS

13. A list of those members of the Class who have timely elected to opt out of the Settlement and the Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Stipulation, and this Order, has been submitted to the Court and is attached as Exhibit "A" and incorporated by reference herein. All other members of the Settlement Class (as permanently certified herein) shall be subject to all of the provisions of the Settlement, the provisions of the Settlement Stipulation, and this Order.

## VII. CONTINUING JURISDICTION

14. Without any way affecting the finality of this Order, the Court hereby retains jurisdiction over the Parties to the Settlement Stipulation, including all

Settlement Class Members, and Class Counsel to construe and enforce the Settlement Stipulation in accordance with its terms for the mutual benefit of the Parties.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                          HON. MARILYN HUFF
                                          UNITED STATES DISTRICT JUDGE