1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

LILIA PERKINS, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.

PHILIPS ORAL HEALTH CARE,
INC., a Washington Corporation;
PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION, a
Delaware Corporation; and DOES 1
through 20, inclusive,

Defendants.

CASE NO. 12-CV-1414 H
(BGS)

**ORDER:**

**(1) CERTIFYING CLASS
FOR SETTLEMENT
PURPOSES;**

**(2) APPOINTING CLASS
REPRESENTATIVE;**

**(3) APPOINTING CLASS
COUNSEL;**

**(4) PRELIMINARILY
APPROVING CLASS
SETTLEMENT;**

**(5) APPROVING CLASS
NOTICE; and**

**(6) SCHEDULING FAIRNESS
HEARING**

On May 28, 2013, Plaintiff Lilia Perkins filed a motion for preliminary approval of class settlement, provisional class certification, appointment of Plaintiff as class representative and her attorneys as class counsel, approval of class notice, and scheduling of a fairness hearing. (Doc. No. 20.) On May 29, 2013, Defendants Philips Oral Healthcare, Inc., and Philips Electronics North America Corporation (collectively

"Defendants") filed a notice of joinder of Plaintiff's motion.  (Doc. No. 21.)  The Court held a hearing on the motion on July 11, 2013.  Attorneys Eric Overholt and Michael Rott appeared on behalf of Plaintiff.  Attorneys Brian England, Michael Steinberg, and Antonia Stamenova-Dancheva appeared on behalf of Defendants.

### Background

This case arises out of Defendants' efforts to market their product, the AirFloss. Plaintiff alleges that Defendants falsely advertised the AirFloss as a substitute for traditional floss.  (Doc. No. 4 ("First Amend. Compl.") ¶2.)

**A.     Procedural History**

On September 20, 2012, Plaintiff filed a class action complaint against Defendants on behalf of herself and "[a]ll persons in California who purchased a Philips Sonicare Airfloss."  (First Amend. Compl. ¶29.)  In her complaint, Plaintiff alleges claims of breach of express warranty, Cal. Com. Code § 2313; violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200; violations California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500; and violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780.  (First Amend. Compl.)  On December 7, 2012, the Court granted Defendants' motion to dismiss the express warranty claim and the CLRA claim under Cal. Civ. Code § 1770(a)(4), but denied Defendants' motion to dismiss the UCL, FAL, and other CLRA claims.  (Doc. No. 12.)  Plaintiff did not file an amended complaint within the thirty day period provided by the Court.

**B.     Proposed Settlement**

The proposed settlement provides relief to a putative class generally comprising persons who, between January 1, 2011, and June 24, 2013, purchased a new AirFloss in California.  (Doc. No. 20-2 ("Proposed Settlement") ¶38.)  The proposed settlement establishes three categories of claimants.  Class members who submit proof of purchase of a new, two-pack AirFloss belong to Category A of Tier 1 and will receive a voucher for $33.  (Id. at p. 14.)  Class members who submit proof of purchase of a new, single-

pack AirFloss belong to Category B of Tier 1 and will receive a voucher for $23.  (<u>Id.</u> at pp. 14-15.)  Class members who fail to submit proof of purchase may submit an attestation that they purchased a new AirFloss within the class period.  Those class members belong to Tier 2 and will receive a voucher for $7.  (<u>Id.</u> at p. 15.)  There is no limit on the total number of vouchers distributed to the class in the aggregate; however, each household is limited to two vouchers for Tier 1 class members and once voucher for Tier 2 class members.  (<u>Id.</u>)  The vouchers are fully transferrable, but must be used within twelve months.  (<u>Id.</u>)  The vouchers "may be used for the purchase of any new (i) Philips audio or video products (excluding televisions), (ii) Philips Norelco shaving and grooming products, (iii) Philips Sonicare oral care products, (iii) [sic] Philips accessories, and (iv) [sic] Avent-branded products."  (<u>Id.</u> at p. 16.)

In exchange, class members, other than those who opt-out, agree to release all claims "arising from, or in any way related to, the design, sale, marketing or advertising of an AirFloss," except for personal injury claims.  (<u>Id.</u> at pp. 23-24.)

**Discussion**

When the parties reach a settlement agreement prior to class certification, the court is under an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement."  <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 952 (9th Cir. 2003).  Thus, the court must first assess whether a class exists, and second, determine whether the proposed settlement is fundamentally fair, adequate, and reasonable.  <u>Id.</u>

**I.    Class Certification**

A plaintiff seeking to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure must first satisfy the requirements of Rule 23(a).  Fed. R. Civ. P. 23(b).  Once subsection (a) is satisfied, the purported class must then fulfill the requirements of Rule 23(b)(3).  In the present case, Plaintiff seeks to certify a class for settlement purposes defined as follows:

> [A]ll California residents who purchased a new AirFloss in California
> between January 1, 2011 and June 24, 2013.  Excluded from the

Settlement Class are: (1) any Person that has already obtained any refund from Philips or any retailer in connection with the AirFloss for which the Class Members seek relief in this case, (2) any Person who files a valid, timely Request for Exclusion; (3) any Person who purchased an AirFloss, but gave it away as a gift; and (4) any Judges to whom this Action is assigned and any member of their immediate families.

(Proposed Settlement ¶38.)

**A.      Rule 23(a) Requirements**

Rule 23(a) establishes that one or more plaintiffs may sue on behalf of class members if all of the following requirements are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a).

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs' counsel represents that there are 6,000 currently registered AirFloss products in California, and there are an estimated 50,000 other consumers in California. (Doc. No. 20-1 ("Rott Decl.") ¶6.) Such a large number of potential class members is far too numerous to be joined as plaintiffs in this lawsuit. Accordingly, the numerosity prerequisite is met in this case.

The commonality prerequisite is met if there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2) is construed permissively. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be common, but rather "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. Here, there are many questions of law and fact that are common to the class, such as whether Defendants falsely advertised the AirFloss product. Accordingly, the commonality prerequisite is met.

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(c). A plaintiff's claims are "'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020.

- 4 -

Typicality requires that a representative plaintiff "possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 156 (1982). Here, Plaintiff and purported class members share the same injury – purchase of an AirFloss product based on alleged misrepresentations and false advertising. (Compl. ¶2.) As Plaintiff's claims are reasonably co-extensive with the claims of absent class members, the typicality prerequisite is met.

Adequacy of representation under Rule 23(a)(4) requires that the class representative be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiff and class counsel (1) do not have any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d 1020. Here, there does not appear to be any conflicts of interest between Plaintiff and the absent class members. Additionally, Plaintiff has pursued the interests of the class by, among others, hiring counsel to prosecute the class members' claims. (Rott Decl. ¶1.) Plaintiff's counsel has expended significant time and resources in prosecuting this action. For example, counsel "interviewed several dentists to discuss the efficacy of oral irrigators in general and the AirFloss specifically," reviewed customer complaints, and interviewed consumers of the product. (Id. ¶¶2-3.) Accordingly, the adequacy of representation requirement is met in this case, and thus the Court appoints Plaintiff as class representative.

For the foregoing reasons, Plaintiff has met all of the requirements of Rule 23(a).

**B.     Rule 23(b)(3)**

Rule 23(b)(3) requires the court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are referred to as the "predominance" and "superiority" tests. See Hanlon, 150 F.3d at 1022-23. Rule 23(b)(3)'s predominance and superiority requirements are

designed "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615 (1997) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 23, 28 U.S.C. App., pp. 696-97).

**1.    Predominance**

The predominance inquiry tests "'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"   Hanlon, 150 F.3d at 1022 (quoting Amchem, 521 U.S. at 623).  This analysis requires more than proof of common issues of law and fact.  Id.  Rather, the common questions should "present a significant aspect of the case and . . . be resolved for all members of the class in a single adjudication."  Id. (internal quotation omitted).  Courts have found that common factual issues involving a single advertisement seen by all class members can predominate over individual issues.  See Weeks v. Kellogg Co., No. 09-8102, 2011 U.S. Dist. LEXIS 155472 (C.D. Cal. Nov. 23, 2011) (certifying a class under Rule 23(b)(3) alleging that defendant's marketing campaign that certain of its cereal products can support a family's immune system was false and misleading); cf. Gonzalez v. P&G Co., 247 F.R.D. 616, 622-23 (S.D. Cal. 2007) (refusing to certify consumer class action as evidence showed that defendant "employed a wide variety of representations in its labeling, television commercials, website promotions, and other promotions" and, thus, class members may have relied on different representations or may not have been exposed to any of the allegedly false representations).

Here, a significant issue is whether Defendants misrepresented the efficacy of the AirFloss product.  Plaintiff identifies specific representations that appear on the AirFloss package, on the internet, on Defendants' website, and in print media as false or misleading. (First Amended Compl. ¶¶5-6.) Although presented in different media, the identified representations consistently compare the efficacy of the AirFloss to traditional floss.  (Id.)  Plaintiff does not allege, nor do Defendants contend that

Defendants employed a wide variety of representations in marketing the AirFloss product.  Thus, there has been no showing that the potential class members relied on different representations in purchasing their AirFloss products.  As such, Defendants' marketing of the AirFloss is a common issue that can predominate over the individual issues in this case.  Weeks, 2011 U.S. Dist. LEXIS 155472.  Additionally, some of the potential individual issues may not require individualized proof.  See In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009) (holding that plaintiffs need not prove individual reliance under the fraudulent prong under the UCL if "there is a showing that a misrepresentation was material").  Accordingly, the Court concludes that Plaintiff has met her burden at this stage to show that the issues common to the class predominate over the individual issues.  Fed. R. Civ. P. 23(b)(3).

**2.      Superiority**

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case."  Hanlon, 150 F.3d at 1023 (citation omitted).  Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency."  Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).  Here, there is no evidence that absent class members wish to pursue their claims individually.  Further, classwide treatment of these issues will be efficient as the class members' claims appear to involve a relatively small amount of damages per member.  (See generally  First Amended Compl.)  Accordingly, the superiority requirement is met here.

For the foregoing reasons, Plaintiffs have satisfied the requirements of Rule 23(b)(3).  Accordingly, the Court grants preliminary certification to the proposed class for purposes of settlement.  The Court, however, may review this finding at the final approval hearing.

///

///

1    **II.    The Settlement**

2         Rule 23(e) requires the court to determine whether a proposed settlement is

3    "'fundamentally fair, adequate, and reasonable.'"  Staton, 327 F.3d at 959 (quoting

4    Hanlon, 150 F.3d at 1026).  To make this determination, the court must consider a

5    number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense,

6    complexity, and likely duration of further litigation; (3) the risk of maintaining class

7    action status throughout the trial; (4) the amount offered in settlement; (5) the extent of

8    discovery completed, and the stage of the proceedings; (6) the experience and views of

9    counsel; (7) the presence of a governmental participant; and (8) the reaction of class

10   members to the proposed settlement.  Id.  In addition, the settlement may not be the

11   product of collusion among the negotiating parties.  In re Mego Fin. Corp. Sec. Litig.,

12   213 F.3d 454, 458 (9th Cir. 2000) (citing Class Plaintiffs v. City of Seattle, 955 F.2d

13   1268, 1290 (9th Cir. 1992)).

14        Given that some of these factors cannot be fully assessed until the court conducts

15   the final approval hearing, "'a full fairness analysis is unnecessary at this stage.'"

16   Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citation omitted).  Rather,

17   at the preliminary approval stage, the Court need only review the parties' proposed

18   settlement to determine whether it is within the permissible "range of possible judicial

19   approval" and thus, whether the notice to the class and the scheduling of a fairness

20   hearing is appropriate.  See 4 William B. Rubenstein et al., Newberg on Class Actions

21   § 11:25 (4th ed. 2002) (citations omitted); see also Alberto, 252 F.R.D. at 666 (citation

22   omitted).

23        After reviewing the proposed settlement in light of the above factors and the

24   current stage of the litigation, the Court concludes that preliminary approval is

25   appropriate.  The proposed settlement appears to be the result of serious, informed, and

26   non-collusive negotiations.  Young v. Polo Retail, LLC, No. 02-4546, 2006 WL

27   30500861, at *5 (N.D. Cal. Oct. 25, 2006).  Before agreeing to a settlement, Plaintiff's

28   counsel conducted numerous interviews with users of the AirFloss product as well as

many dental professionals. (Rott Decl. ¶¶2-3.) Additionally, Plaintiff's counsel agreed to the settlement in light of the uncertainties of trial and the costs, risks, and delays associated with  continued litigation.  (Id. ¶9.)  Further, counsel in this case are particularly knowledgeable regarding consumer class actions (Id. ¶10), and they represent that the settlement is in the best interests of the putative class members.  (Id. ¶9); Staton, 327 F.3d at 959.

For the foregoing reasons, the Court concludes that the proposed settlement is within a range of possible judicial approval.  Alberto, 252 F.R.D. at 666.  As such, the Court grants preliminary approval of the settlement.  The Court, however, reserves judgment on the reasonableness of the attorneys' fees for the final approval hearing.

**III.   Appointing Class Counsel**

Traditionally, the choice of counsel has been left to the parties, "whether they sue in their individual capacities or as class representatives."  In re Cavanaugh, 306 F.3d 726, 734 (9th Cir. 2002) (citation omitted).  In determining whether plaintiff's counsel is adequate, a court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  In the present case, as already noted, Plaintiff's counsel has extensive experience in consumer class actions. (Rott Decl. ¶10.)  Accordingly, the Court grants Plaintiffs' motion to appoint Michael Ian Rott and Eric M. Overholt of the law firm Hiden, Rott & Oertle, LLP as class counsel.

**IV.   Approving Class Notice**

The class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  In addition, the class notice must satisfy the content requirements of

Rule 23(c)(2)(B), that provides the notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

**A.    Content of the Notice**

In the present case, the content of the notice is adequate.  It provides the following:  a description of the lawsuit; a description of the settlement class and the class claims; a statement that class members may appear at the fairness hearing through an attorney; a statement that class members may exclude themselves from the settlement; a description of how class members may request exclusion; and a description of the effect on class members if the Court approves the proposed settlement.  (See Doc. No. 20-7.)

**B.    Method of Notice**

The proposed method of notice is reasonable.  Notice will be sent via mail and email.  For class members for which Defendants do not have a valid mailing or email address, notice will be published in the Los Angeles Times and the San Francisco Chronicle.  Additionally, a press release will issue with a link to the settlement website.

After reviewing the content and the proposed method of providing notice, the Court determines that the notice is adequate and sufficient to inform the class members of their rights.  Accordingly, the Court approves the form and manner of giving notice of the settlement.

**V.    Scheduling Fairness Hearing**

Finally, the Court sets the Final Approval hearing for Monday, November 4, 2013 at 10:30 a.m.  Plaintiff must file a motion for final approval of the settlement, as well as any motions for fee awards and enhancement awards, on or before Monday, October 7, 2013.

<u>**Conclusion**</u>

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

    (1)   Plaintiff's request for provisional certification of the class for purposes of settlement is granted;

    (2)   Plaintiff's request to have herself appointed as class representative is granted;

    (3)   Plaintiff's request for preliminary approval of the proposed settlement is granted;

    (4)   Plaintiff's request to have Michael Ian Rott and Eric M. Overholt of the law firm Hiden, Rott & Oertle, LLP appointed as class counsel is granted;

    (5)   The form and manner of giving notice of the proposed settlement to the class members is approved; and

    (6)   The fairness hearing will be held on Monday, November 4, 2013 at 10:30 a.m.  Plaintiff must file a motion for final approval of the settlement, as well as any motions for fees awards and enhancement awards, on or before Monday, October 7, 2013.

**IT IS SO ORDERED.**

DATED: July 11, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT