1   **HIDEN, ROTT & OERTLE, LLP**
     A Limited Liability Partnership
2     Including Professional Corporations
    MICHAEL IAN ROTT, ESQ.   (C.S.B. 169468)
3   ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
    2635 Camino del Rio South, Suite 306
4   San Diego, California 92108
    Telephone: (619) 296-5884
5   Facsimile:  (619) 296-5171

6   *Attorneys for LILIA PERKINS.and the Class*

7

8                      **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LILIA PERKINS, on behalf of herself      CASE NO.: 12-cv-1414H BGS
     and all others similarly situated,
12                                            Judge:  Hon. Marilyn L. Huff
                Plaintiff,
13                                            **NOTICE OF MOTION AND MOTION**
                                             **FOR FINAL APPROVAL OF CLASS**
14          v.                               **SETTLEMENT; AND PLAINTIFF'S**
                                             **MEMORANDUM OF POINTS AND**
15                                            **AUTHORITIES IN SUPPORT**
     PHILIPS ORAL HEALTHCARE, INC.,
16   a Washington Corporation; PHILIPS       Hearing Date:   November 4, 2013
     ELECTRONICS NORTH AMERICA               Hearing Time:  10:30
17   CORPORATION, a Delaware                 Courtroom:       15A
     Corporation; and DOES 1 through 20,
18   inclusive.

19          Defendants.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

                              1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on November 4, 2013, at 10:30 a.m. a.m. before the Honorable Marilyn L. Huff in Courtroom 15A, 15th Floor of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Plaintiff Lilia Perkins will and hereby does move pursuant to the Federal Rules of Civil Procedure 23(e), for an order granting final approval of the proposed settlement of this putative class action.

Plaintiff's motion is based on this notice; the accompanying Memorandum of Points and Authorities, the motion for an order awarding attorney's fees, reimbursement of costs and service award to the class, the Declaration of Michael I. Rott and all attachments thereto (including the Settlement Agreement), and Proposed Order Granting Final Approval of Class Settlement, and all other papers filed and proceedings had in this action.

Dated: May 28, 2013                          **HIDEN, ROTT & OERTLE, LLP**

By:     s/ERIC M. OVERHOLT_____
Michael Ian Rott, Esq.
Eric M. Overholt, Esq.
*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff respectfully submits this memorandum of points and authorities in support of her Motion for Final Approval of the class action settlement this court preliminarily approved on July 11, 2013. Defendant Philips Oral Healthcare, Inc., and Philips Electronics North America Corporation (collectively "Philips" or "Defendant"), does not oppose this Motion.

**I. INTRODUCTION**

Plaintiff Lilia Perkins filed this class action to address the marketing of the Philips Sonicare AirFloss as a replacement for traditional floss. Plaintiff was concerned that other people in California were misled about the efficacy of the AirFloss and the way that Philips advertised the product.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

Plaintiff's counsel Philips have negotiated a settlement that addresses the primary concerns identified by Plaintiff, as well as additional issues identified since the filing of the case. If approved by the Court, the settlement will provide AirFloss owners in California with (1) notice of the marketing and efficacy issues and (2) a voucher for certain California residents who purchased an AirFloss in California between January 1, 2011 and June 24, 2013. Plaintiff and her counsel believe the settlement provides favorable relief to Class Members in a timely manner and therefore seek to begin the settlement approval process outlined in the Manual for Complex Litigation (Fourth) §§ 21.632-35 and applicable law. They respectfully request that the Court review the parties' Stipulated Class Settlement ("Settlement Agreement"), (Rott Decl., Exh. 1), and enter an order granting final approval of class action settlement.

Plaintiff respectfully submits this memorandum in support of their Motion for an Order and Final Judgment approving this Class Action Settlement under Federal Rules of Civil Procedure 23(c)(2) and (e). On July 11, 2013, the Court entered an order that appointed Class Counsel and Class Representative, conditionally certified a settlement class under Federal Rule of Civil Procedure 23(b)(3), preliminarily approved the parties' Settlement Agreement, approved and directed a plan for giving notice to class members, and appointed the Settlement Administrator. Dkt. No. 24 ). That preliminary approval order also set deadlines for objecting to the proposed Settlement and for requesting exclusion from the Settlement Class, as well as other interim deadlines leading up to the final approval hearing, set for November 4, 2012.

In compliance with the Court's order, Defendant Philips has caused, through the Claims Administrator, notice of this proposed Settlement to be sent directly to 4,044 Settlement Class members.  See Declaration of Jeffrey D. Dahl Regarding Status of the Notice Program and Settlement Activities As of October 7, 2013 ("Dahl Decl.") ¶ 10.  Notice was effectuated also by public notice, consistent with the Stipulated Settlement Agreement and this Court's July 11, 2013. *See generally Id at* ¶¶ 4 -21. The parties and their counsel now respectfully request final approval of the proposed Settlement that entirely resolves the claims brought by the named Class Representatives on behalf of themselves and the Settlement Class, against Philips. This Motion for Final Approval is supported by the Declaration Michael Ian Rott ("Attorney Declaration"), as

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

3

1   well as other evidence, filed herewith.

2       As the record before this Court establishes, the Class Counsel has devoted almost one and

3   a half years to the litigation and class wide resolution of this action. Only after engaging in

4   extensive and rigorous investigation of Philips' AirFloss technology, review of extensive

5   research, consultation with dentists and after consideration of the relevant law, was Class Counsel

6   in this case able to submit to this Court their proposed Settlement. Through this investigation and

7   research, along with arm's-length negotiations, under the auspices of the Hon. Bernard G. Skomal

8   Plaintiffs and their counsel obtained a proposed Settlement designed to ensure that Class

9   members who purchased AirFloss would be able to obtain vouchers of $33.00, $23.00, or $7.00.

10  In addition, as a result of this litigation, Philips has removed the language on their packaging and

11  their websites that would lead a consumer to believe that the AirFloss replaced traditional floss.

12      Furthermore, the proposed Settlement represents an outcome for the Settlement Class that

13  provides immediate benefits and removes the risk, delay, and significant expense of further

14  litigation. This is especially important in a case of this kind because many Class members

15  continue to use the product, possible to their detriment.  Thus, Plaintiffs were mindful that a quick

16  resolution of the litigation would be in the best interests of Class members. Finally, the parties

17  have zero (0) objections to the proposed Settlement from the Settlement Class members,

18  underscoring the obvious fairness and adequacy of the proposed Settlement recovery to

19  Settlement Class Members. These factors, combined with many others described below, support

20  this Court's final approval of the proposed Settlement.

21  **I. BACKGROUND OF LITIGATION AND PROPOSED SETTLEMENT**

22      **A.  PLAINTIFF'S COMPLAINT**

23      Plaintiff filed her initial complaint in June of 2011.  *See* Dkt #1 (Compl.); Dkt #5 (FAC).

24  Plaintiff alleged that the Sonicare AirFloss was advertised as a replacement for traditional floss,

25  when it is not a proper replacement for traditional floss.  Plaintiff alleged that the advertisement

26  as a replacement for floss induced her and members of the class to purchase the Sonicare

27  AirFloss.

28      On behalf of herself and the class of individuals in California who purchased a Sonicare

4

AirFloss, Plaintiff claimed that Philips violated California consumer protection laws by representing that the AirFloss was a replacement for traditional floss when in reality it is an adjunct to traditional flossing and brushing.  Plaintiff requested damages, restitution, penalties, disclosure about the true efficacy of the product and an injunction to prohibit Philips from continuing to sell the product as a replacement for floss.  Following preliminary discussions between the parties, Plaintiff filed her First Amended Complaint on June 11, 2012, which dismissed her claim under the Magnuson Moss Warranty Act, but otherwise asserted substantially the same claims as the original complaint.

**B.  INVESTIGATION, LITIGATION AND SETTLEMENT NEGOTIATIONS**

**1.  Plaintiff's Pre-suit Investigation & Pre-suit Demand Letters**

In the course of investigating the claims against Philips, Plaintiff's counsel reviewed numerous complaints on the internet about the efficacy of the product.  Rott Decl. ¶ 2.  Plaintiff's counsel also interviewed other consumers who had used the product and were dissatisfied with the results.  *Id*.  The complaints on the Internet and complaints of other individuals mirrored Plaintiff's complaints and frustrations.

To determine if the AirFloss really did not function as a replacement to floss, Plaintiff's counsel conducted their own research into the American Dental Association standards for floss. To better substantiate their own research regarding whether an oral irrigator is the same as traditional floss and to begin the long process of preparing a case, Plaintiff's counsel enlisted the help dentists who answered our questions and provided guidance. *Id at ¶ 3*.

Plaintiff sent, with the assistance of counsel, a pre-lawsuit letter pursuant to the California Consumer Legal Remedies Act outlining all of the complaints that she had regarding the AirFloss and the way that it was advertised on the packaging and on the Philips website.  In response to that letter, Philips hired counsel and denied Plaintiff's allegations.

**2.  Phillips' Motion to Dismiss**

On October 31, 2012, Philips filed a Motion to Dismiss the FAC.  *See* Dkt. 6.  Philips argued that the Court should dismiss Plaintiff's First Amended Complaint in its entirety.  After the issues were fully briefed, the Court issued an Order granting in part and denying in part

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

5

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-5884   FAX (619) 296-5171

1    Philips' Motion.  The Court dismissed the express warranty claim and one of the three CLRA

2    claims, but allowed the fraud-based claims, UCL claims, the express warranty claims and the

3    remaining CLRA claims to go forward.  The Court denied Philips' motion to dismiss any of the

4    other claims.

5        **3.   Non-Coupon benefits to the Class prior to the ENE**

6        Within months of Plaintiff filing her complaint, Philips' counsel reached out to Class

7    Counsel to inquire what kind of changes that Class Counsel would like to see on the packaging.

8    Shortly thereafter, Phillips changed on of the most offending claims on the packaging by

9    changing the prominently displayed "An easier way to floss" to "Don't Floss? Then AirFloss".

10   *See* Declaration of Michael Ian Rott In Support of Final Approval of Class Action Settlement and

11   In Support of Award of Attorney's Fees, Reimbursement of Costs and Service Award to the Class

12   Representative ("Rott Decl.") at ¶¶ 16 and Exhibits 3 & 4.  Further, post-settlement Philips

13   submitted additional changes to the packaging to Class Counsel and Class Counsel reviewed

14   additional changes to the packaging made by Philips.  Such additional changes include the

15   removal of language that Plaintiff contended was false and misleading, such claims on the

16   packaging that the AirFloss is "An easier way to Floss", and that one can "Floss your whole

17   mouth in 60 seconds".  *See Id.* at ¶¶ 17 and Exhibits 3 & 5.

18       **4.   Settlement Negotiations**

19       Plaintiff and her counsel appeared at an Early Neutral Evaluation ("ENE") conference

20   with the Honorable Judge Bernard G. Skomal on April 10, 2013.  Prior to the ENE conference,

21   Plaintiff's counsel and counsel for Philips had some initial discussions about Plaintiff's claims

22   and the possibility of settlement.  At the ENE, Judge Skomal assisted the parties in

23   communicating the perceived strengths and weaknesses with the parties' respective positions.

24   *See Id.* at ¶¶ 7- 9.  By the end of the ENE, the parties had a preliminary agreement on the amount

25   of and conditions for the vouchers for the Class Members.  Over the course of the next month

26   Plaintiff's counsel and Philips' counsel engaged in continued negotiations about notice

27   procedures and, ultimately, Plaintiff's attorneys' fees and costs.  See Id. at ¶ 9.

28       Based on these negotiations and our firm's own investigation, the settlement is in the best

6

1   interests of the putative class members.  Plaintiff's counsel specifically balanced the terms of the

2   proposed settlement, including both the settlement amount and the benefits conferred to class

3   members against the probability of liability, the risk of non- certification, the risks and expense of

4   trial as well as concerns about the likelihood of numerous appellate issues.   Counsel also

5   considered the timing of recovery, delays in receipt of funds due to trial and potential appeal and

6   similar issues.  *Id*. at ¶¶ 11, 25.

7   **C.  SUMMARY OF THE SETTLEMENT AGREEMENT**

8   **1.  Terms of the Settlement Agreement**

9   Settlement Class Members who timely file a valid claim by an approved claims deadline

10   and provide all required proof of purchase, such as a receipt or other documentation to

11   substantiate their AirFloss purchase, or return the product to Philips, as approved and validated by

12   the Claims Administrator, shall have the right to obtain relief, as detailed below:

13   **TIER 1 — CATEGORY A:**  Any Settlement Class Member who:

14   (a)   submits a timely, valid and written Claim; ***and***

15   (b)   provides proof that they purchased a new two-pack AirFloss; ***and***

16   (c)   provides an attestation that they never previously obtained any refund or

17   other compensation from Philips or a retailer in connection with the

18   AirFloss purchase for which they seek relief here,

19   shall receive a voucher for $33.00.

20   **TIER 1 — CATEGORY B:**  Any Settlement Class Member who:

21   (a)   submits a timely, valid and written Claim; ***and***

22   (b)   provides proof that they purchased a new single-pack AirFloss; ***and***

23   (c)   provides an attestation that they never previously obtained any refund or

24   other compensation from Philips or a retailer in connection with the

25   AirFloss purchase for which they seek relief here,

26   shall receive a voucher for $23.00.

27   **TIER 2:**  Any Settlement Class Member who:

28   (a)   submits a timely, valid and written Claim; ***and***

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

MOTION FOR FINAL APPROVAL OF CLASS ACTION    12-CV-1414H BGS

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

(b)     provides an attestation that they purchased a new AirFloss; **and**

(c)     provides an attestation that they never previously obtained any refund or other compensation from Philips or a retailer in connection with the AirFloss purchase for which they seek relief here,

shall receive a voucher for $7.00.

There shall be no limit on the number of vouchers to be distributed in the aggregate to the Settlement Class Members.  There shall be no limit on the value of the voucher payments under the Settlement Agreement.  Settlement Class Members may submit, subject to proof, one Claim Form and are limited to two vouchers per household for Tier 1 Settlement Class Members and one voucher per household for Tier 2 Settlement Class Members pursuant to the Settlement Agreement.

The terms of the Vouchers provided to Class Members is as follows:

A.     Vouchers shall be fully transferable; and

B.     Vouchers must be used within twelve months after issuance and after that date shall become valueless; and

C.     Vouchers may be used for the purchase of any new (i) Philips audio or video products (excluding televisions), (ii) Philips Norelco shaving and grooming products, (iii) Philips Sonicare oral care products, (iii) Philips accessories, and (iv) Avent-branded products (collectively the "Eligible Products").

The settlement vouchers provide substantial and meaningful benefits to the class members.  *First*, the settlement vouchers can be used at many of the nation's largest retailers and are not limited to purchases made directly from Philips.  *Second*, the amounts of the vouchers, particularly for Tier 1 Settlement Class Members, are sufficient to purchase a significant number of Philips products without requiring the Settlement Class Member to spend additional cash, *Third*, the vouchers are freely transferable.  Taken together, these features enhance the value of the Settlement for the Settlement Class Members and support a finding that the Settlement should be preliminarily approved.

///

**2.   Costs of Notice and Administration, Class Representative Enhancement and Attorney Fees**

Philips shall be responsible to pay all Claims Administrator Expenses and all Notice Expenses, including the CAFA notice.

Class Counsel agrees to make, and Philips agrees not to oppose, an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $114,500.00.  If and when ordered, Philips will pay such fees and expenses within ten business days of the Effective Date, as defined in the Stipulation of Class Action Settlement.  Philips will not be liable for any attorneys' fees or costs to any party that exceeds this all-in number of $114,500.

Philips agrees to pay the Class Representative the amount of such Incentive Award, if any, as may be approved by the Court, up to $750.00.  Philips agrees that it will not object to, or otherwise challenge, the Class Representative's applications for an Incentive Award, so long as the Class Representative does not seek an award in excess of $750.00.  If awarded by the Court, the Incentive Award will be paid to Class Counsel for the benefit of the Class Representative within ten business days of the Effective Date, as defined in the Stipulation of Class Action Settlement.  Philips shall pay any Incentive Award approved by the Court in addition to the Settlement benefits to Settlement Class Members and the Attorneys' Fees and Expenses otherwise provided for in this Agreement.  The Class Representative shall also be entitled to submit a Claim Form and participate in the Settlement as a Settlement Class Member.

**III.   THE PARTIES HAVE SATISFIED THEIR OBLIGATIONS TO DATE UNDER THE PRELIMINARY APPROVAL ORDER**

On July 11, 2013, upon application of the parties, this Court preliminarily approved the proposed Settlement and directed the parties to issue notice to the Class. *See* Dkt. # 24. The Order provides that "the proposed settlement is within the range of possible judicial approval… As such, the Court grants preliminary Approval of the settlement." Dkt. # 24 at p.9.  The Order also appointed the Class Counsel and appointed Plaintiff Lilia Perkins as Class Representatives. (Dkt. No. 24 at p. 11). The Order also approved the form and manner of notice of the proposed

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

1  settlement, finding that the content of the notice is adequate and the method of notice is

2  reasonable. *Id.* at p. 10.

3       Pursuant to the Settlement Agreement and the Court's Order on Preliminary Approval,

4  Notice was carried out in the following manner:

5            a.    mailing a postcard containing information related to the settlement and an

6  URL  for  a  specially-created  website  dedicated  to  the  settlement  located  at

7  http://www.philipsairflosssettlement.com (the "Settlement Website") to all purchasers of an

8  AirFloss for whom Philips has a mailing address in its customer database (a copy of that post card

9  can be found at Exhibit 6);

10           b.    sending an email message containing information related to the settlement

11 and a link to the Settlement Website to all purchases of an AirFloss for whom Philips has an

12 email address in its customer database (note that for those customers for whom Philips has both

13 an email and mailing address, only the email address will be used) (a copy of that email can be

14 found at Exhibit 7);

15           c.    a one-time publication of a 1/8 page advertisement in the Los Angeles

16 Times and a one-time publication of a 1/8 page advertisement in the San Francisco Chronicle;

17           d.    for  the  month  following  the  publication,  internet  advertising  targeting

18 potential Class Members through keyword services provided by Google and Yahoo and other

19 advertising on various social networking websites, including Facebook (which will include a

20 posting of a link to the settlement Website on the AirFloss Facebook page);

21           e.    the issuance of an agreed-upon press release with a link to the Settlement

22 Website through the PR Newswire service, which will distribute the press release to

23 approximately 5,815 newspapers, television stations, radio stations and magazines as well as

24 approximately 5,400 websites and online databases, including all major search engines (a copy of

25 the press release can be found at Exhibit 8);

26           f.    posting notice on the Philips website related to Sonicare and AirFloss

27 products together with a link to the Settlement Website;

28

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

MOTION FOR FINAL APPROVAL OF CLASS ACTION    12-CV-1414H BGS

g.      a toll-free telephone support system will be established that will provide Class Members with (1) general information about the settlement; (2) frequently asked questions; and (3) the ability to request a Notice and Claim Form;

h.      Class Counsel shall provide a direct link to the Settlement Website from their firm's website;

There were 4,044 email notices that were sent out.  Out of that, only 78 email address failed, for which postcards were then sent.   Notice was published in conformity with the settlement documents and the web notice was posted.  Statistics indicate that the settlement had 40,412,142 impressions from Facebook, Google &Yahoo/Bing. *See* Dahl Decl., ¶¶. 8-21.

Under the Court's Preliminary Approval Order, the last day that a class member can request exclusion from the settlement class or objet to the settlement is October 14, 2013.  As of October 7, 2013, 651 proof of claim forms have been filed, whereas there were only 3 class members who have opted out, which represent approximately 0.07% of the class members who were sent initial notices.  In addition, to date there have been no objections sent to class counsel or the administrator. *Id.* at ¶¶ 24-26.

## IV.      THE PROPOSED SETTLEMENT SHOULD BE APPROVED

### A. The Standards For Judicial Approval Of Class Action Settlements

The law favors voluntary settlement of disputes, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (C.A. Wash. 9th Cir. 1976); *Newberg on Class Actions* § 11.41 (Alba Conte & Herbert B. Newberg eds., 4th ed. 2002) (and cases cited). Indeed, settlement of complex cases contributes greatly to the efficient utilization of scarce judicial resources and achieves the speedy resolution of justice, for "[a] just result is often no more than an arbitrary point between competing notions of reasonableness." I*n re Corrugated Container Anti-Trust Litig. II*, 659 F.2d 1322, 1325 (5th Cir. 1981). Pursuant to Federal Rule of Civil Procedure 23(e), "[A] class action shall not be dismissed or compromised without the approval of the Court. . . ."

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

11

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

1   District courts are afforded broad discretion in determining whether to approve a proposed class

2   action settlement. Indeed, "evaluation of [a] proposed settlement in this type of litigation . . .

3   requires an amalgam of delicate balancing, gross approximations and rough justice," and the trial

4   court's ruling on the adequacy of a proposed compromise is given great deference. *City of Detroit*

5   *v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y. 1972), aff'd in part and rev'd in part on

6   other grounds, 495 F.2d 448 (2d Cir. 1974). Although the court possesses "broad discretion" in

7   determining that a proposed class action settlement is fair, the court's role "must be limited to the

8   extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

9   overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

10  whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625

11  (internal quotation marks and citation omitted). Accordingly, the court should give due regard to

12  what is otherwise a "private consensual agreement" between the parties. *See id.*; *Church v.*

13  *Consolidated Freightways, Inc.*, Nos. C–91–4168–DLJ, C–90–2290–DLJ, 1993 WL 149840, at

14  *2 (N.D. Cal. May 3, 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379,

15  1387 (D. Ariz. 1989), aff'd sub nom., *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir.

16  1992) ; *Manual_for_Complex_Litigation*, Fourth, § 21.61 at 309 ("The judicial role in reviewing

17  a proposed settlement is critical, but limited to approving the proposed settlement, disapproving

18  it, or imposing conditions on it. The judge cannot rewrite the agreement."). A court's approval of

19  a class action settlement will only be reversed for a clear abuse of discretion. *See Officers for*

20  *Justice*, 688 F.2d at 626 ("[W]e reverse only upon a strong showing that the district court's

21  decision was a clear abuse of discretion"); *City of Seattle*, 955 F.2d at 1276; *Linney v. Cellular*

22  *Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998).

23          On a motion for final approval of a class action settlement, a court's inquiry is whether the

24  settlement is "fair, adequate and reasonable." Fed R. Civ. Pro. 23(e)(1)(C);  *Officer for Justice*, 688

25  F.2d at 625.  A settlement is fair, adequate and reasonable, and therefore merits final approval, when

26  "the interests of the class are better served by the settlement than by further litigation." *Manual for*

27  *Complex Litigation*, Fourth, § 21.6 at 309.

28

In conducting this analysis, however, the district court should not require the proponents of a settlement to stage a mini-trial on the merits, the very event that settlement aims to preclude. *See In re Armored Car Anti-Trust Litig.*, 472 F. Supp. 1357, 1367 (N.D. Ga. 1979), *aff'd in part and rev'd in part on other grounds*, 645 F.2d 488 (5th Cir. 1981). Moreover, the court should not seek to substitute its judgment of what is fair for that reached by the parties in their arm's-length negotiations. *See* 7B Charles Alan Wright, *et. al.*, *Federal Practice & Procedure* § 1797.5 (3d ed. 2012); *see also Manual for Complex Litigation*, Fourth, § 21.61 at 309. Where adversarial negotiation by capable counsel is evident, it is presumed that the resulting class settlement is fair. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005), *cert. denied sub nom.*, *Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044, 125 S. Ct. 2277 (2005) (a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery'") (quoting *Manual for Complex Litigation*, Third § 30.42 (1995)); *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695 (D. Colo. 2006); *Newberg on Class Actions* § 11.41 (Alba Conte & Herbert B. Newberg eds., 4th ed. 2002).

Finally, in evaluating a settlement, the court is not to reach the merits of the case or to form conclusions about the underlying questions of law or fact. *Officers for Justice*, 688 F.2d at 625. The Ninth Circuit has established the following factors to consider in determining whether a settlement is fair, reasonable and adequate: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement [presumably in comparison to comparable cases]; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *Churchhill Village, L.L.C v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Officers for Justice*, 688 F.2d 625 (numbers added); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1040-41 (N.D. Cal. 2008). Judge Walker in this District, relying upon the *Manual for Complex Litigation*, Fourth § 21.6, has also proposed as a

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

13

ninth factor "the procedure by which the settlement was arrived at." *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *3 (N.D. Cal. Nov. 26, 2007).

Under these standards, the proposed Settlement is fair, reasonable and adequate.

**1. The Strength of Plaintiffs' Case**

"An important consideration in judging the reasonableness of a settlement is the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." 5 *Moore's Federal Practice* § 23.85[2][b] (Matthew Bender 3d. ed.). However, in balancing these factors, "a proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class." *Id.* As noted by the Ninth Circuit:

> [T]he settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor [the Court of Appeals] is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wastefulness and expensive litigation that induce consensual settlements.

*Officers for Justice*, 688 F.2d at 625.

Although Plaintiffs believe strongly in the underlying merits of their case, consumer product class action cases are difficult to prove on a classwide basis. Specifically, Plaintiffs argue that there is a common misrepresentation to all class members. Philips, however, would counter that this problem is a person by person issue of whether the class members saw the misrepresentation and whether it was a factor in purchasing the product, and therefore not suitable for class wide determination. While Plaintiffs would intend to show that a common material misrepresentation on the packaging is adequate to prove a violation of California law, they would face an uphill battle in so doing. There are clear uncertainties surrounding Plaintiffs' ability to prove their claims given the unpredictability of a lengthy and complex jury trial. Given the nature of the claims, this factor weighs in favor of proposed Settlement.

**2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation**

Another relevant factor in the present matter is the risk of continued litigation balanced against the certainty and immediacy of recovery from the proposed Settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). "In most situations, unless the

settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Newberg on Class Actions* § 11.50 (Alba Conte & Herbert B. Newberg eds. 4th ed. 2002). As observed in *Oppenlander v. Standard Oil Co. (Ind.)*, 64 F.R.D. 597 (D. Colo. 1974)

> The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, "It has been held proper to take the bird in hand instead of a prospective flock in the bush."

64 F.R.D. at 624.

Hence, the Court must balance the risks of continued litigation against a certain and immediate recovery for the Plaintiff Class. There are significant risks in continued litigation as outlined above. There is no guarantee of class certification relating to a myriad of separate experiences with the reasons for purchase of the AirFloss. And, if a class was certified there is no guarantee that Plaintiffs would prevail at trial or what damages they would expect to receive from a jury.

Although Class Counsel believes that the case is meritorious, their collective class action experience has taught them how the outcome of a trial is extremely uncertain. Clearly, any complex litigation is difficult. Even if Plaintiffs were to prevail at trial, risks to the Class remain. For example, in *In re Apple Computer Sec. Litig.*, No. C-84-20148(A)-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991), a case litigated and tried in this District, the jury rendered a verdict for plaintiffs after an extended trial, but later, the trial court overturned the verdict, entering judgment n.o.v. for the individual defendants, and ordered a new trial with respect to the corporate defendant. In another case in the Middle District of Florida, the jury returned a verdict of approximately $81 million in favor of the class. The verdict was reversed on appeal, leaving the class with nothing. *Robbins v. Koger Props, Inc.*, 116 F.3d 1441 (11th Cir. 1997); *see also Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (the class won a large jury verdict and a motion for j.n.o.v. was denied, but on appeal the judgment was reversed and the case dismissed); *State of W. Va. v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (D.C.N.Y. 1970) ("[i]t is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced"), *aff'd*, 440 F.2d 1079 (2d Cir. 1971); *Berkey Photo, Inc. v.*

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

15

1  *Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversing $87 million judgment after trial).

2      Against all of these uncertainties, an immediate and certain cure and compensation program,

3  as set up here, is a better option than continuing litigation. *See also Chiaramonte v. Pitney Bowes,*

4  *Inc.*, No. 06 CV 1507 JM (NLS), 2008 WL 510765, at *2 (S.D. Cal. Feb. 25, 2008).

5  **3. The Risk of Maintaining Class Action Status**

6      Although Class Counsel is confident in its abilities to prosecute and manage this case,

7  there is significant risk that the case would not survive a contested class certification proceeding.

8  For example, while Plaintiff contends that common issues of uniform misrepresentations

9  predominate, Philips argues that any alleged statements are puffery, or that no reasonable person

10  believed that the product actually replaced dental floss. Further, Philips would argue that

11  Plaintiffs could not prove that each Class member purchased the AirFloss because of the

12  misrepresentations. They may have purchased it because it assists with some plaque removal, but

13  not because it replaces floss, or they may have purchased at the instructions of a dentist, therefore,

14  Philips would argue that individual issues predominate and class certification should fail. While

15  Plaintiffs contend that they would ultimately prevail on class certification, Plaintiffs did face

16  significant risks in obtaining and maintain class certification through trial. See Rott Decl. ¶¶ 11 -

17  25.

18  **4. The Amount Offered in Proposed Settlement**

19      Plaintiffs believe that the recovery obtained consisting of vouchers for consumers and

20  combined with the fact that after the CLRA letter was sent and the complaint was filed Philips

21  discontinued the complained of misleading statements on their packaging and on the internet,

22  constitutes a substantial recovery for the class. As a direct result of this litigation, over 4,044

23  Class members have received direct notice and there have been 651 proof of claim forms have

24  been filed.

25      While it is not designed to provide the fullest possible recovery, the Ninth Circuit has

26  noted, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning

27  of highest hopes.'" *Linney*,151 F.3d at 1242 (citation and internal quotation marks omitted). As

28  such, there is no suggestion that for a settlement to be approved, the settlement amount has to

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

16

1  consist of a full and complete recovery of all claims.

2      Class Members received two types of relief.  The proposed Settlement provides simple direct

3  relief in the form of a $ vouchers of $33.00, $23.00, or $7.00. The second type of relief happened

4  prior to the ENE, in which Philips changed the offending language so that the packaging no longer

5  refers to the AirFloss as an easier way to floss. *See* Rott Decl. ¶¶ 16-17 and Exhibits 3-5.  The

6  injunction portion of the request for relief was moot after Philips changed their packaging, therefore,

7  the proposed Settlement provides customers with a direct remedy for the allegations of the

8  complaint.

**5. The Extent of Discovery Completed, and the Stage of the Proceedings**

10      In determining the adequacy of the parties' knowledge of the case, it may be relevant to

11  consider the extent of discovery. A settlement following sufficient discovery and genuine arms-

12  length negotiation is presumed fair. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100

13  F.3d 1041, 1043 (1st Cir. 1996). Here, Plaintiffs reviewed a significant amount of advertising and

14  disclosures from Philips' website relating to the claims asserted, including research and testing

15  data from their clinical studies.  This was then compared with Class Counsel's own research into

16  the efficacy or oral irrigators and interviews with dentists regarding the AirFloss and similar

17  products.  Further, the Class Counsel obtained responses directly additional Class members

18  regarding their individual experiences with the purchase and advertising of the AirFloss.  Thus,

19  Plaintiffs' litigation and mediation of this case was informed by a thorough review of these public

20  documents and based on Class member interviews and expert analyses. Further, by the time the

21  proposed Settlement was reached, the litigation had proceeded to a point in which both Plaintiffs

22  and Defendant "ha[d] a clear view of the strengths and weaknesses of their cases." *In re Warner*

23  *Commc'ns Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985) *aff'd*, 798 F.2d 35 (2d Cir. 1986).

24  Nonetheless, Plaintiffs made their agreement to settle subject to further discovery. (Plaintiffs

25  report that the discovery obtained further confirmed that the proposed Settlement was fair,

26  reasonable and adequate. ).

**6. The Experience and Views of Counsel**

28      The Settlement Agreement was presented to the Court after extensive negotiations among the

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

17

settling parties. In reviewing the opinions of counsel, "great weight" is accorded to the recommendation of the attorneys. *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997). They are the ones who are most closely acquainted with the facts of the underlying litigation. *Id.* "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." In re Pacific. Enters. Sec. Litig. 47 F.3d 373, 378 (9th Cir, 1995).  Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *Hanrahan v. Britt*, 174 F.R.D. 356, 366-68 (E.D. Pa. 1997) (presumption of correctness applies to a class action settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery) (citing *Manual for Complex Litigation*, Second, § 30.41 (1985), *and Ratner v. Bennett*, No. 92-4701, 1996 WL 243645, at *5 (E.D. Pa. May 8, 1996)).

Here, Plaintiffs' Class Counsel was in the thick of the litigation and understood the complex weighing of risks and delay inherent in any settlement. It was Class Counsel's conclusion that providing an opportunity for the Class members to obtain a valuable voucher of $7, $23, or $33[1], could likely be the best result that might be obtained even after several years of litigation. Thus, based on their years of class action experience, Class Counsel, after consultation with their client, agreed to the proposed Settlement and strongly recommends its approval by this Court. *See* Rott Decl. ¶¶ 10-11, 25-26, 28.

**7. The Presence of a Governmental Participant**

This litigation did not have a governmental participant. Yet, Plaintiffs obtained an excellent result without any 'assistance' by any governmental agency.

**8. The Reaction of the Class Members to the Proposed Settlement**

"The reactions of the members of a class to a proposed settlement is a proper consideration for the trial court." 5 *Moore's Fed. Practice* § 23.85[2][d]. Class Representative's opinion of the proposed Settlement are especially important as "[t]he representatives' views may

---

[1] The $7 value is for class members who cannot prove that they even purchased an AirFloss product and would likely receive nothing if this case went to trial.  In addition, it should be noted that the $23 and $33 represent roughly 25% of the original price paid for the AirFloss.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

MOTION FOR FINAL APPROVAL OF CLASS ACTION   12-CV-1414H BGS

be important in shaping the agreement and will usually be presented at the fairness hearing; they may be entitled to special weight because the representatives may have a better understanding of the case than most members of the class." *Manual for Complex Litigation*, Third, § 30.44 (1995).

a. Class Representative Reaction

The Class Representative is strongly in support of the proposed Settlement. She and her attorneys have an extensive understanding of the merits of this settlement having participated extensively in the strategy, formulation, filing, litigation and negotiation process.   The Class Representative attended the settlement conference with the Hon. Bernard G. Skomal. The Class Representative considered came to the conclusion that the settlement was in the best interest of the class.

b. Objecting Class Members

The Court should carefully weigh the number and nature of objections while keeping in mind that a proposed Settlement can be fair even if a large number of class members oppose it. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 174 (5th Cir. 1983). The Ninth Circuit has approved settlements over objections if the settlement otherwise meets the fairness requirements. *See, e.g.*, *Churchill Village*, 361 F.3d at 577 (500 opt-outs and 45 objections out of approximately 90,000 notified class members); *In re Mego Fin. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) (one objection out of a potential class of 5400); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (one percent of the class disapproved).

To date, there have been zero (0) objectors.  The deadline for objections of October 14, 2013 has not yet arrived.  A full response to any valid objection will be dealt with in a separate brief, filed on or before October 24, 2013.

**9. The Procedure By Which the Proposed Settlement was Arrived Supports the Proposed Settlement**

As noted by the Ninth Circuit, the eight listed factors is "by no means an exhaustive list of relevant considerations." *Officers for Justice*, 688 F.2d at 625. As such, in conformance with the *Manual for Complex Litigation*, Fourth, §21.6, Courts have indicated that the procedure by which the settlement was arrived is an important fact in determining whether a settlement should be

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

19

1  approved. The parties engaged in a half day Early Neutral Evaluation with the Hon. Bernard G.

2  Skomal.   In attendance were not only Class Counsel and Philips' Counsel, but also the Class

3  Representative and in-house counsel for Philips. The discussions were highly contentious. During

4  the ENE, the parties were able to come to an agreement in principle.  Over the course of the next

5  couple of weeks, the parties were able to finalize the terms and conditions of the settlement.  The

6  payment of Attorney's fees was not discussed until the terms of the class settlement had been

7  finalized.  *See* Rott Decl. ¶¶ 7 – 11.

8        For all of the above reasons, Final Approval of the proposed Settlement should be granted.

9  **B. THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS**

10        To complete the formal settlement approval process, the Court must satisfy itself that the

11  requirements of Federal Rule of Civil Procedure 23 are met. Every requirement of Rule 23 is

12  satisfied with respect to this proposed Settlement class. This Court, in its preliminary-approval

13  order, found that, for the class alleged in the Action meets all the prerequisites of Federal Rules of

14  Civil Procedure Rule 23 for class certification, including numerosity, commonality, typicality,

15  ascertainability, predominance of common issues, superiority, and that the Class Representatives

16  and Class Counsel are adequate representatives of the Settlement Class.  *See generally* Dkt #24,

17  pp. 4- 11.

18        Plaintiffs recount their previous showing and demonstrate that this Court should issue a

19  final order approving certification of the Settlement Class.

20  **1. The Numerosity Requirement Is Met**

21        Rule 23(a)(1) allows a class action to be maintained if "joinder of all members is imractible"

22  owing, in primary part, to the large number of people in the proposed class,  Fed. R. Civ. P. 23(a)(1);

23  *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Generally, the numerosity

24  requirement is satisfied when the class comprises 40 or more members. *Celano v. Marriott Int'l, Inc.*,

25  242 F.R.D. 544, 549 (N.D. Cal. 2007). In this case, notice went out to 4,044 Class Members who all

26  were registered purchasers of the product in California.  *See* Dahl Decl at. ¶ 10.  Size renders joinder

27  impracticable here and, Plaintiffs believe, satisfies the numerosity requirement. *See Hanlon*, 150

28  F.3d at 1019.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884   FAX (619) 296-5171

20

**2. The Commonality Requirement is Met**

Rule 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class." "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. Here, all Settlement Class members purchased an AirFloss.

Plaintiff alleges the same legal theories for all proposed Class Members:

    a.  Whether Defendants labeled its product as "AirFloss";

    b.  Whether Defendants advertised their product as being "An Easier Way to Floss";

    c.  Whether Defendants admit that their product does not actually replace flossing;

    d.  Whether Defendants' labeling is and was likely to deceive Class members or the general public;

    e.  Whether Defendants' representations are unfair or unlawful; and

    f.  Whether Philips violated state consumer protection laws; and

    g.  Whether Plaintiffs and the Class members are entitled to relief, and the nature of such relief.

Accordingly, commonality requirement is satisfied.

**3. The Typicality Requirement is Met**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be] … typical of the claims or defenses of the class." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs and whether other class members have been injured by the same conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citations omitted). "[U]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, the Class Representative purchased an AirFloss that contained misleading, false and/or deceptive advertising that appears on the packaging of the product and shares an interest in redressing those claims with all Class members.  Plaintiff and the class members have the same injury, which is the purchase of the AirFloss based on misrepresentations and false advertising. Thus, Plaintiff believes that her claims are typical of those of the Settlement Class, and Fed. R. Civ. P. 23(a)(3) is met.

*///*

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

21

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

**4. The Named Plaintiffs and Class Counsel Are Adequate Class Representatives**

Finally, Rule 23(a)(4) and Rule 23(g) together require that the named plaintiff and proposed class counsel be able to "fairly and adequately protect the interests of the class." "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Here, neither Plaintiff nor her counsel have any interests antagonistic to the Settlement Class. Furthermore, Plaintiff and Class Counsel have vigorously prosecuted this action on behalf of the Settlement Class, including filing and service of the lawsuits, filing an amended complaint, fighting a motion to dismiss, initiating settlement negotiations with defense counsel, attending an ENE, requesting confidential documents from Philips regarding the change of the packaging, and moving the action forward to resolution.  The attorneys who represent the Class Representative are well qualified to serve as Class Counsel and indeed have handled similar consumer class actions to successful resolution in the past. The qualifications and experience of counsel are set forth in the attached Rott Decl. in paragraph 26.

**5. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 526 F.3d 1190, 1197 n.5 (9th Cir. 2008). Because a settlement is being proposed, the Court need not consider manageability. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial").

The predominance inquiry looks to whether a proposed class is sufficiently cohesive to

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL. (619) 296-5884  FAX (619) 296-5171

1  warrant adjudication by representation. *Id*. at 623. Common issues predominate where a common

2  nucleus of facts and potential legal remedies dominate the litigation. *See Chamberlan v. Ford*

3  *Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005). Here, Plaintiffs' claims arise out of the same set of

4  operative facts and are premised on the same legal theories. For settlement purposes, where the

5  manageability of trying the case need not be considered, the predominance requirement is

6  satisfied.

7        In addition, a class action is superior to any other method available to fairly, adequately,

8  and efficiently resolve the Settlement Class members' claims. Without a class action, most would

9  find litigation costs prohibitive, and if they did sue in large numbers, multiple individual actions

10 would be ineffective use of the Court's and parties' resources.  Accordingly, Plaintiffs believe a

11 class action is the superior method of adjudicating this controversy.

12 **IV. CONCLUSION**

13       After preliminary approval of this Settlement Class, Philips caused the Court-approved

14 notice — which constituted the best notice practicable under the circumstances, producing a very

15 zero objectors and only 3 exclusions from this proposed Settlement – to be provide to the

16 Settlement Class. The proposed Settlement has and will continue to provide a tangible benefit to

17 Class Members. It was recommended by Class Counsel as being in the best interest of the

18 Settlement Class and the proposed Settlement was fair, reasonable and adequate. As such,

19 Plaintiffs respectfully request the Court grant final approval of the proposed Settlement.

20 Furthermore, the Settlement Class meets the Rule 23 requirements for class certification.

21 Consequently, the parties respectfully move this Court grant final certification of the Settlement

22 Class and issue an Order finally approving this proposed settlement.

23 Respectfully Submitted,

24 Dated: October 7, 2013                              **HIDEN, ROTT & OERTLE, LLP**

25

26                                         By:    s/ERIC M. OVERHOLT_____
                                                  Michael Ian Rott, Esq.
27                                                Eric M. Overholt, Esq.
                                                  *Attorneys for Plaintiff and the Class*
28

MOTION FOR FINAL APPROVAL OF CLASS ACTION    12-CV-1414H BGS