# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PERKINS, on behalf of herself and all others similarly situated,<br><br>                           Plaintiff,<br>vs.<br><br>PHILIPS ORAL HEALTH CARE, INC., a Washington Corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>                           Defendants. | CASE NO. 12-CV-1414-H (BGS)<br><br>**ORDER STRIKING TRUTH IN ADVERTISING, INC.'S MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN OPPOSITION TO PROPOSED SETTLEMENT**<br><br>[Doc. No. 32] |

On October 7, 2013, Plaintiff Lilia Perkins ("Plaintiff"), on behalf of herself and the provisional certified class (together "Plaintiffs"), filed a motion for final approval of class settlement and a motion for approval of attorneys' fees, costs, and service award. (Doc. Nos. 27, 28.) Defendants Philips Oral Health Care, Inc. and Philips Electronics North America Corporation ("Defendants" or "Philips") did not oppose the motions.

On October 15, 2013, Truth in Advertising, Inc. ("TINA") requested leave of the Court to file a brief as amicus curiae in opposition to the proposed settlement. (Doc. No. 32.) On October 17, 2013, the Court issued an order granting the leave to the

- 1 -

1  parties to file briefs opposing TINA's filing on or before the final settlement hearing.
2  (Doc. No. 33.) On October 31, 2013, Defendants filed an opposition to TINA's motion.
3  (Doc. No. 35.) On November 1, 2013, Plaintiffs filed an opposition to TINA's motion.
4  On November 2, 2013, TINA filed a reply in response to the parties' motions.

5  TINA objects to the proposed settlement on the grounds that the vouchers do not provide meaningful benefit to the proposed class members and that the class is not protected from future deceptive advertising because Philips is not enjoined from making the marketing claims at issue. (Doc. No. 32-1 at 3-7.) The parties have responded by asserting that TINA, unlike a prospective class member, lacks standing to object to the proposed settlement. (Doc. No. 35 at 3-6.) Additionally, the parties dispute TINA's characterization of the settlement, and argue that the proposed settlement confers meaningful benefits for all class members. (Doc. No. 35 at 7-9; Doc. No. 40 at 2-4.) The parties also note that as of October 20, 2013, no class members have filed objections to the proposed settlement, but class members have submitted 724 proof of claim forms to the settlement administrator.

"The privilege of being heard amicus rests solely within the discretion of the court." Merritt v. McKenney, C 13-01391 JSW, 2013 WL 4552672 (N.D. Cal. Aug. 27, 2013) (quoting In re Roxford Foods Litig., 790 F.Supp. 987, 997 (E.D.Cal.1991)). TINA urges the Court to deny approval of the proposed settlement because class members will receive coupons. (Doc. No. 32-1 at 8.) The Court acknowledges its duty under CAFA to scrutinize class action settlements that provide class members with coupons. See 28 U.S.C. 1712(e) ("In a proposed settlement under which class members would be awarded coupons, the court may approve the proposed settlement only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members."

26  / / /
27  / / /
28  / / /

In this case, the Court has adequately scrutinized the proposed settlement and conducted the fairness hearing required by CAFA. The Court has determined that the coupons Defendants will provide to class members provide sufficient benefit to class members such that final approval of the settlement is warranted. Accordingly, the Court exercises its discretion and denies without prejudice TINA's request for leave to file its amicus brief.

**IT IS SO ORDERED.**

DATED: November 4, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT