1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PERKINS, on behalf of herself and all others similarly situated, | Case No. 12-CV-1414-H (BGS) |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| PHILIPS ORAL HEALTHCARE, INC., a Washington corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

THE COURT ORDERS THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation of Class Action Settlement, dated May 20, 2013 ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members.

3. In the Order Granting Final Approval of Class Settlement and Approving Plaintiffs' Request for Attorneys' Fees, entered on November 6, 2013 ("Final Approval Order," Doc. No. 45), the Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> [A]ll California residents who purchased a new AirFloss in California between January 1, 2011 and June 24, 2013. Excluded from the Settlement Class are: (1) any Person that has already obtained any refund from Philips or any retailer in connection with the AirFloss for which the Class Members seek relief in this case, (2) any Person who files a valid, timely Request for Exclusion; (3) any Person who purchased an AirFloss, but gave it away as a gift; and (4) any Judges to whom this Action is assigned and any member of their immediate families.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the Class definition above are Settlement Class Members.

5. No Settlement Class Members objected to the Settlement.

6. Three Persons submitted timely and valid Requests for Exclusion from the Settlement (attached as Exhibit 1). Those Persons are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against the Released

1 | Parties. However, such Persons are not entitled to any rights or benefits provided to
2 | Settlement Class Members by the terms of the Settlement Agreement.
3 |         7.      As set forth in the Final Approval Order, the Claims Administrator
4 | caused the Court-approved Class Notice to be disseminated to potential Settlement
5 | Class Members, including by sending various mailings to potential Settlement
6 | Class Members, causing publication notice to be published in various newspapers
7 | and websites, and causing to be published on the Settlement Website,
8 | www.PhilipsAirFlossSettlement.com, copies of the class notices and Claim Forms;
9 | instructions on how to submit Claims; FAQs and answers; the Settlement
10 | Agreement and all Exhibits thereto, all Orders of the Court and other court
11 | documents pertaining to the Settlement; a toll-free telephone number and addresses
12 | to contact the Claims Administrator by e-mail and mail; and other information
13 | relating to the Settlement that may be of assistance to the Settlement Class.
14 |         8.      For the reasons set forth in the Final Approval Order, the Settlement
15 | of this Action on the terms set forth in the Settlement Agreement, along with the
16 | Exhibits thereto, proposed by the Parties has been approved by this Court.
17 |         9.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement
18 | Class Members who have not timely and validly filed Requests for Exclusion are
19 | thus Settlement Class Members who are bound by this Final Judgment, by the
20 | Final Approval Order and by the terms of the Settlement Agreement.
21 |         10.     All Settlement Class Members who submit valid Claims by the
22 | Claims Deadline shall receive a voucher for either $33, $23, or $7, depending on
23 | the type of their purchase and proof of purchase they submit with their Claims, as
24 | set forth in the Settlement Agreement and the Final Approval Order.
25 |         11.     The Plaintiffs, each Settlement Class Member, and any Person
26 | claiming by or through a Plaintiff or Settlement Class Member (including the Class
27 | Representative), and any Person claiming by or through him/her/it as his/her/its
28 | spouse, child, ward, next friend, heir, devisee, legatee, invitee, employee,

1  customer, associate, co-owner, attorney, agent, administrator, predecessor,
2  successor, assignee, representative of any kind, shareholder, partner, director, or
3  affiliate ("Releasing Parties") are hereby deemed to have released and forever
4  discharged Philips and any retail seller and/or distributor of AirFloss, including all
5  of their current and former predecessors, successors, assigns, parents, subsidiaries,
6  divisions, departments, and affiliates, and any and all of their past, present and
7  future officers, directors, employees, stockholders, partners, agents, servants,
8  successors, attorneys, insurers, representatives, licensees, licensors, customers,
9  subrogees and assigns ("Released Parties") from any and all individual, class,
10 representative, group or collective claim, liability, right, demand, suit, matter,
11 obligation, damage, loss, action or cause of action, of every kind and description
12 that a Releasing Party has or may have, including assigned claims, whether known
13 or unknown, asserted or unasserted, that is, has been, or could reasonably have
14 been asserted by the Releasing Party either in the Court or any other court or
15 forum, regardless of legal theory or relief claimed, and regardless of the type of
16 relief or amount of damages claimed, against any of the Released Parties arising
17 from, or in any way relating to, any of the allegations regarding the advertising,
18 marketing, redemption or sale of AirFloss, purchased a new AirFloss in California
19 between January 1, 2011 and June 24, 2013, alleged in the Action or related in any
20 way to claims or allegations in this Action, or that could have been alleged based
21 on the allegations raised in this Action ("Released Claims").  The Releasing Parties
22 shall be deemed to have fully, finally, and forever expressly waived and
23 relinquished with respect to the Released Claims, any and all provisions, rights,
24 and benefits of Section 1542 of the California Civil Code and any and all similar
25 provisions, rights, and benefits conferred by any law of any state or territory of the
26 United States or principle of common law that is similar, comparable, or equivalent
27 to Section 1542 of the California Civil Code.
28

1    12.    The Releasing Parties are hereby forever barred and enjoined from
2  asserting, instituting or prosecuting, directly or indirectly, any Released Claim in
3  any court or other forum against any of the Released Parties.
4    13.    Each of the Defendants, Released Parties, and any Person claiming
5  through them hereby shall be deemed to have fully, finally, and forever released,
6  relinquished and discharged each and all of Plaintiffs, and their respective present
7  and former parents, subsidiaries, divisions, and affiliates, the present and former
8  partners, employees, officers and directors of each of them, the present and former
9  attorneys, accountants, experts, consultants, insurers, and agents of each of them,
10 each of the foregoing solely in their capacity as such, and the predecessors,
11 successors, heirs, and assigns of each, from all claims of every nature and
12 description, known and unknown, relating to the initiation, assertion, prosecution,
13 non-prosecution, settlement, and/or resolution of the Actions or the Released
14 Claims.
15   14.    The Settlement Agreement, this Final Judgment and the Final
16 Approval Order, or the fact of the Settlement shall not in any event be construed
17 as, offered in evidence as, received in evidence as, and/or deemed to be, evidence
18 of a presumption, concession or an admission by any Plaintiff, Defendant,
19 Settlement Class Member, or Released Party of the truth of any fact alleged or the
20 validity of any claim or defense that has been, could have been, or in the future
21 might be asserted in any litigation or the deficiency of any claim or defense that
22 has been, could have been, or in the future might be asserted in any litigation, or of
23 any liability, fault, defense, wrongdoing, any claim of injury or damages, or
24 otherwise of such Party.
25   15.    The Settlement Agreement, this Final Judgment and the Final
26 Approval Order, or the fact of the Settlement shall not in any event be construed
27 as, offered in evidence as, received in evidence as, and/or deemed to be, evidence
28 of a presumption, concession or an admission of any liability, fault or wrongdoing,

or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment and the Final Approval Order.

16. For the reasons set forth in Final Approval Order, Class Counsel is awarded $43,266.84 as reasonable attorneys' fees and $485.50 to cover reasonable expenses incurred to conduct this litigation.  The Class Representative is awarded $750 for her service on behalf of the Settlement Class.  All such payments are to be made in accordance with the Final Approval Order and the provisions of the Settlement Agreement.

17. The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

18. For the reasons set forth in Final Approval Order, and without affecting the finality of this Final Judgment, the Court reserves jurisdiction to determine a contingency fee amount once Class Members have submitted claims.

19. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

20. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of any other portion of this Final Judgment.

21. The Court directs the Clerk to enter this final judgment.

IT IS SO ORDERED.
DATED: January 2, 2014

_____
Hon. Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT